UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:24cv21185

AT LAW AND IN ADMIRALTY

CLAY CROCKETT,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, CLAY CROCKETT, hereby sues the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF**. The Plaintiff, CLAY CROCKETT (hereinafter referred to as "Plaintiff" or "CROCKETT"), is *sui juris* and is a citizen of the United States of America and resident of Jackson, Tennessee.

3. **THE DEFENDANT.** The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (Hereinafter referred to as "Defendant or "CARNIVAL") is a foreign corporation incorporated in Bermuda and is doing business in Miami Dade County, Florida. The

Defendant is a citizen of Florida for purposes of diversity of citizenship under 28 U.S.C. § 1332. At all times material hereto, the Defendant owned and/or operated the ship on which the subject incident occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332 as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Broward County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

> (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or
>
> (b) Had an office or agency in this state and/or county; and/or
>
> (c) Engaged in substantial activity within this state; and/or
>
> (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. **SPECIFIC PERSONAL JURISDICTION:** Alternatively, the Defendant is subject to specific personal jurisdiction in the Southern District of Florida. There is an adequate link between this forum and these claims. This suit relates to and/or arises out of activities in this

forum or is related to the Defendant's contacts with this forum. See, e.g., *Ford Motor Co. v. Mt. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1038 (2021) and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

7. The Defendant's ships, which includes the *Carnival Vista,* regularly and continuously enter United States waters including in Florida. The Defendant's negligence in this case occurred on a cruise with the port of embarkation in Galveston, Texas.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

9. **DATE OF INCIDENT.** This incident occurred on July 14, 2023.

10. **LOCATION OF INCIDENT.** The incident occurred on Deck 11 of the *Carnival Vista,* while the ship was in navigable waters. Accordingly, the Plaintiff's claims are governed by the general maritime law.

11. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

12. ***CARNIVAL VISTA* AND THE DANGEROUS CONDITION**. CARNIVAL owns and operates 24 cruise ships including the *Carnival Vista*. The *Carnival Vista* is part of the Vista-class which includes *Carnival Horizon* and *Carnival Panorama, Carnival Venezia* as well as the *Costa Firenze*. Each and every one of CARNIVAL's ships features open decks. CARNIVAL offers exterior staircases to allow passengers to move freely between the open decks. The Lido Deck (Deck 10) features pools and spas. Deck 12 features CARNIVAL's waterworks. Additionally, CARNIVAL offers passengers lounge chairs throughout the Lido Deck (Deck 10) and Deck 11.

CARNIVAL anticipates and expects that passengers will use lounge chairs available to them. CARNIVAL is responsible for placing the lounge chairs throughout the open decks including underneath the staircase that connects Deck 11 and Deck 12. CARNIVAL intentionally offers these lounge chairs, including on Deck 11, to allow passengers to stay relax while they are outside.

13. The exterior staircases feature steps made of teak wood with a metal nosing on the front edge of each step. The exterior staircases are exposed to the hot outside temperatures and humidity. As such, CARNIVAL crewmembers regularly tend to exterior staircases. CARNIVAL crewmembers must often inspect the staircases to ensure the staircase is safe for use by the passengers and crew members. Over time and exposure to the elements, the staircases and steps, which are made of teak wood with a metal nosing on the front edge of each step, will rust and wear down. Further, the vibrations of the ship also cause the screws and/or bolts to loosen. The sources of vibration are due to the movement of the ship from being underway, the movement in the seas including roll, pitch and yaw and the ship's massive diesel engines which run constantly. Because of these issues, CARNIVAL knows that it is critical to inspect the steps on the exterior staircases. In fact, on a daily basis, CARNIVAL crewmembers are in the subject area going up and down the exterior staircases. CARNIVAL's crewmembers could have easily discovered the unsecured step on the exterior staircase.

