**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-21185-RAR**

CLAY CROCKETT,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby moves for summary judgment for all claims made in Plaintiff's Complaint [ECF No. 1], and states as follows:

## I.    INTRODUCTION

A wooden panel fell from a staircase and struck Mr. Clay Crockett ("Plaintiff") while he was sitting in a lounge chair onboard the Carnival *Vista* cruise ship. Plaintiff alleges he sustained injuries due to Carnival failing to (1) maintain and inspect the staircase, (2) warn him of a danger, (3) train its crewmembers, and (4) adequately design the staircase and area.

Summary judgment is warranted here because there is no evidence that Carnival knew or should have known of a danger associated with the staircase or his incident. There is no evidence of any prior safety concern with these wooden staircase panels vis-à-vis repair records, prior incidents, or otherwise. As such, Plaintiff cannot prove Carnival owed him a duty under any of his

four direct liability theories. Additionally, Plaintiff's negligent training claim fails because it is improperly pled and there is no evidence to support the elements of that cause of action.

## II.   LEGAL STANDARDS

### a.   Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery*

*Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

      b.      General Maritime Law Applies

Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322.

To prove negligence, a plaintiff must show: (1) that the defendant had a duty to protect the plaintiff from a particular injury, (2) that the defendant breached the duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered damages. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.")).

**III.   ARGUMENT**

    **a.  <u>Four Counts Against Carnival</u>**

Plaintiff was a passenger onboard the *Carnival Vista* on July 14, 2023. ECF No. 1, ¶¶ 9-11. On July 14, 2023, at approximately 11:30 a.m., Plaintiff was sitting in an open deck lounge chair on Deck 11 of the *Vista*, underneath a wooden staircase going from Deck 11 to Deck 12. *Id.* at ¶¶ 12, 14. Plaintiff alleges in his lawsuit that the wood panel fell off one of the steps onto his head. *Id.* at ¶ 14. Plaintiff alleges in his lawsuit that Carnival could have discovered the "unsecured step" and should have known of "the dangerous condition here" *Id.* at ¶¶ 13, 17.

Plaintiff brings four counts total against Carnival in his Complaint. Under Count I, Plaintiff alleges Carnival failed to maintain and inspect the staircase. *Id.* at ¶¶ 25 – 31. Count II alleges Carnival failed to warn him about the staircase. *Id.* at ¶¶ 32 – 38. Count III alleges Carnival failed to properly train its crewmembers to maintain, inspect, and repair the staircase. *Id.* at ¶¶ 39 – 48. Finally, Count IV alleges Carnival was negligent in designing or constructing the staircase and the layout of chairs underneath the staircase. *Id.* at ¶¶ 49 – 61.

All of these liability theories are made directly against Carnival as the shipowner. In cases such as these, maritime carriers owe a duty of "ordinary reasonable care under the circumstances" to its passengers. *Keefe*, 867 F.2d at 1322. Under this standard, plaintiffs must show, "as a prerequisite to imposing liability, that the carrier ... had actual or constructive notice of the risk-creating condition, at least where ... the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.*; *see also Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1286 (11th Cir. 2015) ("[T]he maritime standard of reasonable care usually requires that the cruise ship operator have actual or constructive knowledge of the risk-creating condition.").

Put simply, the carrier's liability "hinges on whether it knew or should have known about the" allegedly dangerous condition. *Keefe*, 867 F.2d at 1322; *see also Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020) ("[A] cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it."). Plaintiffs can show constructive notice in two ways. "First, a plaintiff can establish constructive notice by showing that a 'defective condition existed for a sufficient period of time to invite corrective measures.' Second, a plaintiff can show evidence of 'substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Tesoriero*, 965 F.3d at 1178–79 (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). Further, "[k]nowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous." *Malley v. Royal Caribbean Cruises, Ltd.*, 713 Fed.Appx. 905, 908 (11th Cir. 2017) (citing *Chaparro*, 693 F.3d at 1337).

**b.   Summary Judgment is Warranted on Counts I - IV Because Plaintiff Fails to Show Carnival Had Actual or Constructive Notice of a Risk-Creating Condition.**

In this case, Plaintiff has not demonstrated through evidence that Carnival knew or should have known that the wooden panels[1] from the staircases onboard the *Vista* posed a hazard to passengers.  Without such evidence, Plaintiff cannot meet his burden in proving Carnival, as the shipowner, owed him a duty.

*Tesoriero v. Carnival Corp.* is instructive. There, after a chair she sat in collapsed, plaintiff brought failure to inspect, maintain, and warn claims based on Carnival's alleged failure to inspect

---

[1] Photographs regarding the object that fell from the Deck 11 to Deck 12 portside spiral staircase on the *Vista* are available on the record at ECF No. 33-4. Plaintiff refers to this as a wooden panel, but it has also been referred to as a "kickplate" in this lawsuit. For the sake of consistency, it will be referred to as the "wooden panel" throughout this Motion.

and maintain cabin furniture. 965 F.3d at 1176. The district court granted summary judgment because plaintiff failed to show that Carnival had actual or constructive notice that the chair was broken, and the Eleventh Circuit affirmed. The evidence did not show, and plaintiff did not contend, that Carnival had actual notice that the chair was dangerous. *Id*. at 1179. Further, there was no evidence of any substantially similar incidents involving wooden cabin chairs. *Id*. Moreover, there was no evidence of a reasonably detectable defect existing for a period of time to "invite" corrective measures. *Id*.

