**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-21185-RAR**

CLAY CROCKETT,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**<u>DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PRIOR INCIDENTS</u>**

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this motion *in limine* to preclude evidence of prior incidents at trial, and in support thereof states as follows:

## I.    INTRODUCTION

CLAY CROCKETT ("Plaintiff") alleges he sustained injuries when a wooden kickplate fell from an outdoor staircase on the *Carnival Vista* and struck Plaintiff on the head.

Now, Carnival seeks to preclude evidence of prior incidents alleged in Plaintiff's Complaint that are not substantially similarity to Plaintiff's claimed incident. While it is Plaintiff's burden to establish substantially similar for any prior incident he seeks to introduce as evidence, the prior incidents alleged in the Complaint should be precluded at this stage. These prior incidents involve circumstances wholly dissimilar to Plaintiff's own incident, and therefore should be found inadmissible under the Eleventh Circuit' substantial similarity doctrine.

## II.    ARGUMENT

    a.    <u>Consideration of Admission of Prior Incidents</u>

Because of the potential for undue prejudice, the Eleventh Circuit has determined that prior incident evidence is permitted only under the "substantial similarity" doctrine. *See Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). The substantial similarity doctrine "requires that before evidence of prior incidents or occurrences is admitted into evidence, the proponent of such evidence must show that conditions substantially similar to the occurrence caused the prior incidents." *Heath*, 126 F. 3d 1391, 1397, n. 12.

The Eleventh Circuit has set forth a three-prong test to determine if evidence of a prior incident is admissible: (1) the incidents must not be too remote in time; (2) the conditions must be substantially similar; and (3) there must be no prejudice or confusion of the issues that substantially outweighs the probative value of the evidence. *See Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984).

Plaintiff as the proponent of the evidence bears the burden of demonstrating substantial similarity. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) (citing *Heath*, 126 F.3d at 1397 n.12). In *Sorrels v. NCL (Bahamas) Ltd.*, the Eleventh Circuit affirmed the district court's ruling excluding evidence of 22 other slip and fall incidents on teakwood flooring in public areas of a cruise ship over a four-year period. There, the plaintiff claimed to have slipped on the pool deck of a cruise ship that was wet from rain. *Sorrels*, 796 F.3d at 1279. The district court found at the summary judgment stage that none of the 22 prior incidents to be introduced could be considered. First, none occurred where the plaintiff fell. Second, the liquids the other passengers

2

slipped on differed – most involved unknown wet substances – and many reports noted there was no indication of rainwater. Third, some of the other incidents involved other factors such as playing table tennis or falling while running around the pool. *Id.* at 1287. The Eleventh Circuit found the district court acted within its discretion, in part given that only three of the other passengers claimed to have slipped on rainwater, and those passengers were wearing high heels or worn flip flips. *Id.* at 1288.

Also in *Bahr v. NCL (Bahamas) Ltd.*, this Court considered six (6) prior incidents under the substantial similarity doctrine and ruled them all inadmissible. 2021 WL 4898218, at *4. There, plaintiff was walking down a gangway between the vessel and the dock when she slipped and fell near the end of the gangway, which she alleged was wet and slippery. The prior incidents involved (1) a passenger walking backwards while assisting someone in a wheelchair; (2) passengers slipping on entirely different gangways; (3) a fall that plaintiff failed to provide specific detail about; and (4) a slip while on a motor scooter. *Id.* at *5-7. Given the differences between the prior incidents, and plaintiff's failure to demonstrate similarity between these incidents and her own, the court found the little probative value of those incidents was outweighed by unfair prejudice to the defendant.

> b.    Plaintiff's Incident

Plaintiff was a passenger onboard the *Carnival Vista* on July 14, 2023. ECF No. 1, ¶¶ 9-11. On July 14, 2023, at approximately 11:30 a.m., Plaintiff was sitting in an open deck lounge chair on Deck 11 of the *Vista*, underneath a wooden staircase going from Deck 11 to Deck 12. *Id.* at ¶¶ 12, 14. Plaintiff alleges in his lawsuit that the wood panel fell off one of the steps onto Plaintiff's head. *Id.* at ¶ 14. Plaintiff alleges in his lawsuit that Carnival should have known of "the dangerous condition here." *Id.* at ¶ 17.

c.       <u>Prior Incidents Not Substantially Similar to Plaintiff's Should Be Precluded.</u>

In this particular case, the Parties' prior incidents scope encompassed reported injuries by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase for the *Vista*-class[1] of cruise ships for a three-year period preceding Plaintiff's incident, excluding March 13, 2020 through July 2021. *See* **Exhibit 1** (Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories). As to prior incidents in which someone has been injured by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase on the Carnival *Vista* and other vessels in its class: No prior incidents were reported to Carnival. **Exhibit 1** at pg. 7.

Plaintiff cannot provide evidence showing that any of the prior incidents listed in the Complaint are substantially similar to Plaintiff's own incident. The nine (9) incidents referenced in Plaintiff's Complaint occurred on other vessels outside of the *Vista*-class of ships, and some outside of the three-year period preceding Plaintiff's incident, excluding March 13, 2020 through July 2021. ECF No. 1, ¶ 17(a-i). To the extent Plaintiff lacks any further detail on these prior incidents, they should be excluded as Plaintiff cannot meet his burden in proving substantial similarity. *Bahr*, 2021 WL 4898218, at *6 ("Unlike the plaintiff in *Bunch* who demonstrated that the two different decks in question had the same reflective surface creating the same optical illusion, [], in this case, Plaintiff fails to elaborate on how the gangways are similar in any aspect. Without further demonstration of how the gangways are similar in any material aspect, the Court finds that [the] reported incident is inadmissible.") (internal citations omitted).

---

[1] The *Vista*-class was comprised of three (3) different vessels within this time period – the *Vista*, *Horizon*, and *Panorama*.

4

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully request the Court enter an order precluding prior incidents not substantially similar to Plaintiff's own incident, and for any further relief this Court deems just and proper.

### Local Rule 7.1 Certification

I hereby certify counsel for the movant has conferred with Plaintiff's counsel regarding the relief sought, and Plaintiff opposes the motion.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com

    *Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

5

authorized manner for those counsel or parties who are not authorized to received electronically

Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
lgoodman@hickeylawfirm.com
kporras@hickeylawfirm.com

*Attorneys for Plaintiff*