**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-21185-RAR**

CLAY CROCKETT,

       Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

       Defendant.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S NOTICE OF SERVICE OF**
**SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES**

       Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its supplemental Answers to Plaintiff's Initial Interrogatories.

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 20, 2024, a copy of the foregoing was served via e-

mail to the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**SERVICE LIST**
**<u>CASE NO. 1:24-cv-21185-RAR</u>**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*lgoodman@hickeylawfirm.com*
*kporras@hickeylawfirm.com*

*Attorneys for Plaintiff*

## I.       **PRELIMINARY OBJECTION**

Defendant objects to the interrogatories propounded as they exceed the amount permitted under Federal Rule of Civil Procedure 33, which specifically limits the total number that may be served on a party to "no more than 25 written interrogatories, including all discrete subparts." Although the interrogatories propounded by Plaintiff are only numbered to 17, they contain multiple discrete subparts and document requests and therefore exceed the amount permitted.

A request for identification of documents constitutes a "discrete subpart" and must be counted as a separate interrogatory.  *See, e.g. New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727, at *4 (S.D. Fla. 2008); *see also Commodores Entertainment Corp. v. McClary*, 2015 WL 12843874, at *3 (M.D. Fla. 2015) (ruling that requests to detail a basis for denials as well as identify any documentations supporting the denial constitute two discrete subparts and should be counted as two separate interrogatories).  In addition to the interrogatories asking for documents, the substance of the questions similarly contain multiple discrete subparts. "District Courts in the Eleventh Circuit, like most district courts in other circuits, have adopted and applied "the 'related question' test to determine whether the subparts are discrete, asking whether the particular subparts are 'logically or factually subsumed within and necessarily related to the primary question.'" *Perez v. Aircom Management Corp., Inc.*, 2012 WL 6811079 (S.D. Fla. 2012).

Defendant's response to the following interrogatories has been made in a good faith effort to cooperate in discovery but is not to be construed as a voluntary waiver of its objection to Plaintiff's violation of Rule 33, which is specifically asserted herein.

## II.      __PRELIMINARY STATEMENT__

The party on whose behalf these Responses are given has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any fact as set forth or assumed. All responses are given on the basis of present recollection.

## DEFENDANT'S SUPPLEMENTAL ANSWERS TO
## PLAINTIFF'S INITIAL INTERROGATORIES

2.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the Incidents in question.

**SUPPLEMENTAL ANSWER:      Upon information and belief, Plaintiff delayed seeking additional recommended medical treatment including declining to disembark the vessel at the recommendation of the ship physician for further brain imaging and treatment and signed a form declining treatment against medical advice, Plaintiff further failed to mitigate his damages, Plaintiff failed to follow advice and recommendations of medical professionals both before and after the alleged incident further causing his own damages, Plaintiff failed to properly describe his symptoms and circumstances of the alleged incident to medical professionals further delaying and/or prohibiting and compromising proper medical treatment. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

4.      Do you contend any person or entity other than you, the Defendant, is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

**SUPPLEMENTAL ANSWER:      Upon information and belief, Plaintiff may be partially liable for damages associated with the alleged incident given his failure to seek additional medical treatment, failure to abide by physician instructions and recommendations, failure to mitigate damages, and delay and/or prohibiting and compromising his own medical treatment. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

5.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge. If the witnesses are current crewmembers please provide their ship assignments and vacation schedules for the next nine months or, if they are former crewmembers, provide their last known addresses, phone numbers, and email addresses.

