# Carnival®

EXHIBIT

21

August 11, 2023

Lisa Goodman Esq.
Hickey Law Firm

MAILED ELECTRONICALLY

****ACKNOWLEDGEMENT LETTER and DEMAND TO PRESERVE EVIDENCE****

RE:            Clay Crockett
Vessel:        CARNIVAL VISTA
Our File:      00028092431

To Whom it May Concern:

This will acknowledge receipt of your letter of representation dated July 26, 2023 addressed to our general offices for investigation and future handling.  At this time, I am in the process of opening a claims file, kindly direct all future correspondence and/or communications to my attention.

Please be advised that Carnival Cruise Line does not maintain liability insurance for matters such as these. Carnival Cruise Line is a member of a Protection and Indemnity Club and therefore, we ask that you provide us with your **theory of liability, copies of your client's medical records and out of pocket expenses with regard to the care and treatment received as a direct result of this alleged incident and your demand.**

Please immediately advise your client that demand is hereby made for your client to preserve any and all photographs or videotape depicting your client and/or the location of the alleged accident taken at any time during the subject voyage; your client's footwear and clothing that were worn at the time of the alleged accident; and any other tangible evidence that may be pertinent to your client's claim.

This and any and all correspondence and/or communications should not be construed as an admission of liability on the part of Carnival Cruise Line, Carnival Corporation, the vessel "CARNIVAL VISTA" or any of its officers and/or crew. All rights in law, equity and those contained within the passenger ticket contract are expressly reserved; including the time limitation and forum selection/venue provisions requiring all passenger lawsuits against Carnival to be filed in the United States District Court for the Southern District of Florida in Miami, Florida.  Carnival will not waive its contractual defense if a lawsuit is filed in the wrong court.

Very Truly Yours,

Maurice Vega
*Claims Representative*
Legal Services
Office: 786-239-0362 | Fax: 305-406-4732
mvega@carnival.com

Carnival Place · 3655 NW 87th Avenue · Miami, FL · 33178 · t: 305.599.2600 · carnival.com

GR000053

View Email

Sent:          Jul 27, 2023 8:01:34 AM from ICAREPRD000003
From:          Notify@Carnival-CCL-ICare-Work
To:            CLAYCROCKETT@GMAIL.COM,
Bcc:           jharris-rivero@carnival.com
Subject:       SILP-SB-VS-07142023-5 CARNIVAL VISTA 07/08/2023 N3Z3V8 6383
Attached File:



Dear Clay,

Thank you for contacting us and making us aware of what happened during your cruise vacation aboard Carnival.

We're extremely sorry to hear about the experience you had while enjoying your relaxing last day at sea with your family on deck.  We sincerely hope that by receipt of this email, you have fully recovered and are no longer experiencing the pain you have described. This is obviously not the way we want our valued guest ending your vacation with us after building those memories all week.  Please know that we immediatley shut down the staircase and regular maintenance is done even while our ships are at sea and we take this very seriously.   In situations such as this, I am glad to see medical assistance was provided to accommodate you onboard.  All of your feedback is important to us, which is why it's on its way to the relevant managers for their internal information and part of our drive for continuous improvement.

Along with our sincere apologies that your last day was a loss to your and your family; I would like to offer you a future cruise credit in the amount of $249.14 USD* to you, Brittany $249.14 USD* and Hannah $20 USD* for a total amount of $518.28 USD* which must be redeemed by 07/24/2024 on any Carnival Cruise Line departure open for sale. This amount reflects 100% of your cruise fare for one day.

We would also like to offer you an onboard credit in the amount of $300.00 USD* total. Once you have made your new reservation and made your deposit, please use the link below to provide us with the new booking information.  We will gladly make the arrangements to have the Future cruise credit applied to your booking cruise only balance and the onboard credit applied to your shipboard Sail and Sign account.

GR000054

GR000055

**Lisa Goodman**

| | |
|---|---|
| **From:** | Lisa Goodman |
| **Sent:** | Wednesday, July 26, 2023 3:28 PM |
| **To:** | Vazquez, Suzanne (CCL) |
| **Cc:** | Conde, Ariadna (CCL); Vega, Maurice (CCL); Katherine Porras |
| **Subject:** | CLAY CROCKETT v. CARNIVAL – 6 month notice |
| **Attachments:** | 6 MONTH NOTICE.001.pdf |

Suzie:

See attached 6-Month Notice.

Thank you.

## *Lisa C. Goodman, Esq.*
Trial Attorney



1401 Brickell Ave., Suite 510
Miami, FL 33131
E: lgoodman@hickeylawfirm.com
T: 305.371.8000
F: 305.371.3542
Toll Free: 1.800.215.7117
**Email** | **profile** | **website** | **map** | **vCard**
**Follow Us:** Facebook * Twitter * Maritime and Personal Injury Blog



**JOHN H. (JACK) HICKEY**
Partner / Trial Lawyer
Board Certified Civil Trial Lawyer
Board Certified Admiralty and Maritime Lawyer
hickey@hickeylawfirm.com

**SARAH A. LOBEL**
Partner / Trial Lawyer
slobel@hickeylawfirm.com

**LISA C. GOODMAN**
Trial Lawyer
lgoodman@hickeylawfirm.com

1401 BRICKELL AVENUE
SUITE 510
MIAMI, FLORIDA 33131
PHONE 305.371.8000
FAX 305.371.3542
WWW.HICKEYLAWFIRM.COM

July 26, 2023

<u>VIA EMAIL</u>
Suzanne Vazquez, Esq.
Director of Claims and Staff Counsel
Risk Management Department
Carnival Corporation
3655 N.W. 87th Avenue
Miami, FL  33178
Email: svazquez@carnival.com
Mvega@carnival.com
Aconde@carnival.com

**RE:   NOTICE OF REPRESENTATION; NOTICE OF INCIDENT AND CLAIMS PURSUANT TO AND IN FULL COMPLIANCE WITH TERMS OF TICKET; DEMAND TO PRESERVE AND PRODUCE EVIDENCE**

|  |  |
|---|---|
| **PASSENGER/ OUR CLIENT:** | **CLAY CROCKETT** |
| **DOI:** | **JULY 14, 2023** |
| **VESSEL:** | **CARNIVAL *VISTA*** |
| **PORT OF EMBARKATION:** | **GALVESTON , TX** |

Dear Ms. Vazquez:

<u>**NOTICE OF REPRESENTATION.**</u>  The undersigned represents the above referenced cruise passenger.  Accordingly, all further communications with this passenger should be with this office and not with our client.

<u>**NOTICE OF THE INCIDENT AND CLAIMS PURSUANT TO AND IN FULL COMPLIANCE WITH TERMS OF THE PASSENGER CONTRACT TICKET.**</u> This letter shall serve as written notice of this claim, including a factual account of the basis of the claim as complete as is practical at this time.  The passenger referenced above intends to make a claim and

file suit against the cruise line or "carrier" referenced above. The actions, conduct, and failures of the cruise line or "carrier" include but are not limited to the following:

1. General Negligence
2. Negligent failure to provide a safe ship
3. Negligent failure to maintain
4. Negligent failure to warn
5. Negligent training of employees
6. Negligent supervision of employees
7. Negligent design, construction, and selection of materials
8. Negligent medical care

This notice is being provided pursuant to and in full compliance with the Ticket Contract.  This notice is being provided to the "Carrier" as that term is defined in the passenger contract ticket.

As you know, this passenger already has provided notice to the cruise line of the incident.

**Date of the incident:**  The incident occurred on July 14, 2023 at about 11:30 am.

**Location of the incident**. The incident occurred on Deck 11 near the staircase that connects Deck 11 and Deck 12 on board the *Carnival Vista.*

**Description of incident**. Carnival owns and operates 24 cruise ships including the *Carnival Vista*. The *Carnival Vista* is part of the *Vista*-class which includes *Carnival Horizon* and *Carnival Panorama, Carnival Venezia* as well as the *Costa Firenze.* Carnival custom built the *Carnival Vista* cruise ship in a shipyard in Italy. The *Carnival Vista* is a cruise ship which Carnival had custom built to specifications and designs which were made by or under the supervision and participation of Carnival. The *Carnival Vista* was designed by or at the direction of Carnival's shoreside New Build and other shoreside departments.  Carnival employs architects, designers, and engineers. The ship was built in Italy at a shipyard under the constant supervision of Carnival's onsite construction managers, designers, architects, and engineers. Under the contract with the shipyard, Carnival has not only full access to the ship to inspect and the ability to inspect the designs used for construction, but also has the ability to reject and change any design or construction at the shipyard and for a period of time thereafter. Carnival holds the ultimate control under their contract with the yard, if an item or design is rejected or at issue and not resolved, Carnival can withhold payment.  That includes the flooring materials which caused this incident and these injuries.

Each and every one of Carnival's ships features open decks. Carnival offers exterior staircases to allow passengers to move freely between the open decks. The Lido Deck (Deck 10) features pools and spas. Deck 12 features Carnival's waterworks. Additionally, Carnival offers passengers lounge chairs throughout the Lido Deck (Deck 10) and Deck 11. Carnival anticipates and expects that passengers will use lounge chairs available to them. Carnival is responsible for placing the lounge chairs throughout the open decks including underneath the staircase that connects Deck 11 and Deck 12. Carnival intentionally offers these lounge chairs, including on Deck 11, to allow passengers to stay relax while they are outside.

2

GR000048

The exterior staircases features steps made of teak wood with a metal nosing on the front edge of each step. The exterior staircases are exposed to the hot outside temperatures and humidity. As such, Carnival crewmembers regularly tend to exterior staircases. Carnival crewmembers must often inspect the staircases to ensure the staircase is safe for use by the passengers and crew members. Over time and exposure to the elements, the staircases and steps, which are made of teak wood with a metal nosing on the front edge of each step, will rust and wear down. Further, the vibrations of the ship also cause the screws and/or bolts to loosen. The sources of vibration are due to the movement of the ship from being underway, the movement in the seas including roll, pitch and yaw and the ship's massive diesel engines which run constantly.  Because of these issues, Carnival knows that it is critical to inspect the steps on the exterior staircases. In fact, on a daily basis, Carnival crewmembers are in the subject area going up and down the exterior staircases. Carnival's crewmembers could have easily discovered the unsecured step on the exterior staircase.

Despite knowing the hazard that an unsecured staircase may pose to passengers, Carnival failed to maintain, secure and/or properly install the steps on the staircase between Deck 11 and Deck 12 on board the *Carnival Vista*. Carnival allowed the step(s) on the staircase to become loose and/or to remain unsecure. Carnival also failed to properly mark this dangerous condition, cordon and/or block off the area. Carnival also failed or timely post warning signs or warn its passengers of this dangerous condition.

On July 14, 2023, on the seventh day of the cruise, Carnival set up the lounge chairs on Deck 11 for passengers to use. Some of the lounge chairs that Carnival placed on the deck were directly underneath the open deck staircases. At approximately 11:30am, Passenger Clay Crockett went up to Deck 11 to read on the open deck. Crockett found an available lounge chair and sat down. The available lounge chair was directly under one of the open deck staircases. While another passenger walked up the staircase directly above Crockett, who was sitting on the lounge chair reading his Kindle, a heavy wood panel approximately 4 feet long, fell off one of the steps. The heavy wood panel fell directly on Crockett's head. Carnival cruise passenger Crockett had no way of knowing that the wood panel on the staircase was loose and unsecure. There were no warning signs in the area indicating that the staircase was broken or not working properly.

Crockett was taken to the medical infirmary on board the *Carnival Vista*. Carnival's medical infirmary released Crocket. Crockett was experiencing dizziness, nausea and vomiting. Later that evening, Crocket's symptoms- dizziness, nausea and vomiting, were getting worse. Crockett also began experiencing confusion, had slurred speech, was sensitive to light and sound, and had trouble with balance and walking.  Crockett returned to the medical infirmary on board the *Carnival Vista*. Carnival's medical infirmary kept him for 12 hours of observation. The following day, Crockett disembarked from the ship and flew home.

The subject incident was immediately reported to Carnival. Carnival's security took photographs of the subject staircase and did an investigation/report of the staircase and wood panel.

3

GR000049



*Carnival passenger Clay Crockett was injured when the wood panel, approximately 4 feet long, fell off Deck 11 to Deck 12 staircase and struck the passenger's head.*

Carnival's negligence caused Crockett to suffer severe and permanent injuries including, but not limited to a head laceration, a concussion, constant headaches, dizziness, nausea, vomiting, brain fog, confusion, memory loss, and sensitivity to lights and sounds. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment.

Carnival is negligent for failing to maintain the exterior staircase in a safe condition. Carnival negligently selected the materials for the exterior staircase onboard the *Carnival Vista.* Carnival is negligent for failing to provide a safe ship. Carnival is negligent for failing to warn the Plaintiff of the hazardous condition. Carnival is negligent for failing to train, supervisor and/or monitor its crew members. Carnival is also negligent for the medical care and treatment provided to Crockett.

**NOTICE: PRIOR SIMILAR INCIDENTS.** Prior similar incidents show evidence that Carnival had notice of the dangerous condition here. Carnival documents injuries in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. Examples of prior similar incidents known to date include the following:

- Passenger Eric Davis was severely injured when a panel fell on him on board the *Carnival Legend* on December 20, 2021. *Davis v. Carnival Corp.*, Case No. 1:22-cv-24063.
- Passenger Jackson was injured due to a falling panel on board the *Carnival Sunrise* on January 31, 2020. *Jackson v. Carnival Corp.*, Case No. 21-cv-20035.

4

GR000050

- Passenger was injured when a panel fell on board the *Carnival Dream* on January 1, 2019. *Giusti v. Carnival Corp.*, Case No. 2019-cv-25232.
- Passenger Kreuger was injured due to falling ceiling panels onboard the *Carnival Valor* on January 27, 2019. *Kreuger v. Carnival Corp.*, Case No. 20-cv-20138-JLK.
- Passenger Prevost was injured due to falling panel on board the *Carnival Glory* on May 12, 2019. *Prevost v. Carnival Corp.*, Case No. 20-cv-24798.
- Passenger Stevens was injured due to a falling panel on board the *Carnival Liberty* on May 9, 2019. *Stevens v. Carnival Corp.,* Case No. 20-cv-22420- UU.
- Passenger Hughes was injured due to a falling panel on board the *Carnival Dream* on December 18, 2019.  *Hughes v. Carnival Corp.*, Case No.: 20-cv-24540.
- Passenger Goodman was injured due to a panel falling onboard the *Carnival Glory* on December 1, 2018. *Goodman v. Carnival Corp.*, Case No. 20-cv-20431-MGC.
- Passengers Wilbert Smith and Beverly Smith were injured when a panel fell on them on board the *Carnival Splendor* on August 1, 2018. *Smith et al. v. Carnival Corp.*, Case No.: 1:19-cv-23123

**NOTICE: CORRECTIVE ACTION.**  Additional evidence that Carnival had notice of the dangerous condition here is shown by the fact that after Crockett was injured, crewmembers blocked off the staircase on the top and bottom. Carnival also placed a crewmember at the bottom of the staircase to verbally advise passengers that the staircase was closed.

**NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED**. Additional evidence that Carnival had notice of the dangerous condition here is shown by the length of time that the condition existed. Given that the panel fell, the fasteners (screws and/or bolts) were likely completely rusted. This demonstrates that the dangerous condition existed for an extended period of time.

