UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:24-cv-21185-RAR

AT LAW AND IN ADMIRALTY

CLAY CROCKETT,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PRIOR INCIDENTS [DE 36]**

The Plaintiff, Clay Crockett by and through his undersigned counsel hereby files his response to Defendant's Motion in Limine to preclude prior incidents [DE 36] and states as follows:

1.     **INTRODUCTION AND BACKGROUND.** The Defendant seeks to preclude evidence of prior incidents alleged in the Plaintiff's Complaint (DE 1) that are not substantially similar to Plaintiff's claimed incident. If any of the prior incidents alleged in the Complaint involve a situation where a crewmember failed to secure a panel after removing said panel, such prior incident should be admissible to prove notice here. Because it is possible that a proper predicate may be laid to introduce such evidence, Plaintiff respectfully requests that Defendant's Motion be denied. Notwithstanding that, if these prior incidents do not involve situations where a crewmember failed to secure a panel after removing said panel, the Plaintiff would agree that such incident would not constitute a prior similar incident here and should thus be excluded.

1

2.      This case arises from an incident on board the *Carnival Vista* in which a heavy wooden riser board (kickplate) from one of the steps on the outdoor staircase that Carnival failed to properly secure and fell directly on the Plaintiff's head on July 14, 2023 causing the Plaintiff to sustain severe and permanent injuries, including but not limited to a head laceration, a concussion, a traumatic brain injury and experiences the following constant headaches, dizziness, nausea, vomiting, brain fog, confusion, memory loss, and sensitivity to lights and sounds.

3.      **PRIOR INCIDENTS IN THE COMPLAINT**. Plaintiff's Complaint [1]alleges the following prior incidents:

> **NOTICE:  PRIOR  SIMILAR  INCIDENTS**. Prior similar incidents show evidence that CARNIVAL had notice of the dangerous condition here. CARNIVAL documents injuries in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. Examples of prior similar incidents known to date include the following:
> a. Passenger Eric Davis was severely injured when a panel fell on him on board the *Carnival Legend* on December 20, 2021. *Davis v. Carnival Corp.*, Case No. 1:22-cv-24063.
> b. Passenger Jackson was injured due to a falling panel on board the *Carnival Sunrise* on January 31, 2020. *Jackson v. Carnival Corp.*, Case No. 21-cv-20035.
> c. Passenger was injured when a panel fell on board the *Carnival Dream* on January 1, 2019. *Giusti v. Carnival Corp.*, Case No. 2019-cv-25232.
> d. Passenger Kreuger was injured due to falling ceiling panels onboard the *Carnival Valor* on January 27, 2019. *Kreuger v. Carnival Corp.*, Case No. 20-cv-20138-JLK.
> e. Passenger Prevost was injured due to falling panel on board the *Carnival Glory* on May 12, 2019. *Prevost v. Carnival Corp.*, Case No. 20-cv-24798.
> f. Passenger Stevens was injured due to a falling panel on board the *Carnival Liberty* on May 9, 2019. *Stevens v. Carnival Corp.,* Case No. 20-cv-22420- UU.

---

[1] Plaintiff's proposed Amended Complaint removed the prior incidents given that Carnival has refused to provide  evidence to determine whether such incidents are similar or not.

g. Passenger Hughes was injured due to a falling panel on board the *Carnival Dream* on December 18, 2019. *Hughes v. Carnival Corp.*, Case No.: 20-cv-24540.

h. Passenger Goodman was injured due to a panel falling onboard the *Carnival Glory* on December 1, 2018. *Goodman v. Carnival Corp.*, Case No. 20-cv-20431-MGC.

i. Passengers Wilbert Smith and Beverly Smith were injured when a panel fell on them on board the *Carnival Splendor* on August 1, 2018. *Smith et al. v. Carnival Corp.*, Case No.: 1:19-cv-23123.

DE 1 ¶ 17.