14. **DESCRIPTION OF THE INCIDENT**. On July 14, 2023, on the seventh day of the cruise, CARNIVAL set up the lounge chairs on Deck 11 for passengers to use. Some of the lounge chairs that CARNIVAL placed on the deck were directly underneath the open deck staircases. At approximately 11:30am, CROCKETT went up to Deck 11 to read on the open deck. CROCKETT found an available lounge chair and sat down. The available lounge chair was directly under one of the open deck staircases. While another passenger walked up the staircase

directly above the Plaintiff, who was sitting on the lounge chair reading his Kindle, a heavy wood panel approximately 4 feet long, fell off one of the steps. The heavy wood panel fell directly on CROCKETT's head. CROCKETT had no way of knowing that the wood panel on the staircase was loose and unsecure. There were no warning signs in the area indicating that the staircase was broken or not working properly.

15. CROCKETT immediately reported the incident to CARNIVAL and was taken to the medical infirmary on board the *Carnival Vista*. CROCKETT complained of dizziness, nausea and vomiting. CARNIVAL's medical infirmary released CROCKETT. Later that evening, CROCKETT's symptoms–dizziness, nausea and vomiting–were getting worse. CROCKETT also began experiencing confusion, slurred speech, light and sound sensitivity, trouble walking and balance issues. CROCKETT returned to the medical infirmary on board the *Carnival Vista*. CARNIVAL's medical infirmary kept him for 12 hours of observation. The following day, CROCKETT disembarked from the ship and flew home.

16. **DAMAGES.** As a result of CARNIVAL's negligence, CROCKETT sustained severe and permanent injuries, including but not limited to a head laceration, a concussion, a traumatic brain injury and experiences the following constant headaches, dizziness, nausea, vomiting, brain fog, confusion, memory loss, and sensitivity to lights and sounds. These injuries are permanent and significantly affect CROCKETT's life and abilities. Those injuries and the sequelae of those injuries are permanent. Accordingly, Plaintiff will suffer from those injuries for the remainder of his life, on a permanent basis in the future. Plaintiff has suffered economic damages such as medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future

such as pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

17. **NOTICE: PRIOR SIMILAR INCIDENTS**. Prior similar incidents show evidence that CARNIVAL had notice of the dangerous condition here. CARNIVAL documents injuries in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. Examples of prior similar incidents known to date include the following:

   a. Passenger Eric Davis was severely injured when a panel fell on him on board the *Carnival Legend* on December 20, 2021. *Davis v. Carnival Corp.*, Case No. 1:22-cv-24063.

   b. Passenger Jackson was injured due to a falling panel on board the *Carnival Sunrise* on January 31, 2020. *Jackson v. Carnival Corp.*, Case No. 21-cv-20035.

   c. Passenger was injured when a panel fell on board the *Carnival Dream* on January 1, 2019. *Giusti v. Carnival Corp.*, Case No. 2019-cv-25232.

   d. Passenger Kreuger was injured due to falling ceiling panels onboard the *Carnival Valor* on January 27, 2019. *Kreuger v. Carnival Corp.*, Case No. 20-cv-20138-JLK.

   e. Passenger Prevost was injured due to falling panel on board the *Carnival Glory* on May 12, 2019. *Prevost v. Carnival Corp.*, Case No. 20-cv-24798.

   f. Passenger Stevens was injured due to a falling panel on board the *Carnival Liberty* on May 9, 2019. *Stevens v. Carnival Corp.,* Case No. 20-cv-22420- UU.

  g. Passenger Hughes was injured due to a falling panel on board the *Carnival Dream* on December 18, 2019. *Hughes v. Carnival Corp.*, Case No.: 20-cv-24540.

  h. Passenger Goodman was injured due to a panel falling onboard the *Carnival Glory* on December 1, 2018. *Goodman v. Carnival Corp.*, Case No. 20-cv-20431-MGC.

  i. Passengers Wilbert Smith and Beverly Smith were injured when a panel fell on them on board the *Carnival Splendor* on August 1, 2018. *Smith et al. v. Carnival Corp.*, Case No.: 1:19-cv-23123.

18. **NOTICE: CORRECTIVE ACTION.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that after Plaintiff was injured, crewmembers blocked off the staircase on the top and bottom. CARNIVAL also placed a crewmember at the bottom of the staircase to verbally advise passengers that the staircase was closed.