*Sutton v. Royal Caribbean Cruises, Ltd.*, 774 Fed.Appx. 508 (11th Cir. 2019) is also instructive. There, the cruise passenger plaintiff was struck in the head by a mirror that fell from a lighting machine above a dance floor. The district court granted summary judgment because there was no evidence establishing the cruise line was on notice of a dangerous condition posed by the mirror or lighting machine *Id*. at 510. The Eleventh Circuit affirmed, noting that the plaintiff failed to show constructive notice through prior incidents or reports of any issues with, *inter alia*, the bolts, brackets, or shafts of the lighting machine. *Id*. at 511-12. Further, while the plaintiff offered an expert who opined the cruise line should have followed a set inspection schedule that would have detected loosening bolts from the lighting machine, the Eleventh Circuit found this did not create a genuine issue of material fact. *Id*. at 512. This opinion did not support an inference that the recommended inspections would have detected loosening bolts. *Id.* This opinion was "mere speculation, and speculation [is] insufficient to create a genuine issue of material fact." *Id*. (citing *Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015) (internal quotations omitted).

Similarly here, at the summary judgment stage, Plaintiff has not come forward with any evidence that Carnival had actual or constructive notice of a safety issue regarding the wooden panels on this staircase or similar staircases. Additionally, there is no evidence that a detectable

defect existed with regards to this wooden panel on this staircase that should have invited Carnival to take corrective measures. To be sure, there are no prior incidents regarding passengers being injured by loose or unsecured wooden panels from this staircase or similar staircases within the *Vista*-class of vessels. SOF ¶ 6[2]. Moreover, no passengers complained of any damaged, loose, or unsecured wooden panels from these staircases on the *Vista.* SOF ¶ 7. And, there were no work order reports generated prior to Plaintiff's incident involving loose or unsecured wooden panels on the staircase on the *Vista*. SOF ¶ 9.

This lack of evidence regarding Carnival's notice means Plaintiff cannot prove Carnival owed him a duty related to his incident. *Keefe*, 867 F.2d at 1322; *Sutton*, 774 Fed.Appx. at 511 (affirming summary judgment where plaintiff identified no prior incidents, accident reports, passenger reviews or complaints, or any other documents evidencing any actual or potential safety issues involving lighting machine); *Cohen v. Carnival Corp.*, 945 F.Supp.2d. 1351, 1355 (S.D. Fla. 2013) (finding no evidence of notice where plaintiff cannot offer "any accident reports, passenger comment reviews or forms, or reports from safety inspections."). Carnival is therefore entitled to summary judgment on Counts I, II, III, and IV.

    **c.** **Summary Judgment is Also Warranted on Count III Because Plaintiff Has Failed to Advance Evidence on the Required Elements of a Negligent Training Claim.**

Additionally, summary judgment should be entered on the negligent training count because it is improperly pled and Plaintiff does not have the evidence required to meet the necessary elements to present this claim to a jury. "Negligent training occurs when an employer was negligent in the implementation or operation of the training program and this negligence caused a plaintiff's injury." *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914,

---

[2] "SOF" refers to Defendant's Statement of Material Facts in Support of its Motion for Summary Judgment, and exhibits cited therein, being filed contemporaneously with this Motion.

at \*9 (S.D. Fla. April 23, 2021) (quoting *Doe v. NCL (Bahamas) Ltd.*, No. 1:16-CV-23733-UU, 2016 WL 6330587, at \*4 (S.D. Fla. Oct. 27, 2016)).

At the outset, Plaintiff's Complaint does not allege these elements. Further, there is no evidence that Carnival was negligent in the implementation or operation of a training program that caused his injury. There is no evidence Carnival had any training protocol that it failed to follow as it relates to Plaintiff's incident.

Judge Moore considered a similar negligent training claim in *Quashen v. Carnival Corp.*:

> There is a significant difference between a cruise line that has a relevant training protocol but fails to implement it, and a cruise line that has no relevant training at all. In the former circumstance, a cruise line is aware of its own training protocol and therefore could be said to have notice of the same. However, in the latter circumstance, a cruise line does not have notice of training protocols that do not exist. Thus, the Eleventh Circuit's concern regarding "mode of operation" negligence and the importance of the notice requirement in this context counsels strongly against finding evidence to support negligent training based on procedures that do not exist – as is the case here.

576 F. Supp. 3d 1275, 1305 (S.D. Fla. Dec. 17, 2021). Ultimately, the *Quashen* court granted summary judgment on plaintiff's negligent training claim "because Plaintiff [] failed to adduce evidence that Carnival was negligent in the implementation or operation of [a] training program." *Id.*; *see also Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1312 (S.D. Fla. Aug. 20, 2021) (granting summary judgment on negligent training and supervision claims due to lack of evidence). The same situation is present here and warrants summary judgment on Count III of Plaintiff's Complaint.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court enter summary judgment in Carnival's favor on all claims made in Plaintiff's Complaint [ECF No. 1], and for any further relief this Courts deems just and proper.

Dated: April 15, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com