**SUPPLEMENTAL ANSWER:      Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows.**

> **Wilcor Sta Ana, Supervisor Pools and Decks**
> **Currently onboard Carnival *Horizon*, scheduled to sign off on 12/15/24.**
> **c/o Carnival Corporation**
> **3655 NW 87th Avenue**
> **Miami, FL 33178**

**Supervisor Sta Ana was the day shift Pools and Decks Supervisor on the date of the subject incident, and may have knowledge regarding the alleged incident.**

**Rajesh Varhade, Supervisor Pools and Decks**
**This crewmember's ship assignment has been requested and will be supplemented upon receipt.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Supervisor Varhade was the mid shift Pools and Decks Supervisor on the date of the subject incident, and may have knowledge regarding the alleged incident.**

**Rahman Khaladur, Supervisor Pools and Decks**
**This crewmember's ship assignment has been requested and will be supplemented upon receipt.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Supervisor Khaladur was the night shift Pools and Decks Supervisor on the date of the subject incident, and may have knowledge regarding the alleged incident.**

**Carmine Palomba, Facility Maintenance Manager**
**Currently not onboard a Carnival vessel, scheduled to sign on to *Vista* on 11/6/24.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Facility Maintenance Manager Palomba oversees the Joiner position.**

**\* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery.**

**Defendant objects to providing personal contact information for its crewmembers. Their depositions may be scheduled at a mutually convenient date and time.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

6.      State the name and address of every person known by you, your agents, or your attorneys who have knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**SUPPLEMENTAL ANSWER:     Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows: See Defendant's Supplemental Answer to Interrogatory No. 5, above.**

11.     Do you, the Defendant, agree that the area where Plaintiff's incident occurred was dangerous, that the Defendant was negligent in creating the dangerous conditions or in allowing the dangerous conditions to exist in its premises for an unreasonable length of time, and that the dangerous conditions caused or contributed to the cause of the subject incidents?

**SUPPLEMENTAL ANSWER:     Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. Defendant maintains its prior answer: No.**

If not:
   (a) Provide the following information on each and every other incident in which someone has been injured by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase on the *Carnival Vista* and the other vessels in its class for the 3 years before the subject incident excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19:
       1. Date of incident;
       2. Full name, address, and telephone number of the person(s) involved in the incident and his/her attorney, if any;
       3. Description of how the incident happened, and what caused the incident;
       4. Description of where the incident occurred;
       5. Description of the injuries, if any, caused by the incident.
       6. If a lawsuit was filed, the full style and case number of the suit.
   .
   **SUPPLEMENTAL ANSWER:     Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to incidents in which someone has been injured by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase on the Carnival *Vista* and other vessels in its class: No prior incidents were reported to Carnival.**

13.     Do you, the Defendant, currently maintain the video(s) from the surveillance and/or security cameras for the time, date, and location of the subject incident? If not, please provide the following information:
   (b) The location of surveillance and/or security cameras;
   (c) Whether the surveillance and/or security cameras identified in this interrogatory were in operation at the time of the subject incident;
   (d) Full name, address, email address, telephone number, title, and ship assignment for the next nine months for the person who was responsible for maintaining and

preserving the surveillance and/or security cameras identified in this interrogatory on the subject ship at the time of the subject incident;

(e) If you the Defendant have not maintained the video of the incident in this case, describe the circumstances under which the Defendant failed to preserve the video tapes, including the date of the destruction of the evidence.

**SUPPLEMENTAL ANSWER:** **Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, as limited to producing the CCTV video depicting the subject incident onboard the subject cruise, Defendant agrees to produce the CCTV footage during the deposition of Plaintiff after Defense Counsel has completed questioning of the Plaintiff and before Plaintiff's counsel cross examines Plaintiff.**

16.     In regard to the subject area on which the Plaintiff was injured, describe the model, make, type of material, date of installation for the following: the subject staircase.

**SUPPLEMENTAL ANSWER:** **Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. As limited to the material used on the *Vista* Deck 11-Deck 12 staircase at the time of the subject incident, Defendant performed a search to determine any available additional information as to the teakwood materials the stairs were comprised of, and cannot locate any. Further, see photographs of the subject panel from the *Vista* Deck 11-Deck 12 staircase that Plaintiff alleges struck him, attached to Defendant's Supplemental Response to Request for Production.**