**NOTICE: ON-GOING, REPEATIVE PROBLEM.** Additional evidence that Carnival had notice of the dangerous condition here is shown by the fact that the wooden panel that is attached to the staircase repetitively becomes loose thereby creating a hazard to passengers on board.

**NOTICE: MAINTENANCE, INSPECTION AND REPAIR**. Additional evidence that Carnival had notice of the dangerous condition here is shown by the fact that Carnival maintains, inspects or repairs the exterior staircases on a regular basis. The staircases are used by passengers and crewmembers alike. Carnival must conduct regular maintenance, inspections or repairs on of its staircases. Carnival is responsible for inspecting and securing the wooden panels on the staircase. As such, Carnival knows when one of these panels is not properly re-attached or in a secured position. The improper placement and failure to secure the panels means that the panels are loose and that the panels will fall and injure people under them.

**NOTICE: CREW MEMBERS IN THE VICINITY OF THE SUBJECT AREA.**  Additional evidence that Carnival had notice of the dangerous condition here is shown by the fact that crew members were in the subject area.

**NOTICE: TRAINING AND PROCEDURES AND TRAININGS.**  Additional evidence that Carnival had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area. Carnival has policies regarding inspection,

5

cleaning and/or maintenance applicable to the subject area. Carnival specifically trains its crew members to inspect and maintain the subject area in a safe condition. Carnival requires and trains crew members to warn passengers of any hazards and/or dangerous conditions including the subject dangerous condition. Carnival specifically trains crew members to place written warning signs, markers and/or other indicators to warn passengers of hazardous and/or dangerous conditions including the subject dangerous condition. Carnival knew or should have known that without verbal, written and/or visual warnings passengers may not be able to appreciate the irregularities of the wooden panel on the exterior staircase. Carnival knew or should have known through the use of reasonable care that the irregularities of the wooden panel on the exterior staircase is not open and obvious to its passengers.

**DEMAND TO PRESERVE AND PRODUCE EVIDENCE.** This is a request and demand that the cruise line preserve and produce all video of the activities of the exterior staircase on Deck 11 referenced above and surrounding areas for the period of time of 2 hours before the incident through 2 hours after the incident.

This is a request and demand that the cruise line preserve the subject wooden panel and staircase in the condition it was in at the time of the subject incident.

This is a request and demand that the cruise line preserve any and all equipment in and for the subject area including the cleaning equipment and supplies used by its crew members at the time of the subject incident.

**This is a demand that the cruise line immediately acknowledges in writing that it will preserve all such video, that it will not delete, destroy, or alter any such video, and that it will produce all such video to the undersigned within seven (7) days of the date of this demand. If the cruise line does not produce all such video within seven (7) days, we intend to file suit at the end of that seven-day period and to file immediately thereafter an emergency motion for preservation and production of such evidence.**

This is also a demand to halt destruction and to preserve electronic information, data, images, and communications in regard to this incident, in regard to the activities which took place at the above referenced dates and times, and in regard to any of the allegations made in this letter. This includes any and all emails, electronic documents and computer files, backup tapes, system metadata, and application metadata. This demand is for the cessation of electronic data shredding, scheduled destruction of backup media, re-tasking of machines and drives, hardware replacement, disposal of computers systems, and disc de-fragmentation. This is for electronic data and communication in reference to the condition, device, area, or methods which caused or contributed to the cause of this accident, and/or which caused or contributed to the cause of any prior accidents.

Very truly yours,

*Lisa C. Goodman*

John H. Hickey<br>
Lisa C. Goodman

cc:     Clay Crockett<br>
       Coy Browning, Esq.

6

GR000052

EXHIBIT

22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-21185-RAR

CLAY CROCKETT,

        Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

        Defendant.

                        /

**DEFENDANT, CARNIVAL CORPORATION'S NOTICE OF SERVICE OF
UNVERIFIED ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its Unverified Answers to Plaintiff's Initial Interrogatories.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, a copy of the foregoing was served via e-mail to

the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*

**Page 238**

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*lgoodman@hickeylawfirm.com*
*kporras@hickeylawfirm.com*

*Attorneys for Plaintiff*

I. **<u>PRELIMINARY OBJECTION</u>**

Defendant objects to the interrogatories propounded as they exceed the amount permitted under Federal Rule of Civil Procedure 33, which specifically limits the total number that may be served on a party to "no more than 25 written interrogatories, including all discrete subparts." Although the interrogatories propounded by Plaintiff are only numbered to 17, they contain multiple discrete subparts and document requests and therefore exceed the amount permitted.

A request for identification of documents constitutes a "discrete subpart" and must be counted as a separate interrogatory. *See, e.g. New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727, at *4 (S.D. Fla. 2008); *see also Commodores Entertainment Corp. v. McClary*, 2015 WL 12843874, at *3 (M.D. Fla. 2015) (ruling that requests to detail a basis for denials as well as identify any documentations supporting the denial constitute two discrete subparts and should be counted as two separate interrogatories).  In addition to the interrogatories asking for documents, the substance of the questions similarly contain multiple discrete subparts. "District Courts in the Eleventh Circuit, like most district courts in other circuits, have adopted and applied "the 'related question' test to determine whether the subparts are discrete, asking whether the particular subparts are 'logically or factually subsumed within and necessarily related to the primary question.'" *Perez v. Aircom Management Corp., Inc.*, 2012 WL 6811079 (S.D. Fla. 2012).

Defendant's response to the following interrogatories has been made in a good faith effort to cooperate in discovery but is not to be construed as a voluntary waiver of its objection to Plaintiff's violation of Rule 33, which is specifically asserted herein.

## II.    <u>**PRELIMINARY STATEMENT**</u>

The party on whose behalf these Responses are given has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any fact as set forth or assumed. All responses are given on the basis of present recollection.

<u>**DEFENDANT'S ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES**</u>

1.     Describe in detail how the Incidents described in the Complaint happened, including all actions taken by you, the Defendant, to prevent the incident.

**<u>ANSWER</u>:   Pursuant to Plaintiff's self-completed Passenger Injury Statement, Plaintiff reported that he was sitting in a chaise lounge, reading when a board fell from the staircase and hit his forehead and knee and sustained a cut on his head and a sore knee. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

2.     Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the Incidents in question.

**<u>ANSWER</u>:   Undetermined at this time. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

3.     State the facts upon which you rely for each affirmative defense in your Answer.

**<u>ANSWER</u>:   Defendant intends to rely on the Plaintiff's passenger injury statement, forthcoming deposition testimony, medical records of the Plaintiff, potential forthcoming fact witness and expert witness testimony and reports. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

4.     Do you contend any person or entity other than you, the Defendant, is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

**<u>ANSWER</u>:   Undetermined at this time. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

5.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge. If the witnesses are current crewmembers please provide their ship assignments and vacation schedules for the next nine months or, if they are former crewmembers, provide their last known addresses, phone numbers, and email addresses.

**<u>ANSWER</u>:   Objection. Defendant objects to providing the personal home addresses, of the Ship's Medical Staff and crew members identified below as an unwarranted invasion of privacy. Without waiving the foregoing objections, to the best of Defendant's knowledge at this time, the following individuals may have knowledge with regard to Plaintiff's alleged accident and/or damages:**

**Page 242**

Clay Crockett, Jr., Plaintiff

The Plaintiff has knowledge regarding (a) the circumstances surrounding the alleged incident; (b) the alleged damages; and (c) medical treatment received before and after the alleged incident.

Brittany Crockett, Plaintiff's wife and traveling companion

Ms. Johnson may have knowledge regarding the circumstances surrounding the alleged incident and the alleged damages.

Arun Murugan, MD, Ship Physician
Currently onboard Carnival *Breeze*, scheduled to sign off on 11/9/24.
c/o GrayRobinson, P.A.

Dr. Murugan may have knowledge regarding the medical care to Plaintiff on board the subject cruise.

Sue De Waal, Ship Nurse
Currently onboard Carnival *Dream*, scheduled to sign off on 11/2/24.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Nurse De Waal may have knowledge regarding the medical care to Plaintiff on board the subject cruise.

Marietta Mananggit, Ship Nurse
Currently onboard Carnival *Freedom*, scheduled to sign off on 10/16/24.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Nurse Mananggit may have knowledge regarding the medical care to Plaintiff on board the subject cruise.

Vicky Houston, Ship Nurse
Currently onboard Carnival *Jubilee*, scheduled to sign off on 11/16/24.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Nurse Houston may have knowledge regarding the medical care to Plaintiff on board the subject cruise.

Wilcor Sta Ana, Supervisor Pools and Decks

**Page 243**

Currently onboard Carnival *Horizon*, scheduled to sign off on 12/15/24.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Supervisor Sta Ana investigated the area of the alleged incident and may have knowledge regarding the alleged incident.

Jesus Clase Padilla, Team Leader
Currently onboard Carnival *Firenze*, scheduled to sign off on 12/12/24.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Team Leader Padilla investigated the area of the alleged incident and may have knowledge regarding the alleged incident.

Antony Peter, Joiner
Currently onboard Carnival *Vista*, scheduled to sign off on 12/14/24.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Joiner Peter investigated the area of the alleged incident and may have knowledge regarding the alleged incident.

Ajit Shukla, Sr. Asst. Chief Security Officer
Currently onboard Carnival *Conquest*, scheduled to sign off on 1/10/25.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Officer Shukla was notified of the claimed incident onboard and may have knowledge regarding the circumstances.

Careen Lumbo, Security Officer
Currently onboard Carnival *Valor*, no scheduled sign off date at this time.
c/o Carnival Corporation
3655 NW 87th Avenue
Miami, FL 33178

Officer Lumbo was notified of the claimed incident onboard and may have knowledge regarding the circumstances.

\* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery.

Page 244

**Defendant objects to providing personal contact information for its crewmembers. Their depositions may be scheduled at a mutually convenient date and time.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

6.      State the name and address of every person known by you, your agents, or your attorneys who have knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:    Objection. Defendant objects to this request as overbroad in time and scope, vague and ambiguous, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. 26(b)(1).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See Defendant's Answer to Interrogatory No. 5, above, regarding persons who may have knowledge.**

7.      Do you, the Defendant, intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:    Undetermined at this time. Defendant will disclose expert witnesses in accordance with the expert witness disclosure deadline pursuant to the Trial Order in this case.**

8.      For each and every individual or entity which owned, operated, or managed the subject vessel on which the Incident occurred as of the date of this incident provide:
   (a) Full name; (If this is a trust, the name and address of each trustee and beneficiary).
   (b) Address and telephone number;
   (c) Description of operational or management responsibilities and interest held;
   (d) Length of time before this incident that entity had those responsibilities or held that interest

**ANSWER:    Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "managed the subject vessel," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. 26(b)(1). Defendant further objects to the request for a "description of operational or management responsibility and interest held" as wholly irrelevant to any of the parties' claims or defenses, and constitutes an**

**Page 245**

improper fishing expedition, and further improperly seeks internal confidential operational information from Defendant. *See Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: To the extent this request seeks information related to the entity who owned and operated the Carnival *Vista* on the date of the subject incident: Carnival Corporation, the Defendant.

9.      Were you, the Defendant, the only one responsible as of the date of the subject Incidents for the inspection, management, maintenance, repair, and safety of the premises on which the subject Incident occurred?

(a) If not, please provide the full name, address, and telephone number of each and every entity or person who had any responsibility for the inspection, safety, management, maintenance, and repair as of the date of the subject Incident, and a description of the scope of responsibility of each such person or entity.

ANSWER:    Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "safety of the premises" an undefined phrase/term, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. 26(b)(1). *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (SD. Fla. 2016) ("Plaintiff's attempt to obtain discovery into general risks associated with vessels on the ocean is outside the scope of possible relevance in this case, even assuming such discovery could be obtained."); *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at *2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: To the extent this request seeks information related to the entity who owned and operated the Carnival *Vista* on the date of the subject incident: Carnival Corporation, the Defendant.

**Page 246**

10.     Provide the full name(s), current address(es) and/or ship assignments and vacation schedules for the next nine months, and position(s) held as of the date of the incident of all crew and officers who were directly responsible as of the date of the Incidents for the (a) safety, (b) maintenance, (c) repair; (d) inspection and/or (e) change where the Plaintiff's Incidents occurred.

**ANSWER:     Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "safety," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. 26(b)(1). *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (SD. Fla. 2016) ("Plaintiff's attempt to obtain discovery into general risks associated with vessels on the ocean is outside the scope of possible relevance in this case, even assuming such discovery could be obtained."); *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

11.     Do you, the Defendant, agree that the area where Plaintiff's incident occurred was dangerous, that the Defendant was negligent in creating the dangerous conditions or in allowing the dangerous conditions to exist in its premises for an unreasonable length of time, and that the dangerous conditions caused or contributed to the cause of the subject incidents?

If not:
(a) Provide the following information on each and every other incident in which someone has been injured by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase on the *Carnival Vista* and the other vessels in its class for the 3 years before the subject incident excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19:
   1. Date of incident;
   2. Full name, address, and telephone number of the person(s) involved in the incident and his/her attorney, if any;
   3. Description of how the incident happened, and what caused the incident;
   4. Description of where the incident occurred;
   5. Description of the injuries, if any, caused by the incident.
   6. If a lawsuit was filed, the full style and case number of the suit.

**ANSWER:     No. Defendant objects to the subparts of this interrogatory as it is overbroad in time and scope, vague and ambiguous as to "substantially similar staircase," seeks information that involves circumstances, conditions, and locations factually dissimilar to what is involved in this litigation, thus inherently dissimilar, unduly burdensome, disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence. See, e,g, *Glatter v MSC Cruises*, 2019 WL 1300896 (S.D. Fla. 2019) ("Prior**

**Page 247**

**incidents that do not or would not put the Defendant on notice are not relevant.”);** *Konczakowski v. Paramount Pictures, Inc.,* **20 F.R.D. 588 (S.D.N.Y. 1957);** *Drone Nerds Franchising, LLC v. Childress,* **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) (“[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.”);** *Azzia v. Royal Caribbean Cruises Ltd.,* **No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)(“Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar.”); s***ee also Ree v. Royal Caribbean Cruises, Ltd.,* **315 F.R.D. 682, 687 (S.D. Fla. 2016) (“[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.”).**

12.     For each and every Request for Admissions propounded by Plaintiff on the same dates as these Interrogatories, which was not admitted, or which was denied in part, state:
      (a) Description in detail of each and every reason why the Request for Admission was either not admitted or was denied in whole or in part;
      (b) Title, date, and description of each and every document which shows indicates, or refers to any such reason for denial or for the failure to admit; evidences any such reason for denial;
      (c) Full name, address, phone number, and title of each and every person who has direct knowledge of the reasons why the request was denied or not admitted and a summary of the knowledge of each such person.

**ANSWER:     Objection. Defendant’s Responses to Request for Admission were prepared with assistance from Defendant’s counsel. Defendant objects to this request to the extent it seeks information and materials protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes,* **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards,* **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor,* **329 U.S. 495, 507 (1947).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: For individuals who may have knowledge of the subject incident, see Defendant’s Answer to Interrogatory No. 5, above. Further, Defendant’s corporate representative may have knowledge.**

13.     Do you, the Defendant, currently maintain the video(s) from the surveillance and/or security cameras for the time, date, and location of the subject incident? If not, please provide the following information:
      (a) The location of surveillance and/or security cameras;
      (b) Whether the surveillance and/or security cameras identified in this interrogatory were in operation at the time of the subject incident;
      (c) Full name, address, email address, telephone number, title, and ship assignment for the next nine months for the person who was responsible for maintaining and preserving the surveillance and/or security cameras identified in this interrogatory on the subject ship at the time of the subject incident;

**Page 248**

(d) If you the Defendant have not maintained the video of the incident in this case, describe the circumstances under which the Defendant failed to preserve the video tapes, including the date of the destruction of the evidence.