4. **DISCOVERY REGARDING THE PRIOR INCIDENTS ALLEGED IN PLAINTIFF'S COMPLAINT.** The Plaintiff has attempted to obtain evidence from Carnival that would allow both Parties to determine whether the prior incidents alleged in the Complaint are similar or not. As it stands, Carnival has unilaterally decided that the prior incidents are not similar. Carnival is in possession of all of the documents regarding the prior incidents alleged in the complaint.

5. The Plaintiff sought discovery on such prior incidents in Requests for Production to the Defendant. See RFP No. 25 and 26 on page 15 & 16 of Carnival's Initial Responses to Plaintiff's Request for Production attached as Exhibit 23 (DE 51-1). The Defendant objected.

6. The Plaintiff sought information about prior incidents in the Complaint by noticing the topic as one for Carnival's Corporate Representative to testify about- Topic 11. "Prior similar incidents in the subject area and/or on similar staircases on Carnival Vista or on ships in the same class which were identified by Carnival and/or identified in Plaintiff's Complaint for the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19 through the present." See Topic 11 on page 6 of the Notice of Taking the deposition of Carnival Corporate Representative's Deposition attached as Exhibit 1 (DE 50-1) to Carnival Corporate Representative's Deposition (Exhibit B to Plaintiff's Statement of Facts (DE 50-1). Despite being a topic, Carnival's Corporate Representative decided that the

3

incidents were not similar and did not provide information as to each. See Carnival Corporate Representative's Deposition (Exhibit B to Plaintiff's Statement of Facts (DE 50-1), pg. 134, ln. 14 to pg. 141, ln. 11.

7. **IF ANY OF THOSE PRIOR INCIDENTS INVOLVE A SITUATION WHERE A CREWMEMBER FAILED TO SECURE A PANEL AFTER REMOVING SAID PANEL, SUCH PRIOR INCIDENT SHOULD BE ADMISSIBLE TO PROVE NOTICE HERE**. Based on what we know now about how the incident occurred- Carnival, by and through its crewmembers, created the dangerous condition by failing to secure the wooden riser board to the staircase after a varnishing and by placing the lounge chair directly next to the metal barrier under the subject staircase, if any of those prior incidents involve a situation where a crewmember failed to secure a panel after removing said panel, such prior incident should be admissible to prove notice here. See *Ramirez v. Carnival Corp*., 2023 U.S. Dist. LEXIS 80607 (S.D. Fla. May 8, 2023) (the Court held that because it is possible that a proper predicate may be laid to introduce evidence Defendant's request to exclude evidence of prior incidents is denied at this point.) These prior similar incident individuals have been identified as Individuals likely to have discoverable information to support the allegations in the complaint since July 17, 2024 in Plaintiff's Rule 26 Initial Disclosures.

8. However, if these prior incidents do not involve situations where a crewmember failed to secure a panel after removing said panel, the Plaintiff would agree that such incident would not constitute a prior similar incident here.

9. **THE SIMILARITY STANDARD IS RELAXED WHEN PRIOR INCIDENTS ARE USED TO SHOW NOTICE.** The similarity standard is relaxed when prior incidents are used to show notice. *Ree v. Royal Caribbean Cruises Ltd.*, 315 F.R.D. 682 (S.D. Fla. 2016) (citing *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1191 (10th Cir. 2009). Additionally, "[e]vidence

of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F.Supp. 3d 1188, 1195 (S.D. Fla.) (quoting *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.,* 915 F.2d 641, 650 (11th Cir. 1990)). See *Sofillas v. Carnival Corporation*, 2016 WL 5416110 at *2 (S.D. Fla. July 8, 2016)(the Court allowed prior similar incidents in a claim against Carnival.) *See also Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986). *See also Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990) citing *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident").