19. **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the length of time that the condition existed. Given that the panel fell, the fasteners (screws and/or bolts) were likely completely rusted. This demonstrates that the dangerous condition existed for an extended period of time.

20. **NOTICE: ON-GOING, REPEATIVE PROBLEM.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that the wooden panel that is attached to the staircase repetitively becomes loose thereby creating a hazard to passengers on board.

21. **NOTICE: MAINTENANCE, INSPECTION AND REPAIR.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that CARNIVAL maintains, inspects or repairs the exterior staircases on a regular basis. The staircases are used by passengers and crewmembers alike. CARNIVAL must conduct regular maintenance, inspections or repairs on of its staircases. CARNIVAL is responsible for inspecting and securing the wooden panels on the staircase. As such, CARNIVAL knows or should have known when one of these panels is not properly re-attached or in a secured position. The improper placement and failure to secure the panels means that the panels are loose and that the panels will fall and injure people under them.

22. **NOTICE: CREW MEMBERS IN THE VICINITY OF THE SUBJECT AREA.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that crew members were in the subject area.

23. **NOTICE: TRAINING AND PROCEDURES AND TRAININGS.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area. CARNIVAL has policies regarding inspection, cleaning and/or maintenance applicable to the subject area. CARNIVAL specifically trains its crew members to inspect and maintain the subject area in a safe condition. CARNIVAL requires and trains crew members to warn passengers of any hazards and/or dangerous conditions including the subject dangerous condition. CARNIVAL specifically trains crew members to place written warning signs, markers and/or other indicators to warn passengers of hazardous and/or dangerous conditions including the subject dangerous condition. CARNIVAL knew or should have known that without verbal, written and/or visual warnings passengers may not be able to appreciate the irregularities of the wooden panel on the exterior staircase. CARNIVAL knew or

8

should have known through the use of reasonable care that the irregularities of the wooden panel on the exterior staircase is not open and obvious to its passengers.

24. **NOTICE: VIOLATION OF INDUSTRY STANDARDS**. CARNIVAL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") CARNIVAL's walkways are escape routes that CARNIVAL must maintain in a safe condition. Upon information and belief, CARNIVAL, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials. See, *e.g.*, IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

## COUNT I
## NEGLIGENT MAINTENANCE

25. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24, above.

26. This is an action against CARNIVAL for its negligent failure to maintain the subject exterior staircase between Deck 11 and 12, onboard the *Carnival Vista* in a safe manner.

27. **DUTIES OWED BY CARNVAL**. CARNIVAL owes a duty to exercise reasonable care for the safety of its passengers, including the Plaintiff. CARNIVAL owes a duty as a common carrier to its passengers to maintain all areas of its ship. CARNIVAL's duty of care includes

maintaining the subject exterior staircase between Deck 11 and 12, onboard the *Carnival Vista* in a safe manner, including the subject exterior staircase between Deck 11 and 12 from which a wooden panel fell on CROCKETT's head on July 14, 2023.

28.     CARNIVAL had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 17-24 above and incorporated herein.

29.     **CARNIVAL BREACHED ITS DUTIES.** CARNIVAL breached its duty to maintain the subject staircase between Deck 11 and 12, onboard the *Carnival Vista* on July 14, 2023, in a safe manner. CARNIVAL breached its duties to CROCKETT by its actions and conduct. CARNIVAL failed to maintain and inspect the area where CROCKETT was injured. CARNIVAL allowed the step(s) on the staircase to become loose and/or to remain unsecure. CARNIVAL allowed the wood panels of the subject staircase to become loose and/or to remain unsecure. CARNIVAL failed to inspect the wood panels of the subject staircase. CARNIVAL failed to properly secure the wood panels on the subject staircase. CARNIVAL failed to properly repair and/or replace the wood panels. CARNIVAL allowed the screws and/or fasteners of the subject staircase to become loose and/or to remain unsecure. CARNIVAL failed to inspect the screws and/or fasteners on the subject staircase. CARNIVAL failed to properly secure the screws and/or fasteners on the subject staircase. CARNIVAL failed to properly repair and/or replace the screws and/or fasteners on the subject staircase. CARNIVAL also failed to comply with applicable industry standards, statutes, and/or regulations.