**ANSWER:     Objection. Defendant objects to this request as it is overbroad in time and scope, vague as to "time" as an undefined term, and "location of the subject incident" as an undefined phrase, has no relevancy to the parties' claims and defenses, constitutes an improper fishing expedition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. 26(b)(1). _Drone Nerds Franchising, LLC v. Childress_, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing _Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc._, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); _see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co._, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); _Awad v. CiCi Enters._, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Yes, Defendant is in possession of CCTV video depicting the subject incident. Defendant objects to producing the CCTV video to Plaintiff prior to Plaintiff's deposition.**

16.[1]     In regard to the subject area on which the Plaintiff was injured, describe the model, make, type of material, date of installation for the following: the subject staircase.

**ANSWER:     Objection. Defendant objects to this request as overbroad in time and scope, with no temporal limitation set forth, vague and ambiguous as to "subject area on which the Plaintiff was injured," is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. 26(b)(1). _See Nat'l Staffing Sols., Inc. v. Sanchez_, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit); _Azzia v. Royal Caribbean Cruises Ltd._, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s_ee also Ree v. Royal Caribbean Cruises, Ltd._, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: To the extent this request seeks**

---

[1] Plaintiff's Interrogatories are misnumbered. To remain consistent Defendant has used the same numbering as Plaintiff's requests when preparing responses.

**information related to the material of the *Vista* Deck 11-Deck 12 staircase, Defendant responds as follows: The stairs at the time of the incident were original to the vessel's construction and made out of teakwood.**

17. Describe in detail any customizing, changes or modification made to the subject area or to any other substantially similar area on board the *Carnival Vista* and/or any other ship in the *Vista*-class from the date of this incident through on which these interrogatories answers are served.

**ANSWER:** **Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "substantially similar area," seeks information and materials unrelated to the subject area of the subject cruise ship, and constitutes an improper fishing expedition. Since the request seeks information that involves circumstances, conditions, and locations factually dissimilar to what is involved in this litigation, the request is overly broad, inherently dissimilar, unduly burdensome, disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence. *See* Fed. R. Civ. 26(b)(1). *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); Drone Nerds Franchising, LLC v. Childress, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: All teakwood steps of the *Vista* were replaced with Bolidt prefabricated steps while the vessel was in dry dock in January of 2024, including the subject Deck 11-Deck 12 staircase on the *Vista*.**

**Page 250**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-21185-RAR**

CLAY CROCKETT,

        Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

        Defendant.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S NOTICE OF SERVICE OF**
**SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES**

        Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby serves its supplemental Answers to Plaintiff's Initial Interrogatories.

**CERTIFICATE OF SERVICE**

        I hereby certify that on November 20, 2024, a copy of the foregoing was served via e-mail to the recipients listed on the Service List below.

        GrayRobinson, P.A.
        515 North Flagler Drive, Suite 650
        West Palm Beach, Florida 33401
        Tel: (561) 268-5727
        Fax: (561) 268-5747

        By: */s/ Ashley Genoese*
        Michael J. Drahos
        Florida Bar No. 0617059
        W. Cooper Jarnagin
        Florida Bar No. 117767
        Ashley N. Genoese
        Florida Bar No. 1019357
        *Michael.Drahos@Gray-Robinson.com*
        *Cooper.Jarnagin@Gray-Robinson.com*

**Page 251**

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*lgoodman@hickeylawfirm.com*
*kporras@hickeylawfirm.com*

*Attorneys for Plaintiff*

## I.   <u>PRELIMINARY OBJECTION</u>

Defendant objects to the interrogatories propounded as they exceed the amount permitted under Federal Rule of Civil Procedure 33, which specifically limits the total number that may be served on a party to "no more than 25 written interrogatories, including all discrete subparts." Although the interrogatories propounded by Plaintiff are only numbered to 17, they contain multiple discrete subparts and document requests and therefore exceed the amount permitted.

A request for identification of documents constitutes a "discrete subpart" and must be counted as a separate interrogatory. *See, e.g. New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727, at *4 (S.D. Fla. 2008); *see also Commodores Entertainment Corp. v. McClary*, 2015 WL 12843874, at *3 (M.D. Fla. 2015) (ruling that requests to detail a basis for denials as well as identify any documentations supporting the denial constitute two discrete subparts and should be counted as two separate interrogatories). In addition to the interrogatories asking for documents, the substance of the questions similarly contain multiple discrete subparts. "District Courts in the Eleventh Circuit, like most district courts in other circuits, have adopted and applied "the 'related question' test to determine whether the subparts are discrete, asking whether the particular subparts are 'logically or factually subsumed within and necessarily related to the primary question.'" *Perez v. Aircom Management Corp., Inc.*, 2012 WL 6811079 (S.D. Fla. 2012).

Defendant's response to the following interrogatories has been made in a good faith effort to cooperate in discovery but is not to be construed as a voluntary waiver of its objection to Plaintiff's violation of Rule 33, which is specifically asserted herein.

## II.     PRELIMINARY STATEMENT

The party on whose behalf these Responses are given has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any fact as set forth or assumed. All responses are given on the basis of present recollection.

## DEFENDANT'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES

2.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the Incidents in question.

**SUPPLEMENTAL ANSWER:    Upon information and belief, Plaintiff delayed seeking additional recommended medical treatment including declining to disembark the vessel at the recommendation of the ship physician for further brain imaging and treatment and signed a form declining treatment against medical advice, Plaintiff further failed to mitigate his damages, Plaintiff failed to follow advice and recommendations of medical professionals both before and after the alleged incident further causing his own damages, Plaintiff failed to properly describe his symptoms and circumstances of the alleged incident to medical professionals further delaying and/or prohibiting and compromising proper medical treatment. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

4.      Do you contend any person or entity other than you, the Defendant, is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

**SUPPLEMENTAL ANSWER:    Upon information and belief, Plaintiff may be partially liable for damages associated with the alleged incident given his failure to seek additional medical treatment, failure to abide by physician instructions and recommendations, failure to mitigate damages, and delay and/or prohibiting and compromising his own medical treatment. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

5.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge. If the witnesses are current crewmembers please provide their ship assignments and vacation schedules for the next nine months or, if they are former crewmembers, provide their last known addresses, phone numbers, and email addresses.

**SUPPLEMENTAL ANSWER:    Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows.**

**Wilcor Sta Ana, Supervisor Pools and Decks**
**Currently onboard Carnival *Horizon*, scheduled to sign off on 12/15/24.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Page 255**

**Supervisor Sta Ana was the day shift Pools and Decks Supervisor on the date of the subject incident, and may have knowledge regarding the alleged incident.**

**Rajesh Varhade, Supervisor Pools and Decks**
**This crewmember's ship assignment has been requested and will be supplemented upon receipt.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Supervisor Varhade was the mid shift Pools and Decks Supervisor on the date of the subject incident, and may have knowledge regarding the alleged incident.**

**Rahman Khaladur, Supervisor Pools and Decks**
**This crewmember's ship assignment has been requested and will be supplemented upon receipt.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Supervisor Khaladur was the night shift Pools and Decks Supervisor on the date of the subject incident, and may have knowledge regarding the alleged incident.**

**Carmine Palomba, Facility Maintenance Manager**
**Currently not onboard a Carnival vessel, scheduled to sign on to *Vista* on 11/6/24.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Facility Maintenance Manager Palomba oversees the Joiner position.**

**\* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery.**

**Defendant objects to providing personal contact information for its crewmembers. Their depositions may be scheduled at a mutually convenient date and time.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

6.      State the name and address of every person known by you, your agents, or your attorneys who have knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**Page 256**

**SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows: See Defendant's Supplemental Answer to Interrogatory No. 5, above.

11.  Do you, the Defendant, agree that the area where Plaintiff's incident occurred was dangerous, that the Defendant was negligent in creating the dangerous conditions or in allowing the dangerous conditions to exist in its premises for an unreasonable length of time, and that the dangerous conditions caused or contributed to the cause of the subject incidents?

**SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. Defendant maintains its prior answer: No.

If not:
(a) Provide the following information on each and every other incident in which someone has been injured by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase on the *Carnival Vista* and the other vessels in its class for the 3 years before the subject incident excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19:
   1. Date of incident;
   2. Full name, address, and telephone number of the person(s) involved in the incident and his/her attorney, if any;
   3. Description of how the incident happened, and what caused the incident;
   4. Description of where the incident occurred;
   5. Description of the injuries, if any, caused by the incident.
   6. If a lawsuit was filed, the full style and case number of the suit.
.

**SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to incidents in which someone has been injured by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase on the Carnival *Vista* and other vessels in its class: No prior incidents were reported to Carnival.

13.  Do you, the Defendant, currently maintain the video(s) from the surveillance and/or security cameras for the time, date, and location of the subject incident? If not, please provide the following information:
(b) The location of surveillance and/or security cameras;
(c) Whether the surveillance and/or security cameras identified in this interrogatory were in operation at the time of the subject incident;
(d) Full name, address, email address, telephone number, title, and ship assignment for the next nine months for the person who was responsible for maintaining and

**Page 257**

preserving the surveillance and/or security cameras identified in this interrogatory on the subject ship at the time of the subject incident;

(e) If you the Defendant have not maintained the video of the incident in this case, describe the circumstances under which the Defendant failed to preserve the video tapes, including the date of the destruction of the evidence.

**SUPPLEMENTAL ANSWER:   Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, as limited to producing the CCTV video depicting the subject incident onboard the subject cruise, Defendant agrees to produce the CCTV footage during the deposition of Plaintiff after Defense Counsel has completed questioning of the Plaintiff and before Plaintiff's counsel cross examines Plaintiff.**

16.     In regard to the subject area on which the Plaintiff was injured, describe the model, make, type of material, date of installation for the following: the subject staircase.

**SUPPLEMENTAL ANSWER:   Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. As limited to the material used on the *Vista* Deck 11-Deck 12 staircase at the time of the subject incident, Defendant performed a search to determine any available additional information as to the teakwood materials the stairs were comprised of, and cannot locate any. Further, see photographs of the subject panel from the *Vista* Deck 11-Deck 12 staircase that Plaintiff alleges struck him, attached to Defendant's Supplemental Response to Request for Production.**

EXHIBIT

23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-21185-RAR

CLAY CROCKETT,

     Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

     Defendant.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S RESPONSES TO
PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its Responses to Plaintiff's Initial Request for Production.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, a copy of the foregoing was served via e-mail to

the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*

**Page 259**

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*lgoodman@hickeylawfirm.com*
*kporras@hickeylawfirm.com*

*Attorneys for Plaintiff*

**DEFENDANT'S RESPONSES TO**
**PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION**

1. Any and all security videos of the scene of the incident and/or area where the subject incident occurred, made or generated at all times from 7 days before the date of the subject incident through the end of the day on which the subject incident occurred.

   **RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).**

   **Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Defendant is in possession of CCTV video depicting the subject incident onboard the subject cruise. Defendant objects to producing the CCTV video to Plaintiff prior to Plaintiff's deposition.**

2. Any and all security video of the Plaintiff which the cruise line has accumulated or identified, and which took place at any time during the subject cruise, both before and after the subject incident.

   **RESPONSE: Defendant is in possession of CCTV video depicting the subject incident onboard the subject cruise. Defendant objects to producing the CCTV video to Plaintiff prior to Plaintiff's deposition.**

3. Any and all videos (the digital files) played, aired, or shown on monitors anywhere in the ship in which any aspect of it relates or refers to the condition of, walking on, tripping on, or incident prevention for the flooring or decks on the ship that passengers could trip on shown at any time within 1 (one) year before the subject incident and at any time during the subject cruise.

   **RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague, ambiguous, irrelevant to any of Plaintiff's claims in this matter as this is not a slip/trip and fall case, nor involves issues with any flooring or decks, and not reasonably calculated to lead to the discovery of admissible evidence. It appears that the poorly drafted requests seeking materials related to guests walking or tripping on flooring or decks, are not narrowed to any of Plaintiff's claims, not proportional to the needs of this case, are likely copy and pasted from prior cases, are not made in good faith, and violate Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).**

**Page 261**

4. Diagram showing the positioning of surveillance video cameras where the subject incident occurred.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).** *See Nat'l Staffing Sols., Inc. v. Sanchez,* **No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Defendant is in possession of CCTV video depicting the subject incident onboard the subject cruise. Defendant objects to producing the CCTV video to Plaintiff prior to Plaintiff's deposition.**

5. Any and all security and/or surveillance video recordings of the area of the incident for the time period of 1 hour before through 1 hour after the incident. This request includes but is not limited to all electronic data from all feeds, angles, and cameras which show all or a portion of the general area where the incident occurred.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Further, the request for "all electronic data" is unduly burdensome and constitutes an improper fishing expedition, specifically in light of Defendant advising it is in possession of video depicting the subject incident.** *Awad v. CiCi Enters.,* **No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Defendant is in possession of CCTV video depicting the subject incident onboard the subject cruise. Defendant objects to producing the CCTV video to Plaintiff prior to Plaintiff's deposition.**

6. Any and all body camera recordings and/or video which documents, refers to and/or describes the subject incident and/or interviews and/or statements made to and/or by the Plaintiff, crew members, cruise personnel, and/or witnesses regarding the subject incident.

**RESPONSE: None.**

7. Any and all written and/or electronic statements made and/or forms completed by or given to the Plaintiff at any time after the subject incident about either the subject incident or his injuries or complaints from the subject incident.

**RESPONSE:** See previously produced Passenger Injury Statement of Plaintiff, bates stamped as GR000040, and previously produced shipboard medical records of Plaintiff, bates stamped as GR000006 through GR000036.

8. Any and all medical records, logs, notes, progress notes, medication records, radiology records, radiology films, letters, discharge instructions, bills, invoices, and any and all other written or electronic record made regarding any medical care and/or treatment rendered onboard the subject cruise ship at any time during the subject cruise. This request includes but is not limited to electronic data and print outs.

**RESPONSE:** Objection. Defendant objects to this request as it is overbroad in scope, and the request for "electronic data" is unduly burdensome and constitutes an improper fishing expedition, specifically in light of Defendant previously providing copies of the medical records onboard the vessel. *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See previously produced shipboard medical records of Plaintiff, bates stamped as GR000006 through GR000036.

9. Any and all onboard charge account records for the Plaintiff and for anyone else with which the Plaintiff was traveling on the subject cruise. This request includes but is not limited to the electronic data and a printout of the charge records showing for each charge the date, time, location, and description of item charged, and includes but is not limited to all the receipts signed by the subject passengers for each such charge.

**RESPONSE:** Objection. Defendant objects to this request as it is vague, ambiguous, and confusing as it does not define "anyone else with which the Plaintiff was traveling" nor can that information be determined by Defendant. Further, the request for "electronic data" is unduly burdensome and constitutes an improper fishing expedition, specifically in light of Defendant providing copies of the Plaintiff's relevant records. *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached Medical Center charges of Plaintiff, bates stamped as GR000041 through GR000042. Plaintiff's Sail and Sign records were previously produced, bates stamped as GR000001 through GR000004. As to the Plaintiff's wife, see attached Sail and Sign documents, bates stamped as GR000043 through GR000046.