10.     **THE LAW – SIMILAR NOT IDENTICAL**. "The 'substantial similarity' doctrine does not require identical circumstances and allows for some play in the joints depending on the scenario presented and the desired evidence used."  (emphasis added) *Sorrels v. NCL (Bahamas) Ltd.*, 796. F.3d 1275, 1287 (11th Cir. 2015). In regards to a motion for summary judgment, the 11th Circuit addressed "substantially similar" in *Bunch v. Carnival Corp.*, 825 Fed. Appx. 713, 717-718 (11th Cir. Sept. 10, 2020). The 11th Circuit rejected the district Court's holding that the prior incidents were not similar because the thresholds were located in different areas of the ship and were different dimensions. Instead, the Court focused on how the dangerous condition was similar- the fact that there was an optical illusion on the thresholds.

> The district court focused on the height and location differences between the Deck 10 and Deck 11 thresholds in concluding that they were not substantially similar, but Bunch's negligence claim was not based solely on an allegation that the height of the aerobics room threshold on Deck 11 was dangerous. Instead, her theory was that

5

the "optical illusion" created by the stainless steel baseboard reflected the flooring and made it appear as if there was no threshold at all….The aerobics room threshold on Deck 11 is significantly lower, but if a raised, reflective threshold creates an appearance of a flush walking surface, a reasonable jury could find that would also be true of a raised, reflective threshold that was not as high.

11.     "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care and causation." *Sofillas v. Carnival Corporation*, 2016 WL 5416110 at *2 (S.D. Fla. July 8, 2016. See also, *Whelan v. Royal Caribbean Cruises Ltd.*, 2013 WL 5583966, at 2 (S.D. Fla. Aug. 16, 2013). Substantial similarity is a question as to whether there is sufficient similarity between the incidents to allow the jury to "draw a reasonable inference concerning foreseeability" of a potential injury. (emphasis added) *Borden v. Fla. E. Coast Ry.*, 772 F.2d 750, 755 (11th Cir. 1985).

12.     The substantial similarity test governs out of court experiments performed to recreate the critical event or incident. *Sorrels v. NCL (Bahamas) Ltd.*, 796. F.3d 1275, 1284-85 (11th Cir. 2015). The Eleventh Circuit in *Sorrels* cited *Barnes v. General Motors Corp.*, 547 F.2d (5th Cir. 1977), a design defect case involving a Z-28 Camaro with engine mounts and the Plaintiff's expert performed a test on a z-28 without engine mounts. *Id*.  Under these circumstances, the court found "significantly different circumstances", which stands to reason in a products liability case. The present case is not a products liability claim and therefore the relaxed standard applies. Any differences in the circumstances surrounding these occurrences go merely to the weight to be given the evidence. *Sofillas v. Carnival Corporation*, 2016 WL 5416110 at *2 (S.D. Fla. July 8, 2016); see also *Doria v. Royal Caribbean Cruise Line*, 393 F. Supp. 3d 1141 (S.D. Fla. 2019) (the court held that notice against the cruise line can be derived from other ATV

6

incidents on excursions involving other operators but still within the cruise line's shore excursion portfolio); *Chimene v. Royal Caribbean Cruises, Ltd.*, 2017 WL 8794706, at *4 (S.D. Fla. Nov. 14, 2017) (concluding that cruise ship operator had notice of dangerous condition created by zip line from prior reports of substantially similar incidents); *Jaber v. NCL Ltd.*, No. 14-cv-20158, ECF No. 92, 2016 U.S. Dist. LEXIS 25873, *6, n. 2 (S.D. Fla. Mar. 2, 2016) (denying cruise line's summary judgment motion and noting that the other falling bunks reported by other passengers in other cabins were sufficient to meet the notice requirement for purposes of denying a defense summary judgment motion).