30.     **PROXIMATE CAUSE**. CARNIVAL's failure to maintain the subject staircase between Deck 11 and 12, onboard the *Carnival Vista* in a safe manner, proximately caused CROCKETT's injuries. CARNIVAL's negligent maintenance allowed the step(s) on the staircase to become loose and/or to remain unsecure. Had CARNIVAL properly maintained the subject

staircase between Deck 11 and 12, onboard the *Carnival Vista*, CROCKETT would have never been injured on July 14, 2023.

31. **DAMAGES**. As a result of CARNIVAL's negligent maintenance, CROCKETT has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against CARNIVAL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO WARN

32. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24, above.

33. This is an action against CARNIVAL for its negligent failing to warn passengers, including CROCKETT, of its hazards, risks or dangers on board the *Carnival Vista*.

34. **DUTIES OWED BY CARNIVAL**. CARNIVAL owes a duty to exercise reasonable care for the safety of its passengers. CARNIVAL owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. CARNIVAL owes a duty of reasonable care under the circumstances CARNIVAL's duty of care includes warning of

dangerous conditions on board the *Carnival Vista,* including the subject exterior staircase between Deck 11 and 12 from which a wooden panel fell on CROCKETT's head on July 14, 2023.

35. CARNIVAL had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 17-24 above and incorporated herein.

36. **CARNIVAL BREACHED ITS DUTIES.** CARNIVAL breached its duty to warn its passengers, including CROCKETT about the dangerous exterior staircase between Deck 11 and 12 on board the *Carnival Vista*. CARNIVAL breached its duties to the Plaintiff by its actions and conduct. CARNIVAL failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the subject area where CROCKETT was injured on July 14, 2023. CANRIVAL failed to provide verbal warnings to passengers including CROCKETT about the dangerous condition. CARNIVAL failed to cordon off the open decks or place physical barriers on the subject staircase or otherwise to prevent access to the staircase which contained a loosened wooden panel approximately 4 feet long. CARNIVAL failed to reasonably and regularly make audible announcements about the dangerous condition. CARNIVAL also failed to comply with applicable industry standards, statutes, and/or regulations.

37. **PROXIMATE CAUSE**. CARNIVAL's failure to properly warn passengers including CROCKETT about the dangerous exterior staircase between Deck 11 and 12 on board the *Carnival Vista*, proximately caused the Plaintiff's injuries. Had CARNIVAL properly warned CROCKETT about the dangerous condition, CROCKETT would have been aware of the dangerous condition and never would have sat beneath the subject staircase on the lounge chair provided by CARNIVAL. CROCKETT therefore would have never been injured on board the *Carnival Vista* on July 14, 2023.

38.     **DAMAGES**. As a result of CARNIVAL's negligent failure to warn, CROCKETT has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, Plaintiff demands Judgment against CARNIVAL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT TRAINING PERSONNEL

39.     The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 24, above.

40.     This is an action against CARNIVAL for its negligent training of its shipboard crewmembers.

41.     **DUTIES OWED BY CARNIVAL.** CARNIVAL owes a duty to exercise reasonable care for the safety of its passengers including CROCKETT. CARNIVAL owes a duty of reasonable care under the circumstances. CARNIVAL owes a duty as a common carrier to its passengers to train its crew members to properly maintain, inspect, and repair the staircases on board the *Carnival Vista* and warn of dangers known to CARNIVAL where CARNIVAL invites or reasonably expects passengers to go. CARNIVAL's duty of care includes training its crew members to maintain, inspect, repair and warn passengers about dangerous conditions on board

the *Carnival Vista* including the subject exterior staircase between Deck 11 and 12 from which a wooden panel fell on CROCKETT's head on July 14, 2023.