10. Any and all record of entering the ship and exiting the ship provided by the ship's security system. This request includes but is not limited to the electronic data and a printout showing the date, time, location of the ship's entrance, and photo of the passenger.

**Page 263**

**RESPONSE: Objection. Defendant objects to this request as it is vague, ambiguous, and confusing as it does not seem to formulate a proper grammatical sentence. Further the request is vague and confusing as to "the passenger" an undefined term, and vague and ambiguous as to "provided by the ship's security system." Further, the request for "electronic data" is unduly burdensome and constitutes an improper fishing expedition, specifically in light of Defendant providing copies of the Plaintiff's relevant records.** *Awad v. CiCi Enters.*, **No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As to the Plaintiff, see previously produced Movement Report, bates stamped as GR000005.**

11. Any and all record of people entering and exiting the cabin of the subject passenger. This request includes but is not limited to the electronic data and a printout of the electronic lock or lock link system for the subject passenger's cabin.

    **RESPONSE: Objection. Defendant objects to this request as it is vague and ambiguous as to "subject passenger" an undefined term. Further, the request for "electronic data" is unduly burdensome and constitutes an improper fishing expedition.** *Awad v. CiCi Enters.*, **No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

    **Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: None.**

12. Any and all records of communications with or regarding the Plaintiff or anyone in the Plaintiff's party made at any time during the subject cruise or thereafter. This request includes but is not limited to the electronic data and printouts of that data for entries into any system of records for the guest services department, front desk, or guest services representatives and includes but is not limited to communications regarding the plaintiff, the incident, the medical care, the transportation of the plaintiff off the ship, and/or the medical care of the Plaintiff off the ship.

    **RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "anyone in the Plaintiff's party" which is undefined, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Further, the request for "electronic data" is unduly burdensome and constitutes an improper fishing expedition, specifically in light of Defendant providing copies of the Plaintiff's relevant records.** *Awad v. CiCi Enters.*, **No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Page 264**

**Defendant objects to this request to the extent it seeks correspondence protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached correspondence between Defendant and Plaintiff, or Plaintiff's attorneys, bates stamped as GR000047 through GR000057.**

13. Any and all emails, texts, and/or other electronic communications (including those made over or using any shipboard communication system such as the one provided by Cisco Systems or any other provider for the same purpose) made at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, by any shipboard medical personnel and/or officers and/or other crew in regard to any problems, complaints, maintenance, and/or safety of the staircase/area where subject incident happened. This request includes but is not limited to the electronic data and printouts of such communications. These communications include but are not limited to communications as follow:

    (a) Shipboard medical personnel to each other;
    (b) Shipboard medical personnel to the bridge or to officers of the ship;
    (c) Shipboard medical personnel to the cruise line's land based physician(s) who is(are) on call for medical consultations;
    (d) Captain or other officers of the ship to Coast Guard and other authorities about the incident or about rerouting or transportation off the ship as a result of the incident;
    (e) Safety officer or other officer to shoreside headquarters about the incident;
    (f) Safety officer, facilities personnel, deck department personnel, or others to the manufacturer, distributor, or installer of the flooring involved about the incident;
    (g) Housekeeping personnel;
    (h) Sound tech and audio tech;
    (i) Guest Services.

    **RESPONSE:** **Objection. Defendant objects to Request 13 (a-i) as overbroad in time and scope, vague and ambiguous as to "the incident," wholly irrelevant to the Plaintiff's claims in this matter, constitutes an improper fishing expedition including the request for "electronic data," is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at \*5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)). Defendant further objects to this request to the**

**Page 265**

**extent it seeks documents protected by work product doctrine.** *See Berry v. Haynes*, **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

**Further as phrased, the request improperly materials factually dissimilar to the alleged incident, and thus is overly broad, immaterial, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. See, e,g,** *Glatter v MSC Cruises,* **2019 WL 1300896 (S.D. Fla. 2019);** *Konczakowski v. Paramount Pictures, Inc.,* **20 F.R.D. 588 (S.D.N.Y. 1957).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Upon information and belief, as there were no complaints of similar prior incidents involving the** *Vista*, **Deck 11-12 staircase within three (3) years prior to the subject incident, none.**

14. Any and all emails, text messages including and/or other communications made at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, by any shipboard medical personnel and/or officers and/or other crew in regard to any problems, complaints relating the inspection, safety, maintenance, modifications, repairs, cleaning, providing safety warnings, incident prevention, trip incidents, and/or incidents of falling and/or injuries involving the area where the subject incident occurred. This request includes but is not limited to the electronic data and printouts of such communications.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous, wholly irrelevant to the Plaintiff's claims in this matter, constitutes an improper fishing expedition including the request for "electronic data." It appears that the poorly drafted requests seeking materials related to "trip incidents, and/or incidents of falling," are not narrowed to any of Plaintiff's claims, not proportional to the needs of this case, are likely copy and pasted from prior cases, are not made in good faith, and violate Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.");** *Century Sur. Co. v. Lay*, **No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at *5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)).**

**Defendant further objects to this request to the extent it seeks documents protected by work product doctrine.** *See Berry v. Haynes*, **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

**Page 266**

15. Any and all minutes of and notes made regarding any and all meetings onboard the ship (electronic data and printouts), including but not limited to the Accident Investigation Focus Team Reports, Guest Safety Focus Team Reports, HESS action team meetings, Steering Committee meetings, monthly and/or weekly shipboard meetings regarding the subject staircase on which the subject incident occurred or substantially similar staircase on all Vista-class ships and inspections, safety, maintenance, repairs, cleaning, providing safety warnings, accident/incident prevention, and/or incidents of falling and/or injuries which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "substantially similar staircase," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). It appears that the poorly drafted requests seeking materials related to "incidents of falling" are not narrowed to any of Plaintiff's claims, not proportional to the needs of this case, are likely copy and pasted from prior cases, are not made in good faith, and violate Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.").**

**Defendant objects to the unduly burdensome nature of this request as Defendant would need to perform a manual search of records generated across all Vista-class ships for a period of over four (4) years. Without any logical nexus to the material issues in this case, this request is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

**Defendant further objects to this request to the extent it seeks documents protected by work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

16. Any and all minutes of and notes made regarding any and all meetings onboard the ship (electronic data and printouts), including but not limited to the Accident Investigation Focus Team Reports, Guest Safety Focus Team Reports, HESS action team meetings, Steering Committee meetings, monthly and/or weekly shipboard meetings regarding the subject staircase on which the subject incident occurred or substantially similar staircase on all Vista-class ships and problems with the steps including but not limited to that the wood panels were loose/unsecured, that the wood panels were rotted and needed to be replaced, that the screws and/or bolts were loose and/or rusted, and that the screws and/or

bolts needed to be replaced which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "substantially similar staircase," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.").**

**Defendant objects to the unduly burdensome nature of this request as Defendant would need to perform a manual search of records generated across all Vista-class ships for a period of over four (4) years. Without any logical nexus to the material issues in this case, this request is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

**Defendant further objects to this request to the extent it seeks documents protected by work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

17. Entries into any computerized shipboard system and all attachments thereto (native format and printed hard copies), including but not limited to ICare regarding the subject staircase on which the subject incident occurred or substantially similar staircase on all Vista-class ships and inspections, safety, maintenance, repairs, cleaning, providing safety warnings, accident/incident prevention, and/or incidents of falling and/or injuries which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, unduly burdensome, overbroad in time and scope, vague and ambiguous as to "entries into any computerized shipboard system" "substantially similar staircase," wholly irrelevant seeking materials related to "incidents of falling," not limited to the subject vessel or voyage, wholly unrelated to any of Plaintiff's claims, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed**

**Page 268**

to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at *5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").

Defendant further objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached iCare comments of Plaintiff, bates stamped as GR000056 through GR000057.

18. Any and all passenger comment cards and/or passenger comments provided to Carnival and attachments thereto including but not limited to emails and attachments thereto regarding the subject staircase on which the subject incident occurred or substantially similar staircase on all *Vista*-class ships and inspections, safety, maintenance, repairs, cleaning, providing safety warnings, accident/incident prevention, and/or incidents of falling and/or injuries which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague and ambiguous as to "substantially similar staircase," not relevant to the parties' claims and defenses, factually dissimilar to the allegations in this case, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately

linked to a particular hazard, location or condition are not enforceable."). See, e,g, *Glatter v MSC Cruises,* 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Carnival performed a search in its TGEM and iCare databases for any guest comments or complaints regarding the subject staircase aboard the *Vista* for the three years prior to the subject incident, and found no results. The iCare database was searched from September 2021 through date of incident, which consists of all of the data prior to the subject incident.

19. Any and all statistics regarding injuries sustained by loosened wooden panels where the subject incident occurred on the subject cruise ship. This includes the red/blue dot diagram.

   <u>RESPONSE</u>: Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "statistics," seeks materials unrelated to and factually dissimilar from Plaintiff's claims, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *see, e.g. Glatter v MSC Cruises,* 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957); *see Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at *9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

   Defendant further objects to this request to the extent it seeks materials protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

   Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Carnival performed a search as to any prior incidents involving loose or unsecured wood panels injuring guests on similar staircases in the same class of vessels as the *Vista* in the three-year period prior to the subject incident, and the result revealed none. As such, there would be no responsive materials.

20. Copies of accident trend analysis for the *Vista*-class ships including the *Carnival Vista* regarding the same and/or similar staircase as where the subject incident occurred for a

period of three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "accident trend analysis" and "similar staircase," seeks materials wholly unrelated to and factually dissimilar from Plaintiff's claims, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *see, e.g. Glatter v MSC Cruises*, 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).**

**Defendant further objects to this request to the extent it seeks materials protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).**

21. Any and all correspondence, faxes, or other written communication sent or received from Plaintiffs, or anyone on behalf of the Plaintiffs, at any time in regarding to the subject accident.

    **RESPONSE: See attached correspondence, bates stamped as GR000047 through GR000055.**

22. Any and all diagrams and floor plans of the area where the incident occurred. This request is for architectural drawings, not for the diagram available on the cruise line's website.

    **RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "area where the incident occurred" an undefined term, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp.**

**2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).** *See Nat'l Staffing Sols., Inc. v. Sanchez,* **No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached Carnival *Vista* deck plan and Deck Plans for Decks 11 and 12 of the *Vista*, bates stamped as GR000058 through GR000060.**

23. Any and all tickets, contracts, or other written materials, which the Defendant claims affects the liability of the parties or the recovery of damages set forth in the Plaintiff's Complaint.

    **RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, with no temporal limitation, vague and ambiguous as to "other written materials," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Armas v. Miabraz, LLC,* **No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012);** *Sommerfield v. City of Chicago,* **251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest");** *Awad v. CiCi Enters.,* **No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition"). "Broad and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous."** *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.,* **198 F.R.D. 508, 514 (N.D. Iowa, 2000)(citing** *Robbins v. Camden City Bd. of Educ.,* **105 F.R.D. 49, 50 (D.N.J. 1985); and** *Gaison v. Scott,* **59 F.R.D. 347, 353 (D. Haw. 1973). Defendant further objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes,* **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards,* **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor,* **329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

    **Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: The passenger's ticket for the subject voyage has been requested and will be provided upon receipt.**

24. The Incident Report for the Plaintiff's subject incident.

    **RESPONSE: Objection. Defendant objects to this request to the extent it seeks materials protected by the work product privilege. F.R.C.P. 26(b)(3)(a); Bridgewater v. Carnival Corp., 286 F.R.D. 636, 643 (S.D. Fla. 2011) (finding that the cruise line**

**Page 272**

demonstrates that the primary purpose behind the accident report was to aid Carnival in possible future litigation.); *Lobegeiger v. Royal Caribbean Cruises Ltd.*, 2012 WL 760857, at *1 (S.D. Mar. 7, 2012) ("…the accident report was created in anticipation of litigation and is, therefore, protected by the work product doctrine."); *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650 (S.D. Fla. 2009) ("accident records and reports… are work product prepared in anticipation of litigation."); *Hayden v. NCL (Bahamas) Ltd.*, No. 07-23298-KING (S.D. Fla. Aug. 15, 2008). See Defendant's privilege log.

25. The Incident Report(s) for the similar incidents identified by the Defendant and/or identified in Plaintiff's Complaint including: *Davis v. Carnival Corp.*, Case No. 1:22-cv-24063; *Jackson v. Carnival Corp.*, Case No. 21-cv-20035; *Giusti v. Carnival Corp.*, Case No. 2019-cv-25232; *Kreuger v. Carnival Corp.*, Case No. 20-cv-20138-JLK; *Prevost v. Carnival Corp.*, Case No. 20-cv-24798; *Stevens v. Carnival Corp.*, Case No. 20-cv-22420-UU; *Hughes v. Carnival Corp.*, Case No.: 20-cv-24540; *Goodman v. Carnival Corp.*, Case No. 20-cv-20431-MGC; *Smith et al. v. Carnival Corp.*, Case No.: 1:19-cv-23123.

**RESPONSE**: Objection. Defendant objects to this request as it is vague and ambiguous to "similar incidents," not relevant to the parties' claims and defenses, seeks materials wholly unrelated to and factually dissimilar from Plaintiff's claims, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *see, e.g. Glatter v MSC Cruises*, 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.*, 20 F.R.D. 588 (S.D.N.Y. 1957).

Defendant further objects to this request to the extent it seeks reports and statements protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 643 (S.D. Fla. 2011) (finding that the cruise line demonstrates that the primary purpose behind the accident report was to aid Carnival in possible future litigation.); *Lobegeiger v. Royal Caribbean Cruises Ltd.*, 2012 WL 760857, at *1 (S.D. Mar. 7, 2012) ("…the accident report was created in anticipation of litigation and is, therefore, protected by the work product doctrine."); *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650 (S.D. Fla. 2009) ("accident records

**Page 273**

and reports… are work product prepared in anticipation of litigation.”); *Hayden v. NCL (Bahamas) Ltd.*, No. 07-23298-KING (S.D. Fla. Aug. 15, 2008).

26. The Passenger injury Statements for the incident reports for the prior incidents identified by Carnival and identified in the complaint.