13. The issue as to the degree of similarity is addressed in *Bonnell v. Carnival Corporation*, 2015 WL 12712609 (S.D. Fla. Jan. 20, 2015). "[T]he fact that some factors relating to each incident are unknown or inconsistent with a plaintiff's accident does not automatically render the past incidents inadmissible." *Bonnell*, 2015 WL 12712609 at *2 (citing *Borden, Inc. v. Fla. E. Coast Ry.*, 772 F.2d 750, 755 (11th Cir. 1985); *Jones & Laughlin Steel Corp. v. Matherne*, 348 F.2d 394, 400-01 (5th Cir. 1965)(finding that minor dissimilarities amount incidents did not result in exclusion of the prior incident, and the "differences between the circumstances of the two accidents could have been developed to go to the weight to be given such evidence"). "'[I]nsubstantial' differences do not render a prior incident inadmissible; the test is whether 'the conditions surrounding the two incidents were similar enough to allow the jury to draw a reasonable inference' concerning a defendant's actual or constructive knowledge of an allegedly dangerous condition." *Id*.; *See Milbrath v. NCL Bahamas, Ltd.*, 2018 WL 2036081, at *3 (S.D. Fla. Feb. 28, 2018) (stating that the fact that the prior incident sought to be admitted by the plaintiff involved different lighting, different shoes, and other factual dissimilarities did not take this incident "out of the realm of substantial similarity" and that ["w]hile not identical there [was]

7

certainly sufficient similarity between he incidents to allow the jury to 'draw a reasonable inference concerning foreseeability' of potential injury").

14. **<u>THE DEFENDANT SHOULD NOT BE ABLE TO ARGUE A LACK OF PRIOR INCIDENTS</u>**. "Evidence on the lack of similar incidents is admissible if the offering party lays the proper foundation." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017) (citation omitted). "Evidence of the absence of prior accidents is admissible, but the party seeking to rely on it must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." *Holderbaum v. Carnival Corp.*, No. 13-CV-24216, 2015 U.S. Dist. LEXIS 180974, 2015 WL 12085846, at *3 (S.D. Fla. Mar. 4, 2015) (quotations and citation omitted).

15. **<u>STANDARD FOR MOTIONS IN LIMINE</u>**. In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 06-MD-1769, 07-CV-15733, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 16-CV-1307, 2018 U.S. Dist. LEXIS 233021, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 01-CV-545, 2004 U.S. Dist. LEXIS 29846, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 U.S. Dist. LEXIS 134900, 2009 WL

8

260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

WHEREFORE, the Plaintiff respectfully requests that this Court deny Defendant's Motion given that it is possible that a proper predicate may be laid to introduce such evidence; however, if these prior incidents do not involve situations where a crewmember failed to secure a panel after removing said panel, the Plaintiff would agree that such incident would not constitute a prior similar incident here and should thus be excluded.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13TH day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By:  *s/ Lisa C. Goodman*
**LISA C. GOODMAN, ESQ**. (FBN118698)
lgoodman@hickeylawfirm.com

9

CLAY CROCKETT v. CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE

CASE NO. 1:24-cv-21185-RAR

**SERVICE LIST**

| | |
|---|---|
| **John H. Hickey, Esq. (FBN 305081)**<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>**Lisa C. Goodman, Esq. (FBN 118698)**<br>lgoodman@hickeylawfirm.com<br>kporras@hickeylawfirm.com<br>**Hickey Law Firm, P.A.**<br>12150 S.W. 128th Court, Suite 225<br>Miami, FL 33186<br>Tel. (305) 371-8000<br>Fax: (305) 371-3542<br>*Counsel for Plaintiff* | **Michael J. Drahos, Esq. (FBN: 1019357)**<br>michael.drahos@gray-robinson.com,<br>lilia.parker@gray-robinson.com<br>**Ashley Nicole Genoese, Esq. (FBN: 0617059)**<br>ashley.genoese@gray-robinson.com<br>**Gray Robinson, P.A.**<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, FL 33401<br>Tel.: (561) 268-5727<br>Fax: (561) 268-5745<br>*Counsel for Defendant* |