42.     CARNIVAL had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 17-24 above and incorporated herein.

43.     CARNIVAL should have become aware that it had failed to properly train its crew members given that the crew member(s) failed to maintain, inspect, and repair the staircases on board the *Carnival Vista*, including the subject exterior staircase between Deck 11 and 12 from which a wooden panel fell on CROCKETT's head on July 14, 2023.

44.     CARNIVAL should have become aware that it had failed to properly train its crew members given that the crew member(s) were failing to properly warn passengers of the dangerous conditions on board the *Carnival Vista* including the subject exterior staircase between Deck 11 and 12 from which a wooden panel fell on CROCKETT's head on July 14, 2023.

45.     **CARNIVAL BREACHED ITS DUTIES.** CARNIVAL breached its duty of care owed to CROCKETT and was negligent by failing to reasonably train its crewmembers to maintain, inspect, repair, and warn passengers of the dangerous conditions on board the *Carnival Vista* including the subject exterior staircase between Deck 11 and 12 from which a wooden panel fell on CROCKETT's head on July 14, 2023. Carnival failed to comply with industry standards regarding how to train its crew members to maintain, inspect and repair its staircases and warn passengers of the dangerous conditions. Carnival failed to ensure the implementation or operation of its training programs described in paragraph 23 and incorporated herein.

46.     At the time that the heavy wooden panel described above fell off one of the steps of the subject staircase, the crew member that was responsible for warning, inspecting, maintaining and repairing that area failed to do so. Because that crew member was not properly trained, that

crew member failed to properly and adequately warn passengers, like CROCKETT, of the dangerous conditions on board the *Carnival Vista* including the subject exterior staircase between Deck 11 and 12 from which a wooden panel fell on CROCKETT's head on July 14, 2023. Because that crew member was not properly trained, that crew member also failed to properly inspect, maintain, and repair the subject staircase including the wooden panels and the screws and/or fasteners.

47. **PROXIMATE CAUSE.** CARNIVAL's failure to properly train its crew members proximately caused CROCKETT's injuries. Had CARNIVAL properly trained its crew members to inspect, maintain, repair, and warn passengers about the dangerous conditions on board the *Carnival Vista,* including the subject exterior staircase between Deck 11 and 12 from which a wooden panel fell on CROCKETT's head on July 14, 2023, the crewmember would have inspected, maintained, repaired, and warned CROCKETT about the dangerous condition. Had CARNIVAL properly trained its crew members, the dangerous condition would not have existed. Had CARNIVAL properly trained its crew members, CROCKETT would have been aware of the dangerous condition. CROCKETT therefore would have never been injured on board the *Carnival Vista* on July 14, 2023.

48. **DAMAGES.** As a result of CARNIVAL's negligent training, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against CARNIVAL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring,

disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT DESIGN, CONSTRUCTION AND SELECTION OF MATERIALS

49. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 24, above.

50. This is an action against CARNIVAL for its negligent design, construction and selection of the subject staircase and the layout/placement of lounge chairs between Deck 11 and 12 on board the *Carnival Vista*.

51. **DUTIES OWED BY CARNIVAL.** CARNIVAL owes a duty to exercise reasonable care for the safety of its passengers including CROCKETT. CARNIVAL owes a duty of reasonable care under the circumstances. CARNIVAL's duty to design, construct and select materials for all areas and features of its vessels, including the subject area, is part of CARNIVAL's duty of reasonable care under the circumstances. CARNIVAL had a duty to design the subject area in a safe manner and in accordance with industry standards.

52. Each and every one of CARNIVAL's ships features open decks. CARNIVAL offers exterior staircases to allow passengers to move freely between the open decks. The Lido Deck (Deck 10) features pools and spas. Deck 12 features CARNIVAL's waterworks. CARNIVAL offers passengers lounge chairs throughout the Lido Deck (Deck 10) and Deck 11. CARNIVAL anticipates and expects that passengers will use lounge chairs available to them. CARNIVAL is

responsible for placing the lounge chairs throughout the open decks including underneath the staircase that connects Deck 11 and Deck 12.