**RESPONSE: Objection. Defendant objects to this request as it is not relevant to the parties' claims and defenses, seeks materials wholly unrelated to and factually dissimilar from Plaintiff's claims, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) (“[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.”); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, **07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, **593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case);** *Ree v. Royal Caribbean Cruises, Ltd.*, **315 F.R.D. 682, 687 (S.D. Fla. 2016) (“[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.”);** *see, e.g. Glatter v MSC Cruises*, **2019 WL 1300896 (S.D. Fla. 2019) (“Prior incidents that do not or would not put the Defendant on notice are not relevant.”);** *Konczakowski v. Paramount Pictures, Inc.,* **20 F.R.D. 588 (S.D.N.Y. 1957).**

**Defendant further objects to this request to the extent it seeks reports and statements protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes*, **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947);** *Bridgewater v. Carnival Corp.*, **286 F.R.D. 636, 643 (S.D. Fla. 2011) (finding that the cruise line demonstrates that the primary purpose behind the accident report was to aid Carnival in possible future litigation.);** *Lobegeiger v. Royal Caribbean Cruises Ltd.*, **2012 WL 760857, at \*1 (S.D. Mar. 7, 2012) (“…the accident report was created in anticipation of litigation and is, therefore, protected by the work product doctrine.”);** *Fojtasek v. NCL (Bahamas) Ltd.*, **262 F.R.D. 650 (S.D. Fla. 2009) (“accident records and reports… are work product prepared in anticipation of litigation.”);** *Hayden v. NCL (Bahamas) Ltd.*, **No. 07-23298-KING (S.D. Fla. Aug. 15, 2008).**

27. The Cruise Compass distributed to passengers during the subject Cruise.

**RESPONSE: Carnival is not in possession of any document with this title.**

28. Copy of the itinerary for the voyage on which Plaintiff was a passenger.

**RESPONSE: No such responsive document exists, however, the itinerary for the subject cruise was:**

**Page 274**

| Date | Destination | Arrival | Departure |
|---|---|---|---|
| 7/8/2023 | Galveston, TX | | 16:00 |
| 7/9/2023 | "Fun Day" at Sea | | |
| 7/10/2023 | "Fun Day" at Sea | | |
| 7/11/2023 | Montego Bay, Jamaica | 08:00 | 16:00 |
| 7/12/2023 | Grand Cayman, Cayman Islands | 07:00 | 14:00 |
| 7/13/2023 | Cozumel, Mexico | 10:00 | 16:00 |
| 7/14/2023 | "Fun Day" at Sea | | |
| 7/15/2023 | Galveston, TX | 08:00 | |

29. Any and all pages of the deck log for the subject voyage.

**RESPONSE: See attached deck logs for the subject voyage, bates stamped as GR000061 through GR000292.**

30. Any Policy and Procedures for the Carnival ship that establishes how many crew members must be assigned to the subject area where the incident occurred on the subject cruise ship during each shift.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "subject area" an undefined term, is not relevant to the parties' claims and defenses, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case). *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Upon information and belief, none.**

31. Any and all reports, Security Guard Watch Reports, Security Guard Summary Reports, electronic data from computers including the Defendant's data banks of claims, demand letters, photographs, video tapes, audio tapes, diagrams, illustrations, reproductions, witness statements, memoranda, forms, notes, correspondence, and any and all other document which describe or reference the subject incident.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, constitutes an improper fishing expedition of Defendant's internal**

**Page 275**

"electronic data," "data banks" and internal correspondence, which are all proprietary in nature and are not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at *5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)). Further, the request for "electronic data" and "data banks" is unduly burdensome and constitutes an improper fishing expedition, specifically in light of Defendant providing copies of the Plaintiff's relevant records. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

Defendant further objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See previously produced Security Watch Reports, bates stamped as GR000037 through GR000039.

32. Any and all reports, Security Guard Watch Reports, Security Guard Summary Reports, electronic data from computers including the Defendant's data banks of claims, demand letters, photographs, video tapes, audio tapes, diagrams, illustrations, reproductions, witness statements, memoranda, forms, notes, correspondence, and any and all other document which describe or reference the subject area where the incident occurred and incidents of falling and/or injuries on the *Vista*-class ships within three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague, ambiguous, not relevant to the parties' claims and defenses, factually dissimilar to the allegations in this case, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008)

**Page 276**

(finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."). See, e,g, *Glatter v MSC Cruises,* 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).

Defendant further objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Carnival performed a search as to any prior incidents involving loose or unsecured wood panels injuring guests on similar staircases in the same class of vessels as the *Vista* in the three-year period prior to the subject incident, and the result revealed none. As such, there would be no responsive materials. As it relates to the subject incident, see previously produced Security Watch Reports, bates stamped as GR000037 through GR000039.

33. Any and all documents and/or entries in any and all computerized shipboard systems, programs, electronic documents, electronic records including but not limited to databases, logs, forms, reports, tables, charts, comment cards, reflecting complaints regarding the subject area and/or areas similar to the subject area on the *Vsta*-class ships with regard to incidents of falling and/or injuries for the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague, ambiguous, not relevant to the parties' claims and defenses, factually dissimilar to the allegations in this case, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."). See, e,g, *Glatter v MSC Cruises,* 2019 WL

**Page 277**

**1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Carnival performed a search in its TGEM and iCare databases for any guest comments or complaints regarding the subject staircase aboard the *Vista* for the three years prior to the subject incident, and found no results. The iCare database was searched from September 2021 through date of incident, which consists of all of the data prior to the subject incident.**

34. Any and all brochures, manuals, catalogues, specifications, or other document which describes the model, make, type of material, date of installation for the following: the tile flooring on the pool deck the subject area.

    **RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "the tile flooring on the pool deck the subject area," and wholly irrelevant to the Plaintiff's claims in this matter. It appears that the poorly drafted requests seeking materials related to pool tiling are not narrowed to any of Plaintiff's claims in this matter, not proportional to the needs of this case, are likely copy and pasted from prior cases, are not made in good faith, and violate Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at \*5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)).**

35. Any and all maintenance and/or maintenance logs, log reports records, diaries, calendars, work orders, invoices, and any and all other documents which describe or refer to the subject wooden panel and staircase generated at any time within three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

    **RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous, is not relevant to any of the parties' claims and defenses as there are no allegations of improper cleaning, thus is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).**

    **Defendant objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968);**

*Hickman v. Taylor*, 329 U.S. 495, 507 (1947). **The request is too overbroad for Defendant to prepare a Privilege Log.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As it relates to the subject Deck 11-Deck 12 staircase of the *Vista* during the subject voyage, see attached Work Order bates stamped as GR000293 through GR000295.**

36. Any and all records, logs, diaries, calendars, work orders, invoices, and any and all other documents which describe or refer to any cleaning and/or cleaning schedule the subject staircase and/or similar staircases as where the subject incident occurred which were generated during the subject cruise and/or in effect during the subject cruise.

    <u>RESPONSE</u>: **Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous, is not relevant to any of the parties' claims and defenses as there are no allegations of improper cleaning, thus is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, **07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, **593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case);** *Salvato v. Miley*, **No. 5:12-CV-635-OC-10PRL, 2013 WL 2712206, at \*2 (M.D. Fla. June 11, 2013) (holding that the mere hope that private text-messages, e-mails, and electronic communication might include an admission against interest, without more, is not sufficient reason to require a party to open access to private communications with third parties);** *Century Sur. Co. v. Lay*, **No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at \*5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)).**

    **Defendant objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes*, **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

37. Any and all meeting minutes (and attachments thereto), emails (and attachments thereto), presentations (and attachments thereto), photographs, records, logs, diaries, calendars, work orders, invoices, and any and all other documents which describe or refer to the original installation of the subject staircase where the incident occurred.

**Page 279**

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague and ambiguous, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Armas v. Miabraz, LLC***, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012);** *Sommerfield v. City of Chicago***, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest");** *Awad v. CiCi Enters.***, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition");** *Salvato v. Miley***, No. 5:12-CV-635-OC-10PRL, 2013 WL 2712206, at \*2 (M.D. Fla. June 11, 2013) (holding that the mere hope that private text-messages, e-mails, and electronic communication might include an admission against interest, without more, is not sufficient reason to require a party to open access to private communications with third parties);** *Century Sur. Co. v. Lay***, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at \*5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)).**

**Defendant objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes***, 41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards***, 45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor***, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: The subject Deck 11-Deck 12 staircase of the** *Vista* **at the time of the incident were original to the vessel's construction. Defendant is not in possession of any documents related to the staircase's installation.**

38. Any and all records, logs, diaries, calendars, work orders, invoices, and any and all other documents which describe or refer to any inspections, repairs of, modifications to, and /or construction to the subject staircase or any other substantially similar staircases on the *Vista*-class ships which was generated at any time three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague and ambiguous as to "substantially similar staircases," not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Armas v. Miabraz, LLC***, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012);** *Sommerfield v. City of Chicago***, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter**

**that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition"); *Salvato v. Miley*, No. 5:12-CV-635-OC-10PRL, 2013 WL 2712206, at \*2 (M.D. Fla. June 11, 2013) (holding that the mere hope that private text-messages, e-mails, and electronic communication might include an admission against interest, without more, is not sufficient reason to require a party to open access to private communications with third parties); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at \*5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)).**

**Defendant objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See Defendant's Answer to Interrogatory No. 17.**

39. Any and all reports, documents, forms, correspondence, notes, and any and all other documents, which describe or refer to any testing except those performed in anticipation of litigation made to the subject staircase or any other substantially similar staircases on the *Vista*-class ships which was generated the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19,

   **RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague and ambiguous as to "substantially similar staircases," not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition"); *Salvato v. Miley*, No. 5:12-CV-635-OC-10PRL, 2013 WL 2712206, at \*2 (M.D. Fla. June 11, 2013) (holding that the mere hope that private text-messages, e-mails, and electronic communication might include an admission against interest, without more, is not sufficient reason to require a party to open access to private communications with third parties); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at \*5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of**

**internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)).**

**Defendant objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

40. Any and all crew manifests or lists, time cards, payroll records, employee rosters, and other records which show, indicate or refer to the names, addresses, titles, contact information, current ship assignments and vacation schedules of employees who were assigned to work in the area where the subject incident occurred including but not limited to the crewmember that cleaned the subject area, the housekeeping supervisor of the subject area, and the housekeeping stewards assigned to the subject area. (With regard to crew members who are no longer in Carnival's employment, this request seeks contact information, including but not limited to phone numbers, address, and email address).

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "crewmember that cleaned the subject area," is not relevant to any of the parties' claims and defenses, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).**

**The request essentially constitutes a request for personnel files of crewmembers, which courts have consistently found that personnel files contain sensitive, confidential information and only require their production under appropriate circumstances. *See Sanchez v. Cardon Healthcare Network, LLC*, No. 3:12-cv-902-J-34JBT, 2013 WL 2352142, \*2 (M.D. Fla. May 29, 2013); *Moss v. Geico Indem. Co.*, Case No. 5:10-cv-104-Oc-10TBS, 2012 WL 682450, at \*5-6 (M.D. Fla. Mar. 2, 2012); *see also Regan–Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("[P]ersonnel files often contain sensitive personal information ... it is not unreasonable to be cautious about ordering their entire contents disclosed willy nilly.").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached open deck ship assignment sheet for the date of the subject incident, bates stamped as GR000296. See also Defendant's Answer to Interrogatory No. 5.**

**Page 282**

41. The crew members entire personnel file for the crew members assigned to the subject area where the incident occurred on the subject cruise ship including but not limited to: the crewmember that cleaned the subject area, the housekeeping supervisor of the subject area, and the housekeeping stewards assigned to the subject area.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "crewmember that cleaned the subject area," is not relevant to any of the parties' claims and defenses, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).**

**Further, Courts have consistently found that personnel files contain sensitive, confidential information and only require their production under appropriate circumstances. *See Sanchez v. Cardon Healthcare Network, LLC*, No. 3:12-cv-902-J-34JBT, 2013 WL 2352142, \*2 (M.D. Fla. May 29, 2013); *Moss v. Geico Indem. Co.*, Case No. 5:10-cv-104-Oc-10TBS, 2012 WL 682450, at \*5-6 (M.D. Fla. Mar. 2, 2012); *see also Regan–Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("[P]ersonnel files often contain sensitive personal information ... it is not unreasonable to be cautious about ordering their entire contents disclosed willy nilly.").**

42. Any and all documents indicating the crew members assigned to the subject area including but not limited to: the crewmember that cleaned the subject area, the housekeeping supervisor of the subject area, and the housekeeping stewards assigned to the subject area, who completed trainings regarding inspection, safety, repair, cleaning, maintenance, providing safety warnings and/or incident prevention.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "crewmember that cleaned the subject area," further confusing as to seeking materials related to crew members "who completed trainings regarding inspection, safety, repair, cleaning, maintenance, providing safety warnings and/or incident prevention," is not relevant to any of the parties' claims and defenses, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL**

**Page 283**

11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case). *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached open deck ship assignment sheet for the date of the subject incident, bates stamped as GR000296.

43. The job description for the following positions: the crewmember that cleaned the subject area, the housekeeping supervisor of the subject area, and the housekeeping stewards assigned to the subject area.

RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "crewmember that cleaned the subject area," is not relevant to any of the parties' claims and defenses which does not allege any claims for improper cleaning, thus is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case). *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached job descriptions of Hotel Steward, Housekeeping Manager, and Pool and Deck Supervisor, bates stamped as GR000297 through GR000299.

44. The job description of each and every crew member whose responsibilities included – as of the date of the subject accident – inspection, safety, repair, cleaning, maintenance, providing safety warnings and/or incident prevention in the area where the subject incident occurred.

RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "Section Assignment Lists" and "subject area" an undefined term, is not relevant to the

**Page 284**

parties' claims and defenses, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, **07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, **593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).** *See Nat'l Staffing Sols., Inc. v. Sanchez*, **No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached job descriptions of Hotel Steward, Housekeeping Manager, and Pool and Deck Supervisor, bates stamped as GR000297 through GR000299.**

45. The Section Assignment Lists for the crew members assigned to the subject area where the incident occurred on the subject cruise ship during the subject voyage.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "Section Assignment Lists" and "subject area" an undefined term, is not relevant to the parties' claims and defenses, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, **07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, **593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).** *See Nat'l Staffing Sols., Inc. v. Sanchez*, **No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached open deck ship assignment sheet for the date of the subject incident, bates stamped as GR000296.**

46. Any and all documentation of a crew member assigned to the subject area where the incident occurred on the subject cruise ship, being unable to work during his or her assigned shift.

**RESPONSE:** **Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "subject area" an undefined term, is not relevant to the parties' claims and defenses as seemingly seeking crewmembers who were "unable to work" thus would not be involved in Plaintiff's alleged incident, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress***, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.***, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.***, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).** *See Nat'l Staffing Sols., Inc. v. Sanchez***, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached open deck ship assignment sheet for the date of the subject incident, bates stamped as GR000296.**

47. The log of crew members who clocked in/out for the crew members assigned to the subject area where the incident occurred on the subject cruise ship.

    **RESPONSE:** **Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "subject area" an undefined term, is not relevant to the parties' claims and defenses, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress***, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.***, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.***, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).** *See Nat'l Staffing Sols., Inc. v. Sanchez***, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

    **Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached open deck ship assignment sheet for the date of the subject incident, bates stamped as GR000296.**

48. The Daily/Nightly Shift Reports and attachments there to (native format and printed hardcopies) regarding the subject area for the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produce.

**RESPONSE: Objection. Defendant objects to this request as it constitutes an improper fishing expedition, is overbroad in time and scope, vague and ambiguous as to "subject area," not appropriately limited to the subject claims or subject incident, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress***, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.***, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *Azzia v. Royal Caribbean Cruises Ltd.***, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s***ee also Ree v. Royal Caribbean Cruises, Ltd.***, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.");** *Awad v. CiCi Enters.***, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Further, the request for "all electronic data" is unduly burdensome and constitutes an improper fishing expedition, specifically in light of Defendant providing the attached relevant materials.** *Awad v. CiCi Enters.***, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached Day and Night Shift Reports for the subject voyage, bates stamped as GR000300 through GR000319.**

49. Any and all policy, procedures, manuals, rules, regulations, employee handbooks, brochures, pamphlets, memos, notices videos, trainings, presentations, and computer programs and any and all other materials distributed, made available, or shown to any crew members at any time within 3 years before the subject incident regarding inspection, safety, repair, cleaning, maintenance, providing safety warnings and/or incident prevention applicable for the area where the subject incident occurred and which were generated and/or available at any time for the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "shown to any crew member," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of**

**Page 287**

admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at *2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").