53. Carnival has all of its ships, including the *Carnival Vista*, custom made to its own design and specifications. At all times CARNIVAL had the ultimate control over the design and construction of Carnival *Vista*. CARNIVAL had the right to inspect both the designs on paper and the design and construction at the yard. CARNIVAL had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *Carnival Vista* including the subject area. CARNIVAL had the right to reject any and all items, designs and construction. CARNIVAL holds the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved. CARNIVAL approved the design, construction, and selection of materials of the subject area demonstrated by the fact that CARNIVAL has operated and maintained the ship continuously since on or about 2015.

54. CARNIVAL participated in and/or approved of the design of the subject area including the subject staircase and the layout/placement of lounge chairs between Deck 11 and 12 on board the *Carnival Vista*. CARNIVAL participated in and/or approved of the selection of the materials for the subject area including the subject staircase and the layout/placement of lounge chairs between Deck 11 and 12 on board the *Carnival Vista.* CARNIVAL participated in and/or approved of the materials for the subject staircase including the wooden panels and the screws and fasteners. CARNIVAL participated in and/or approved of the installation of the materials for the subject area. CARNIVAL chose to install this same and/or similar wooden panels on exterior staircases throughout its fleet. CARNIVAL continues to repair, modify and/or install the same and/or similar wooden panels on all its ships, including the *Carnival Vista*. CARNIVAL could

have selected and/or installed different material for the subject staircase and could have changed the layout/placement of the lounge chairs but chose not to.

55. CARNIVAL had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 17-24 above and incorporated herein.

56. CARNIVAL knew or should have known that the wooden panels it chose and installed on the subject staircase between Deck 11 and 12, on board the *Carnival Vista* was unreasonably dangerous.

57. CARNIVAL knew or should have known that placing lounge chairs underneath the subject staircase was unreasonably dangerous.

58. CARNIVAL knew or should have known of the dangerousness of the wooden panels on the subject staircase between Deck 11 and 12, on board the *Carnival Vista* since their installation in 2015.

59. **CARNIVAL BREACHED ITS DUTIES**. CARNIVAL breached its duty of care owed to CROCKETT and was negligent in its actions and/or conduct including but not limited to as follows:

   a. Designing, constructing, and/or selecting the materials for the subject area;

   b. Designing, constructing, and/or selecting the materials for the subject staircase;

   c. Approving of and/or participating in the design, construction and/or selection of the materials for the subject area;

   d. Approving of and/or participating in the design, construction and/or selection of the materials for the subject staircase;

   e. Selecting materials for the staircase that could not withstand the weather conditions;

   f. Approving of materials for the staircase that could not withstand the weather conditions;

    g. Installing materials for the staircase that could not withstand the weather conditions;

    h. Failing to select appropriate and proper materials for the staircase that could withstand the weather conditions;

    i. Failing to install appropriate and proper materials for the staircase that could withstand the weather conditions;

    j. Failing to design, construct, select and/or approve of materials for the subject area that complied with industry standards;

    k. Failing to design, construct, select and/or approve of materials for the subject staircase that complied with industry standards;

    l. Designing the layout/placement of lounge chairs on Deck 11 on board the *Carnival Vista;*

    m. Approving of the layout/placement of lounge chairs on Deck 11 on board the *Carnival Vista;*

    n. Placing the lounge chairs on Deck 11 on board the *Carnival Vista* underneath the subject staircase; and

    o. Failing to comply with applicable industry standards.

60. **PROXIMATE CAUSE.** CARNIVAL negligent design, construction and selection of materials for the subject area proximately caused CROCKETT's injuries. Had CARNIVAL properly designed, constructed and selected the materials of the subject staircase on board the *Carnival Vista,* CROCKETT would never have been injured on July 14, 2023. Had CARNIVAL not placed lounge chairs underneath the subject staircase, CROCKETT would have never been injured on July 14, 2023.

61. **DAMAGES.** As a result of CARNIVAL's negligent design, construction and selection of materials, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against CARNIVAL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Dated this 29th day of March 2024.

By: *s/ Lisa Goodman, Esq.*
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
**LISA C. GOODMAN, ESQ.** (FBN 118698)
lgoodman@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*