Further, the request for "all electronic data" is unduly burdensome and constitutes an improper fishing expedition, specifically in light of Defendant providing the attached relevant materials. *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached policies in effect during the subject cruise, bates stamped as GR000320 through GR000335.

50. Any and all documents and electronic data including but not limited to SQMs and/or 2 minute trainers provided to crewmembers on board the subject ship who are responsible for inspection, safety, repair, cleaning, providing safety warnings, maintenance and/or incident prevention in the area where the subject incident occurred which would have been available at any time for the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "crewmembers…who are responsible for…safety…and/or incident prevention," not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at *2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").

Further, the request for "all electronic data" is unduly burdensome and constitutes an improper fishing expedition, specifically in light of Defendant providing the

**attached relevant materials.** *Awad v. CiCi Enters.*, **No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached policies in effect during the subject cruise, bates stamped as GR000320 through GR000335.**

51. Any and all AVO logs regarding the subject staircase or any other substantially similar staircases on the *Vista*-class ships which were generated at any time within three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

   <u>RESPONSE</u>: **Carnival is not in possession of any document with this title.**

52. Any and all internal audits performed pursuant to the International Safety Management (ISM) Code regarding the subject staircase or any other substantially similar staircases on the *Vista*-class ships which were generated at any time within three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

   <u>RESPONSE</u>: **Objection. Defendant objects to this request as it constitutes an improper fishing expedition, is overbroad in time and scope, vague and ambiguous as to "substantially similar staircases," not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Reed v. Royal Caribbean Cruises, Ltd.*, **No. 19-24668-CIV, 2021 WL 4990902, at \*11 (S.D. Fla. Aug. 20, 2021) ("A plaintiff cannot rely on the [ISM] Code to support his negligence claim against a shipowner.");** *Awad v. CiCi Enters.*, **No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

   **Since the request seeks material that involves circumstances, conditions, and locations factually dissimilar to what is involved in this litigation, the request is overly broad, inherently dissimilar, disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence. See, e,g,** *Glatter v MSC Cruises,* **2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant.");** *Konczakowski v. Paramount Pictures, Inc.,* **20 F.R.D. 588 (S.D.N.Y. 1957).**

   **Defendant objects to this request to the extent it seeks reports or materials protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes*, **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947).**

53. Any and all Corrective Action Reports (C.A.R.) generated in compliance with the International Safety Management (ISM) Code which relate to the inspection, safety, repair, cleaning, maintenance and/or accident prevention regarding the subject staircase or any other substantially similar staircases on the *Vista*-class ships which were generated at any time within three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

**RESPONSE: Objection. Defendant objects to this request as it constitutes an improper fishing expedition, is overbroad in time and scope, vague and ambiguous as to "substantially similar staircases," not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Reed v. Royal Caribbean Cruises, Ltd.***, No. 19-24668-CIV, 2021 WL 4990902, at \*11 (S.D. Fla. Aug. 20, 2021) ("A plaintiff cannot rely on the [ISM] Code to support his negligence claim against a shipowner.");** *Awad v. CiCi Enters.***, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Since the request seeks material that involves circumstances, conditions, and locations factually dissimilar to what is involved in this litigation, the request is overly broad, inherently dissimilar, disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence. See, e,g,** *Glatter v MSC Cruises,* **2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant.");** *Konczakowski v. Paramount Pictures, Inc.,* **20 F.R.D. 588 (S.D.N.Y. 1957).**

**Defendant objects to this request to the extent it seeks reports or materials protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes***, 41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards***, 45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor***, 329 U.S. 495, 507 (1947).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: None related to the subject incident.**

54. The portions of the vessel's International Safety Management (ISM) code-compliant manual, regarding cleaning, maintenance, and safety of flooring.

**RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitations, vague, ambiguous, confusing, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. 26(b)(1);** *Reed v. Royal Caribbean Cruises, Ltd.***, No. 19-24668-CIV, 2021 WL 4990902, at \*11 (S.D. Fla. Aug. 20, 2021) ("A plaintiff cannot rely on the [ISM] Code to support his negligence claim against a shipowner."). Indeed, to permit production of the requested information here would impermissibly "condone the use of discovery to engage in [a] fishing expedition."** *Armas v. Miabraz, LLC***, No. 12-20063-CIV, 2012 WL**

13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition"); *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at *9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

55. Any and all reports, notices, notes, faxes, any and all other descriptions of non-conformities in compliance with the International Safety Management (ISM) Code regarding the subject staircase or any other substantially similar staircases on the *Vista*-class ships which were generated at any time within three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

RESPONSE: Objection. Defendant objects to this request as it is overbroad in time and scope, vague, ambiguous, confusing, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. 26(b)(1); *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 4990902, at *11 (S.D. Fla. Aug. 20, 2021) ("A plaintiff cannot rely on the [ISM] Code to support his negligence claim against a shipowner."). Defendant further objects to the extent this request seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Indeed, to permit production of the requested information here would impermissibly "condone the use of discovery to engage in [a] fishing expedition." *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

56. The subject premises; vessel(s); signage; notices; flooring; the subject wooden panels, the steps, the screws and/or bolts, the railing, the nosing of the steps, the cleaning equipment and supplies used by its crew members at the time of the subject incident, and any and all other items involved in, or which may have caused or contributed to the cause of the subject incident.

RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, unduly burdensome, overbroad in scope, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. It appears that the poorly drafted requests seeking materials related to

cleaning equipment and supplies are not narrowed to any of Plaintiff's claims in this matter, not proportional to the needs of this case, are likely copy and pasted from prior cases, are not made in good faith, and violate Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at *5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)).

Without any logical nexus to the material issues in this case, this request is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Defendant will permit entry to Plaintiff of the *Vista* vessel available to Plaintiff for purposes of inspection, measuring, surveying, and photographing, of the subject area wherein the alleged incident occurred, at a mutually convenient time and location, upon a formal and separate request being made to Defendant.

57. Any and all contracts and attachments thereto (native format and printed copies) between Carnival and the Shipyard regarding the subject ship and the subject area/staircase. This includes any and all documents referenced in the Contract.

RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope with no temporal limitation, vague, ambiguous, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Salvato v. Miley*, No. 5:12-CV-635-OC-10PRL, 2013 WL 2712206, at *2 (M.D. Fla. June 11, 2013) (holding that the mere hope that private text-messages, e-mails, and electronic communication might include an admission against interest, without more, is not sufficient reason to require a party to open access to private communications with third parties); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at *5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)); *Musser v. Walmart Stores E., L.P.*, No. 16-62231-CIV, 2017 WL 7732871, at *4 (S.D. Fla. July 19, 2017) (finding a request for contracts with third parties is facially overbroad and not proportional to the needs of this case, as "Plaintiff has failed to explain why she is entitled to contracts for which she was not a party."); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1

(M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

58. Any and all documents including communications, meeting minutes, work orders, purchase orders, and/or invoices regarding the replacement of the subject staircase or any other substantially similar staircases on the *Vista*-class ships.

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope with no temporal limitation, vague, ambiguous, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Salvato v. Miley*, No. 5:12-CV-635-OC-10PRL, 2013 WL 2712206, at \*2 (M.D. Fla. June 11, 2013) (holding that the mere hope that private text-messages, e-mails, and electronic communication might include an admission against interest, without more, is not sufficient reason to require a party to open access to private communications with third parties); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at \*5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)); *Musser v. Walmart Stores E., L.P.*, No. 16-62231-CIV, 2017 WL 7732871, at \*4 (S.D. Fla. July 19, 2017) (finding a request for contracts with third parties is facially overbroad and not proportional to the needs of this case, as "Plaintiff has failed to explain why she is entitled to contracts for which she was not a party."); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Defendant further objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

59. Any and all documents including communications either written or electronic and all attachments thereto (native format and printed copies) between and/or copying Carnival and/or the Shipyard and/or any and all contractors, subcontractors, architects, engineers, and/or other entities and/or persons regarding the design, selection and/or construction of the staircase where the Plaintiff's incident occurred including all specifications, plans and communications.

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope with no temporal limitation, vague, ambiguous, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Salvato v. Miley*, No. 5:12-CV-635-OC-10PRL, 2013 WL 2712206, at \*2 (M.D. Fla. June 11, 2013) (holding that the mere hope that**

private text-messages, e-mails, and electronic communication might include an admission against interest, without more, is not sufficient reason to require a party to open access to private communications with third parties); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at *5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)); *Musser v. Walmart Stores E., L.P.*, No. 16-62231-CIV, 2017 WL 7732871, at *4 (S.D. Fla. July 19, 2017) (finding a request for contracts with third parties is facially overbroad and not proportional to the needs of this case, as "Plaintiff has failed to explain why she is entitled to contracts for which she was not a party."); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

Defendant further objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.

60. The specifications and plans for the subject area on board the subject cruise ship.

RESPONSE: Objection. Defendant objects as this request is overbroad in time and scope, with no temporal limitation, is vague and ambiguous as to "subject area" as an undefined term, and further vague and ambiguous as to "specifications and plans," is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. 26(b)(1); *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at *9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See attached Carnival *Vista* deck plan and Deck Plans for Decks 11 and 12 of the *Vista*, bates stamped as GR000058 through GR000060.

61. Any and all documents demonstrating how Carnival determines bonuses for its crew members.

RESPONSE: Objection. Defendant objects as this request is overbroad in time and scope, constitutes an improper fishing expedition, is not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D.

**Page 294**

Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").

62. Any and all policies of insurance which cover, or which may cover the liability and/or damages for the subject incident. This request includes but is not limited to all primary coverage, all secondary coverage, all excess coverage, all umbrella coverage, all general liability coverage, all errors and omissions coverage, all professional liability coverage, and all other liability coverage. Further, this request includes but is not limited to any and all addenda, riders, amendments, conditions thereto, as well as any and all declaration sheets or pages.

**RESPONSE: Pursuant to Defendant's Rule 26 Disclosures, Defendant does not have insurance, *per se*. Defendant maintains protection and indemnity coverage through the International Group of P&I Clubs, whose rules of entry can be found in Benedicts on Admiralty, 8th Edition. Further, Plaintiff may be in possession of insurance policies which would cover damages for the subject incident.**

63. Any and all documents regarding Carnival's retention and/or storage policy for electronic communications, documents (electronic and hard copy), and/or video from 2017 through the present.

**RESPONSE: Objection. Defendant objects to this request as Plaintiff makes no claims for any issues with electronic data or collection, no claims of improper storage or retention policies, nor makes any claim for spoliation, and thus this request is wholly irrelevant to any of Plaintiff's claims, overly broad in time and scope, vague and ambiguous, constitutes an improper fishing expedition, and has no proportionality to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

64. Any and all documents regarding *Carnival Vista's* retention and/or storage policy for electronic communications, documents (electronic and hard copy), and/or video from 2017 through the present.

**RESPONSE: Objection. Defendant objects to this request as Plaintiff makes no claims for any issues with electronic data or collection, no claims of improper storage or retention policies, nor makes any claim for spoliation, and thus this request is wholly irrelevant to any of Plaintiff's claims, overly broad in time and scope, vague**

and ambiguous, constitutes an improper fishing expedition, and has no proportionality to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

65. A screen shot or screen grab of the system preferences which describe the implementation of Carnival' retention and/or storage policy for electronic communications.

**RESPONSE: Objection. Defendant objects to this request as Plaintiff makes no claims for any issues with electronic data or collection, no claims of improper storage or retention policies, nor makes any claim for spoliation, and thus this request is wholly irrelevant to any of Plaintiff's claims, overly broad in time and scope, vague and ambiguous, constitutes an improper fishing expedition, and has no proportionality to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

66. A screen shot or screen grab of the system preferences which describe the implementation of *Carnival Vista's* retention and/or storage policy for electronic communications.

**RESPONSE: Objection. Defendant objects to this request as Plaintiff makes no claims for any issues with electronic data or collection, no claims of improper storage or retention policies, nor makes any claim for spoliation, and thus this request is wholly irrelevant to any of Plaintiff's claims, overly broad in time and scope, vague and ambiguous, constitutes an improper fishing expedition, and has no proportionality to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

67. A copy of Carnival's agreement or contract with any electronic data backup company from 2017 through the present.

**RESPONSE: Objection. Defendant objects to this request as Plaintiff makes no claims for any issues with electronic data or collection, no claims of improper storage**

**Page 296**

or retention policies, nor makes any claim for spoliation, and thus this request is wholly irrelevant to any of Plaintiff's claims, overly broad in time and scope, vague and ambiguous, constitutes an improper fishing expedition, and has no proportionality to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

68. A copy of Carnival's agreement or contract with any electronic data archiving company from 2017 through the present.

**RESPONSE: Objection. Defendant objects to this request as Plaintiff makes no claims for any issues with electronic data or collection, no claims of improper storage or retention policies, nor makes any claim for spoliation, and thus this request is wholly irrelevant to any of Plaintiff's claims, overly broad in time and scope, vague and ambiguous, constitutes an improper fishing expedition, and has no proportionality to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

69. A copy of Carnival's agreement or contract with any electronic data journaling company from 2017 through the present.

**RESPONSE: Objection. Defendant objects to this request as Plaintiff makes no claims for any issues with electronic data or collection, no claims of improper storage or retention policies, nor makes any claim for spoliation, and thus this request is wholly irrelevant to any of Plaintiff's claims, overly broad in time and scope, vague and ambiguous, constitutes an improper fishing expedition, and has no proportionality to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

70. A copy of Carnival's Change Management Policy.

**RESPONSE: Objection. Defendant objects to this request as overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "Change Management Policy," not narrowed to anything relevant to Plaintiff's claims, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *see Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

71. Any and all impeachment evidence or material, including but not limited to surveillance video of the plaintiff, photos of the plaintiff, medical records for medical care or treatment of the plaintiff, records of employment of the plaintiff, records of worker's compensation claims for compensation or for medical treatment of the plaintiff, and any and all other evidence or materials which defendant contends can or will impeach the testimony or contentions of the plaintiff.

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, vague and ambiguous as to "testimony or contentions of the plaintiff," as no testimony has been obtained by the plaintiff in this matter, unreasonably ambiguous as "any and all impeachment evidence or material," and premature. Defendant further objects to the extent this request seeks attorney's mental impressions and work. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Broad and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous." St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 514 (N.D. Iowa, 2000)(citing Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 50 (D.N.J. 1985); and Gaison v. Scott, 59 F.R.D. 347, 353 (D. Haw. 1973). Use of a broad term such as "all complaints" and "falls" provides no basis upon which Defendant can reasonably determine what documents may or may not be responsive. Cotracom Commodity Trading Co. V. Seaboard Corp., 189 F.R.D. 655, 666 (D. Kan. 1999) (citing Mackey v. IBP, Inc., 167 F.R.D. 186, 197 (D.Kan.1996)).**

72. Any and all surveillance video and photographs of the Plaintiff or his family, friends, and/or acquaintances, taken at any time.

**RESPONSE:  Objection. Defendant objects to this request as it is overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "surveillance video," and further "friends, and/or acquaintances," undefined terms. See Fed. R.**

Civ. 26(b)(1);  *see Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Defendant is in possession of CCTV video depicting the subject incident onboard the subject cruise. Defendant objects to producing the CCTV video to Plaintiff prior to Plaintiff's deposition. Further, see photograph of Plaintiff contained in Plaintiff's shipboard medical records, previously produced as GR000028.

73. Any and all emails and all attachments thereto to or from any investigator or investigation company regarding surveillance on plaintiffs in this case.

RESPONSE: Objection. Defendant objects to this request as it is vague and confusing as to "surveillance on the plaintiffs" as there is only one plaintiff in this matter. It is clear that Plaintiff's poorly drafted requests are not narrowed to any of Plaintiff's claims, not proportional to the needs of this case, are likely copy and pasted from prior cases, are not made in good faith, and violate Fed. R. Civ. P. 26(b)(1). Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: none.

74. Any and all reports created by any investigator or investigation company regarding any surveillance on the plaintiffs in this case.

RESPONSE: Objection. Defendant objects to this request as it is vague and confusing as to "surveillance on the plaintiffs" as there is only one plaintiff in this matter. It is clear that Plaintiff's poorly drafted requests are not narrowed to any of Plaintiff's claims, not proportional to the needs of this case, are likely copy and pasted from prior cases, are not made in good faith, and violate Fed. R. Civ. P. 26(b)(1). Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: none.

75. Any and all documents identified in Defendant's Rule 26 ("Initial") Disclosures.

RESPONSE: See materials previously produced materials bates stamped as GR000001 through GR000040.

76. Any and all documents Defendant relied on to respond to Plaintiff's Interrogatories to the Defendant.

RESPONSE: See materials attached to Defendant's Response to Request for Production, and previously produced materials bates stamped as GR000001 through GR000040. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.

Page 299

77. Any and all correspondence, notes, forms, reports, tapes, video tapes, photographs, diagrams, and any and all other documents or items referred to-directly or indirectly-in answers to interrogatories directed to Defendant in this case.

**RESPONSE: See materials attached to Defendant's Response to Request for Production, and previously produced materials bates stamped as GR000001 through GR000040. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

78. Any and all documents which support Defendant's affirmative defenses.

**RESPONSE: See materials attached to Defendant's Response to Request for Production, and previously produced materials bates stamped as GR000001 through GR000040. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-21185-RAR**

CLAY CROCKETT,

        Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

        Defendant.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its supplemental Responses to Plaintiff's Initial Request for Production.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2024, a copy of the foregoing was served via e-

mail to the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*

**Page 301**

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*lgoodman@hickeylawfirm.com*
*kporras@hickeylawfirm.com*

*Attorneys for Plaintiff*

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION**

13.     Any and all emails, texts, and/or other electronic communications (including those made over or using any shipboard communication system such as the one provided by Cisco Systems or any other provider for the same purpose) made at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, by any shipboard medical personnel and/or officers and/or other crew in regard to any problems, complaints, maintenance, and/or safety of the staircase/area where subject incident happened. This request includes but is not limited to the electronic data and printouts of such communications. These communications include but are not limited to communications as follow:

    (a) Shipboard medical personnel to each other;
    (b) Shipboard medical personnel to the bridge or to officers of the ship;
    (c) Shipboard medical personnel to the cruise line's land based physician(s) who is(are) on call for medical consultations;
    (d) Captain or other officers of the ship to Coast Guard and other authorities about the incident or about rerouting or transportation off the ship as a result of the incident;
    (e) Safety officer or other officer to shoreside headquarters about the incident;
    (f) Safety officer, facilities personnel, deck department personnel, or others to the manufacturer, distributor, or installer of the flooring involved about the incident;
    (g) Housekeeping personnel;
    (h) Sound tech and audio tech;
    (i) Guest Services.

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to materials related to prior incidents involving the subject staircase or any other staircase with similar design and materials where someone has been injured by a loose/unsecured wood panel: none.**

15.     Any and all minutes of and notes made regarding any and all meetings onboard the ship (electronic data and printouts), including but not limited to the Accident Investigation Focus Team Reports, Guest Safety Focus Team Reports, HESS action team meetings, Steering Committee meetings, monthly and/or weekly shipboard meetings regarding the subject staircase on which the subject incident occurred or substantially similar staircase on all Vista-class ships and inspections, safety, maintenance, repairs, cleaning, providing safety warnings, accident/incident prevention, and/or incidents of falling and/or injuries which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**Page 303**

**SUPPLEMENTAL RESPONSE: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to meeting minutes of the *Vista* referring to the subject staircase and any other staircase with similar design and materials, issues/problems with the staircase wood panel being loose/unsecure, referring to wood panels being rotted and needed to be replaced, screws and/or bolts loose and/or rusted and needed to be replaced: None. The meeting minutes were searched from October 2019 through date of incident, which consists of all meeting minutes available.**

16.     Any and all minutes of and notes made regarding any and all meetings onboard the ship (electronic data and printouts), including but not limited to the Accident Investigation Focus Team Reports, Guest Safety Focus Team Reports, HESS action team meetings, Steering Committee meetings, monthly and/or weekly shipboard meetings regarding the subject staircase on which the subject incident occurred or substantially similar staircase on all Vista-class ships and problems with the steps including but not limited to that the wood panels were loose/unsecured, that the wood panels were rotted and needed to be replaced, that the screws and/or bolts were loose and/or rusted, and that the screws and/or bolts needed to be replaced which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**SUPPLEMENTAL RESPONSE: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to meeting minutes of the *Vista* referring to the subject staircase and any other staircase with similar design and materials, issues/problems with the staircase wood panel being loose/unsecure, referring to wood panels being rotted and needed to be replaced, screws and/or bolts loose and/or rusted and needed to be replaced: None. The meeting minutes were searched from October 2019 through date of incident, which consists of all meeting minutes available.**

19.     Any and all statistics regarding injuries sustained by loosened wooden panels where the subject incident occurred on the subject cruise ship. This includes the red/blue dot diagram.

**SUPPLEMENTAL RESPONSE: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to Red Dot Blue Dot documents identifying prior incidents involving injuries sustained by loosened wooden panels where the subject incident occurred: none.**

**Page 304**

20.     Copies of accident trend analysis for the *Vista*-class ships including the *Carnival Vista* regarding the same and/or similar staircase as where the subject incident occurred for a period of three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to Red Dot Blue Dot documents identifying prior incidents involving injuries sustained by loosened wooden panels where the subject incident occurred: none.**

26.     The Passenger injury Statements for the incident reports for the prior incidents identified by Carnival and identified in the complaint.

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to incidents in which someone has been injured by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase on the Carnival *Vista* and other vessels in its class: none. As it relates to the subject incident, see previously produced Plaintiff's Passenger Injury Statement, bates stamped as GR000040. For purposes of the circumstances of this case, see previously produced Passenger Injury Statement of Brittany Crockett, bates stamped as GR000336.**

32.     Any and all reports, Security Guard Watch Reports, Security Guard Summary Reports, electronic data from computers including the Defendant's data banks of claims, demand letters, photographs, video tapes, audio tapes, diagrams, illustrations, reproductions, witness statements, memoranda, forms, notes, correspondence, and any and all other document which describe or reference the subject area where the incident occurred and incidents of falling and/or injuries on the *Vista*-class ships within three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to incidents in which someone has been injured by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase on the Carnival *Vista* and other vessels in its class: none as to prior incidents. As it relates to the subject incident, see previously produced Security Watch Reports, bates stamped as GR000037 through GR000039.**

**Page 305**

35.      Any and all maintenance and/or maintenance logs, log reports records, diaries, calendars, work orders, invoices, and any and all other documents which describe or refer to the subject wooden panel and staircase generated at any time within three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

> **SUPPLEMENTAL RESPONSE: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to work orders related to the subject staircase of the *Vista*, none other than the work order previously produced for the subject voyage, bates stamped as GR000293 through GR000295.**

38.      Any and all records, logs, diaries, calendars, work orders, invoices, and any and all other documents which describe or refer to any inspections, repairs of, modifications to, and /or construction to the subject staircase or any other substantially similar staircases on the *Vista*-class ships which was generated at any time three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

> **SUPPLEMENTAL RESPONSE: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to work orders related to the subject staircase of the *Vista*, none other than the work order previously produced for the subject voyage, bates stamped as GR000293 through GR000295.**

42.      Any and all documents indicating the crew members assigned to the subject area including but not limited to: the crewmember that cleaned the subject area, the housekeeping supervisor of the subject area, and the housekeeping stewards assigned to the subject area, who completed trainings regarding inspection, safety, repair, cleaning, maintenance, providing safety warnings and/or incident prevention.

> **SUPPLEMENTAL RESPONSE: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. As limited to policies and procedures relating to cleaning or inspecting the subject staircase of the *Vista*, in effect during the subject voyage: none. As limited to completion of training for crewmembers assigned to the area of the subject staircase on the day of the subject incident: none.**

43.      The job description for the following positions: the crewmember that cleaned the subject area, the housekeeping supervisor of the subject area, and the housekeeping stewards assigned to the subject area.

**Page 306**

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. As limited to the job description of the joiner and the supervisor of this position in effect during the subject voyage: see attached job description of Joiner bates stamped as GR000337, and job description of Facility Maintenance Manager bates stamped as GR000338 through GR000340.**

44.      The job description of each and every crew member whose responsibilities included – as of the date of the subject accident – inspection, safety, repair, cleaning, maintenance, providing safety warnings and/or incident prevention in the area where the subject incident occurred.

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. As limited to the job description of the joiner and the supervisor of this position in effect during the subject voyage: see attached job description of Joiner bates stamped as GR000337, and job description of Facility Maintenance Manager bates stamped as GR000338 through GR000340.**

48.      The Daily/Nightly Shift Reports and attachments there to (native format and printed hardcopies) regarding the subject area for the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produce.

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, the parties agree to limit the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to Daily/Nightly Shift Reports related to incidents in which someone has been injured by a loose/unsecured wood panel on the subject staircase or by a loose/unsecured wood panel on a substantially similar staircase on the Carnival *Vista* and other vessels in its class: none as to prior incidents. As it relates to the subject incident, see previously produced Day and Night Shift Reports for the subject voyage, bates stamped as GR000300 through GR000319.**

57.      Any and all contracts and attachments thereto (native format and printed copies) between Carnival and the Shipyard regarding the subject ship and the subject area/staircase. This includes any and all documents referenced in the Contract.

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. As limited to any CAD drawings of the subject staircase on the *Vista*, contained in the shipbuilding contract: none.**

**Page 307**

77.      Any and all correspondence, notes, forms, reports, tapes, video tapes, photographs, diagrams, and any and all other documents or items referred to-directly or indirectly-in answers to interrogatories directed to Defendant in this case.

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case, see attached photographs of the subject staircase after the subject incident and measurements of the subject wood panel, bates stamped as GR000341 through GR000350.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-21185-RAR**

CLAY CROCKETT,

       Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

       Defendant.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

      Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its supplemental Responses to Plaintiff's Second Request for Production.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 23, 2024, a copy of the foregoing was served via e-

mail to the recipients listed on the Service List below.

                                   GrayRobinson, P.A.
                                   515 North Flagler Drive, Suite 650
                                   West Palm Beach, Florida 33401
                                   Tel: (561) 268-5727
                                   Fax: (561) 268-5747

                                   By: */s/ Ashley Genoese*
                                   Michael J. Drahos
                                   Florida Bar No. 0617059
                                   W. Cooper Jarnagin
                                   Florida Bar No. 117767
                                   Ashley N. Genoese
                                   Florida Bar No. 1019357
                                   *Michael.Drahos@Gray-Robinson.com*
                                   *Cooper.Jarnagin@Gray-Robinson.com*

**Page 309**

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

*Attorneys for Defendant*

## SERVICE LIST
## CASE NO. 1:24-cv-21185-RAR

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*lgoodman@hickeylawfirm.com*
*kporras@hickeylawfirm.com*

*Attorneys for Plaintiff*

**Page 310**

**DEFENDANT'S RESPONSES TO**
**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

1.      Any and all documents demonstrating how often the anti-skid strips on the subject staircase were replaced in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague, ambiguous, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff's request for materials related to "anti-skid strips" on the subject staircase have no relevancy to any of Plaintiff's claims and can only be viewed as a fishing expedition. There are no allegations that Plaintiff was somehow damaged by the existence of anti-skid strips, as this is not a slip/trip and fall case.** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.");** *Armas v. Miabraz, LLC*, **No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012);** *Sommerfield v. City of Chicago*, **251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest");** *Awad v. CiCi Enters.*, **No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

2.      Any and all minutes of and notes made regarding any and all meetings onboard the ship (electronic data and printouts), including but not limited to the Accident Investigation Focus Team Reports, Guest Safety Focus Team Reports, HESS action team meetings, Steering Committee meetings, monthly and/or weekly shipboard meetings regarding the anti- skid strips on the subject staircase which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague, ambiguous, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff's request for materials related to "anti-skid strips" on the subject staircase have no relevancy to any of Plaintiff's claims and can only be viewed as a fishing expedition. There are no allegations that Plaintiff was somehow damaged by the existence of anti-skid strips, as this is not a slip/trip and fall case.** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.");** *Armas v. Miabraz, LLC*, **No.**

**Page 311**

**12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: For purposes of the circumstances of this case only, during the time frame of three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021, as to meeting minutes of the *Vista* referring to anti-skid strips on the subject staircase: None. The meeting minutes were searched from October 2019 through date of incident, which consists of all meeting minutes available.**

3.        Any and all minutes of and notes made regarding any and all meetings onboard the ship (electronic data and printouts), including but not limited to the Accident Investigation Focus Team Reports, Guest Safety Focus Team Reports, HESS action team meetings, Steering Committee meetings, monthly and/or weekly shipboard meetings regarding any kickplate on the subject staircase and/or any kickplate on any outdoor staircases (where the riser and tread of the steps are both the same material as the subject staircase) on any Vista-class ships which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

> **RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague, ambiguous, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff's request for materials related to "kickplates" on the subject staircase have no relevancy to any of Plaintiff's claims and can only be viewed as a fishing expedition. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**
>
> **Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: For purposes of the circumstances of this case only, during the time frame of three years prior to the subject incident,**

**Page 312**

excluding March 13, 2020 through July 2, 2021, as to meeting minutes of the *Vista* referring to kickplates on the subject staircase and kickplates on outdoor staircases: None. The meeting minutes were searched from October 2019 through date of incident, which consists of all meeting minutes available.

4.      Any and all minutes of and notes made regarding any and all meetings onboard the ship (electronic data and printouts), including but not limited to the Accident Investigation Focus Team Reports, Guest Safety Focus Team Reports, HESS action team meetings, Steering Committee meetings, monthly and/or weekly shipboard meetings regarding any kickplate on the subject staircase and/or any kickplate on any outdoor staircases (where the riser and tread of the steps are both the same material as the subject staircase) on any Vista-class ships AND any problems with the kickplate including but not limited to that the kickplate was damaged, that the kickplate was loose/unsecured, that the kickplate needed to be repaired, that the kickplate needed to be replaced, that the screws and/or bolts securing the kickplate were loose, unsecured, and/or rusted, that the screws and/or bolts securing the kickplate needed to be replaced which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague, ambiguous, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff's request for materials related to "kickplates" on the subject staircase have no relevancy to any of Plaintiff's claims and can only be viewed as a fishing expedition. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, \*1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: For purposes of the circumstances of this case only, during the time frame of three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021, as to meeting minutes of the *Vista* referring to kickplates on the subject staircase and kickplates on outdoor staircases: None. The meeting minutes were searched from October 2019 through date of incident, which consists of all meeting minutes available.**

**Page 313**

5.	Entries into any computerized shipboard system and all attachments thereto (native format and printed hard copies), including but not limited to ICare regarding any kickplate on the subject staircase and/or any kickplate on any outdoor staircases (where the riser and tread of the steps are both the same material as the subject staircase) on any Vista-class ships AND any problems with the kickplate including but not limited to that the kickplate was damaged, that the kickplate was loose/unsecured, that the kickplate needed to be repaired, that the kickplate needed to be replaced, that the screws and/or bolts securing the kickplate were loose, unsecured, and/or rusted, that the screws and/or bolts securing the kickplate needed to be replaced which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

> **RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, unduly burdensome, overbroad in time and scope, vague and ambiguous as to "kickplate on the subject staircase and/or any kickplate on any outdoor staircases," not limited to the subject vessel or voyage, wholly unrelated to any of Plaintiff's claims, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff makes no claims about being injured by "kickplates" on the subject staircase. *Drone Nerds Franchising, LLC v. Childress,* No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Century Sur. Co. v. Lay,* No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at \*5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)); *Ree v. Royal Caribbean Cruises, Ltd.,* 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC,* No. 12-20063-CIV, 2012 WL 13014668, at \*2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago,* 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**
>
> **Defendant further objects to this request to the extent it seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes,* 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards,* 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.**

6.	Any and all passenger comment cards and/or passenger comments provided to Carnival and attachments thereto including but not limited to emails and attachments thereto regarding any kickplate on the subject staircase and/or any kickplate on any outdoor staircases (where the riser and tread of the steps are both the same material as the subject staircase) on any Vista-class ships AND any problems with the kickplate including but not limited to that the kickplate was damaged, that the kickplate was loose/unsecured, that the kickplate needed to be

**Page 314**

repaired, that the kickplate needed to be replaced, that the screws and/or bolts securing the kickplate were loose, unsecured, and/or rusted, that the screws and/or bolts securing the kickplate needed to be replaced which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**RESPONSE: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague and ambiguous as to "regarding any kickplate on the subject staircase," is not relevant to the parties' claims and defenses, factually dissimilar to the allegations in this case, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff makes no claims about being injured by "kickplates" on the subject staircase.** *See* **Fed. R. Civ. P. 26(b)(1).** *Drone Nerds Franchising, LLC v. Childress,* **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.,* **07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008));** *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.,* **593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case);** *Ree v. Royal Caribbean Cruises, Ltd.,* **315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."). See, e,g,** *Glatter v MSC Cruises,* **2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant.");** *Konczakowski v. Paramount Pictures, Inc.,* **20 F.R.D. 588 (S.D.N.Y. 1957).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See Defendant's Response to Request for Production No. 18, dated October 7, 2024, wherein Carnival previously performed a search in its TGEM and iCare databases for any guest comments or complaints regarding the subject staircase aboard the** *Vista* **for the three years prior to the subject incident, and found no results.**

7.     Any and all Security Guard Watch Reports, Security Guard Summary Reports regarding any kickplate on the subject staircase and/or any kickplate on any outdoor staircases (where the riser and tread of the steps are both the same material as the subject staircase) on any Vista-class ships AND any problems with the kickplate including but not limited to that the kickplate was damaged, that the kickplate was loose/unsecured, that the kickplate needed to be repaired, that the kickplate needed to be replaced, that the screws and/or bolts securing the kickplate were loose, unsecured, and/or rusted, that the screws and/or bolts securing the kickplate needed to be replaced which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**Page 315**

<u>RESPONSE</u>: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague and ambiguous as to "regarding any kickplate on the subject staircase," is not relevant to the parties' claims and defenses, factually dissimilar to the allegations in this case, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff makes no claims about being injured by "kickplates" on the subject staircase. *Drone Nerds Franchising, LLC v. Childress,* No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.,* 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.,* 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case); *Ree v. Royal Caribbean Cruises, Ltd.,* 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."). See, e,g, *Glatter v MSC Cruises,* 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-21185-RAR**

CLAY CROCKETT,

        Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

        Defendant.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

      Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its supplemental Responses to Plaintiff's Second Request for Production.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 20, 2025, a copy of the foregoing was served via e-mail

to the recipients listed on the Service List below.

                                     GrayRobinson, P.A.
                                     515 North Flagler Drive, Suite 650
                                     West Palm Beach, Florida 33401
                                     Tel: (561) 268-5727
                                     Fax: (561) 268-5747

                                     By: */s/ Ashley Genoese*
                                     Michael J. Drahos
                                     Florida Bar No. 0617059
                                     W. Cooper Jarnagin
                                     Florida Bar No. 117767
                                     Ashley N. Genoese
                                     Florida Bar No. 1019357
                                     *Michael.Drahos@Gray-Robinson.com*
                                     *Cooper.Jarnagin@Gray-Robinson.com*

**Page 317**

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

*Attorneys for Defendant*


**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*lgoodman@hickeylawfirm.com*
*kporras@hickeylawfirm.com*

*Attorneys for Plaintiff*

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

3.      Any and all minutes of and notes made regarding any and all meetings onboard the ship (electronic data and printouts), including but not limited to the Accident Investigation Focus Team Reports, Guest Safety Focus Team Reports, HESS action team meetings, Steering Committee meetings, monthly and/or weekly shipboard meetings regarding any kickplate on the subject staircase and/or any kickplate on any outdoor staircases (where the riser and tread of the steps are both the same material as the subject staircase) on any Vista-class ships which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

> **SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case only, the parties agree to limit this request to any meeting minutes referencing kickplate or riser for any similar staircases onboard the subject vessel, *Vista*, generated during the time frame of three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to these specifications, the meeting minutes were searched from October 2019 through the date of incident, which consists of all meeting minutes available at the time of Plaintiff's initial request for these materials, and the search revealed: none.**

4.      Any and all minutes of and notes made regarding any and all meetings onboard the ship (electronic data and printouts), including but not limited to the Accident Investigation Focus Team Reports, Guest Safety Focus Team Reports, HESS action team meetings, Steering Committee meetings, monthly and/or weekly shipboard meetings regarding any kickplate on the subject staircase and/or any kickplate on any outdoor staircases (where the riser and tread of the steps are both the same material as the subject staircase) on any Vista-class ships AND any problems with the kickplate including but not limited to that the kickplate was damaged, that the kickplate was loose/unsecured, that the kickplate needed to be repaired, that the kickplate needed to be replaced, that the screws and/or bolts securing the kickplate were loose, unsecured, and/or rusted, that the screws and/or bolts securing the kickplate needed to be replaced which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

> **SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case only, the parties agree to limit this request to any meeting minutes referencing kickplate or riser, and any problems that the kickplate was damaged, loose/unsecured, needed to be repaired or replaced, and screws and/or bolts securing the kickplate were loose, unsecured, rusted, needs to be secured or replaced, for any similar staircases onboard the subject vessel, *Vista*, generated during the time frame of three years prior to the subject incident, excluding**

**Page 319**

**March 13, 2020 through July 2, 2021. As limited to these specifications, the meeting minutes were searched from October 2019 through the date of incident, which consists of all meeting minutes available at the time of Plaintiff's initial request for these materials, and the search revealed: none.**

5.        Entries into any computerized shipboard system and all attachments thereto (native format and printed hard copies), including but not limited to ICare regarding any kickplate on the subject staircase and/or any kickplate on any outdoor staircases (where the riser and tread of the steps are both the same material as the subject staircase) on any Vista-class ships AND any problems with the kickplate including but not limited to that the kickplate was damaged, that the kickplate was loose/unsecured, that the kickplate needed to be repaired, that the kickplate needed to be replaced, that the screws and/or bolts securing the kickplate were loose, unsecured, and/or rusted, that the screws and/or bolts securing the kickplate needed to be replaced which were generated at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**SUPPLEMENTAL RESPONSE:  Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For purposes of the circumstances of this case only, the parties agree to limit this request to references in the iCare system referencing kickplate or riser, and any problems that the kickplate was damaged, loose/unsecured, needed to be repaired or replaced, and screws and/or bolts securing the kickplate were loose, unsecured, rusted, needs to be secured or replaced, for any similar staircases onboard the subject vessel, *Vista*, generated during the time frame of three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021. As limited to these specifications, the iCare was searched from February 2022 through February 2025, consisting of all available information as data is only kept for three years back from present date. The TGEM database was also searched from July 14, 2020 through February 2025. Both of these searches revealed no results.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-21185-RAR**

CLAY CROCKETT,

       Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

       Defendant.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S AMENDED SUPPLEMENTAL**
**RESPONSES TO PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its amended supplemental Responses to Plaintiff's Initial Request for Production.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2025, a copy of the foregoing was served via e-mail to

the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*

**Page 321**

*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*lgoodman@hickeylawfirm.com*
*kporras@hickeylawfirm.com*

*Attorneys for Plaintiff*

**DEFENDANT'S AMENDED SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION**

35.      Any and all maintenance and/or maintenance logs, log reports records, diaries, calendars, work orders, invoices, and any and all other documents which describe or refer to the subject wooden panel and staircase generated at any time within three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**AMENDED SUPPLEMENTAL RESPONSE:   Pursuant to this Court's Order following discovery hearing [DE 30], Defendant amends this response to clarify Defendant's supplemental response to initial request for production No. 35, dated November 20, 2024. As limited to work orders related to the subject staircase of the *Vista*, limited to the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021: See attached documents, bates stamped as GR000351 through GR000353. Defendant's search did not exclude any terms including any work orders relating to anti-slip maintenance. Defendant's document production includes work orders that may or may not involve the subject staircase at issue but are being produced in an abundance of caution and disclosure.**

38.      Any and all records, logs, diaries, calendars, work orders, invoices, and any and all other documents which describe or refer to any inspections, repairs of, modifications to, and /or construction to the subject staircase or any other substantially similar staircases on the *Vista*-class ships which was generated at any time three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, through the date on which these documents and electronic data is produced.

**AMENDED SUPPLEMENTAL RESPONSE:   Pursuant to this Court's Order following discovery hearing [DE 30], Defendant amends this response to clarify Defendant's supplemental response to initial request for production No. 38, dated November 20, 2024. As limited to work orders related to the subject staircase of the *Vista*, limited to the time frame of the request to three years prior to the subject incident, excluding March 13, 2020 through July 2, 2021: See attached documents, bates stamped as GR000351 through GR000353. Defendant's search did not exclude any terms including any work orders relating to anti-slip maintenance. Defendant's document production includes work orders that may or may not involve the subject staircase at issue but are being produced in an abundance of caution and disclosure.**

**Page 323**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-21185-RAR**

CLAY CROCKETT,

       Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

       Defendant.

_____/

**DEFENDANT, CARNIVAL CORPORATION'S RESPONSE**
**TO PLAINTIFF'S REQUEST FOR PRODUCTION AFTER DISCOVERY DEADLINE**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, pursuant to this Court's Order [D.E. 31], hereby serves its response to Plaintiff's Request for Production after the Discovery Deadline.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2025, a copy of the foregoing was served via e-mail to the recipients listed on the Service List below.

       GrayRobinson, P.A.
       515 North Flagler Drive, Suite 650
       West Palm Beach, Florida 33401
       Tel: (561) 268-5727
       Fax: (561) 268-5747

       By: */s/ Ashley Genoese*
       Michael J. Drahos
       Florida Bar No. 0617059
       W. Cooper Jarnagin
       Florida Bar No. 117767
       Ashley N. Genoese
       Florida Bar No. 1019357

**Page 324**

*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*
*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

*Attorneys for Defendant*

**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*lgoodman@hickeylawfirm.com*
*kporras@hickeylawfirm.com*

*Attorneys for Plaintiff*

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**REQUEST FOR PRODUCTION AFTER DISCOVERY DEADLINE**

The **emails** that are exchanged between *Carnival Vista***'s Maintenance Department and/or Deck Department and/or Engine Department** (including *Carnival Vista*'s Facilities Maintenance Manager, Refurbishing Team Leader, Refurbishing Team Member, Joiner, Mason, Carpenter) **and** *Carnival Vista***'s Housekeeping Department** (including *Carnival Vista*'s Pool and Deck Supervisors) regarding the varnishing done to the wooden boards of the subject outdoor staircase (Deck 11 mid portside spiral outdoor staircase) **OR** the request to close/cordon off/block access to the subject outdoor staircase for the purpose of maintenance to the subject outdoor staircase including the varnishing done to the subject outdoor staircase which requires removing the wooden boards of the staircase which were generated within the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19. To the extent that the mid outdoor spiral staircases on the portside (subject staircase) and the identical staircase on the starboard side are jointly referred to in the emails, such emails would be responsive to this request.

**RESPONSE: None, as the emails from the requested time frame (three years before the subject incident, excluding March 13, 2020 through July 2021) have been deleted and do not exist.**

**Page 326**



**EXHIBIT**

**24**

*Clay Crockett v. Carnival Corporation*
**CASE NO. 1:24-cv-21185-RAR**

**Carnival Corporation's Privilege Log**

| # | Type of Document | General Subject Matter | Date of Document | Identifying Information | Basis for Privilege |
|---|---|---|---|---|---|
| 1 | PDF (8 pages) | Accident Report | On or about July 14, 2023 | Authored by Ajit Kumar Shukla | Work-product, prepared as part of investigation in anticipation of litigation. Fed.R.Civ.P. 26(b)(3)(a); *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 643 (S.D. Fla. 2011) (finding that the cruise line demonstrates that the primary purpose behind the accident report was to aid Carnival in possible future litigation.); *Lobegeiger v. Royal Caribbean Cruises Ltd.*, 2012 WL 760857, at *1 (S.D. Mar. 7, 2012) ("…the accident report was created in anticipation of litigation and is, therefore, protected by the work product doctrine."); *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650 (S.D. Fla. 2009) ("accident records and reports… are work product prepared in anticipation of litigation."); *Hayden v. NCL (Bahamas) Ltd.*, No. 07-23298-KING (S.D. Fla. Aug. 15, 2008). |
| 2 | PDF (1 page) | Investigation Report | On or about July 14, 2023 | Authored by Ajit Kumar Shukla | Work-product, prepared as part of investigation in anticipation of litigation. Fed.R.Civ.P. 26(b)(3)(a); *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 643 (S.D. Fla. 2011) (finding that the cruise line demonstrates that the primary purpose behind the accident report was to aid |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Carnival in possible future litigation.); *Lobegeiger v. Royal Caribbean Cruises Ltd.*, 2012 WL 760857, at *1 (S.D. Mar. 7, 2012) ("…the accident report was created in anticipation of litigation and is, therefore, protected by the work product doctrine."); *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650 (S.D. Fla. 2009) ("accident records and reports… are work product prepared in anticipation of litigation."); *Hayden v. NCL (Bahamas) Ltd.*, No. 07-23298-KING (S.D. Fla. Aug. 15, 2008). |
| 3 | Written Statement (1 page) | Written Statement | On or about July 14, 2023 | Authored by Anthony Peter | This statement was taken as part of Carnival's investigation into Plaintiff's incident, in anticipation of litigation. As such, Carnival objects to the production of this statement under the work-product privilege. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). |
| 4 | Written Statement (1 page) | Written Statement | On or about July 14, 2023 | Authored by Brittany Crockett | This statement was taken as part of Carnival's investigation into Plaintiff's incident, in anticipation of litigation. As such, Carnival objects to the production of this statement under the work-product privilege. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). |

| 5 | Photographs | Ten (10) Digital Photographs | On or about July 14, 2023 | Photographs taken by Carnival security, of the subject staircase after the subject incident and measurements of the subject wood plank. | These photographs were taken as part of Carnival's investigation into Plaintiff's incident, in anticipation of litigation. As such, Carnival objects to the production of the photographs under the work-product privilege. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). |