UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21185-RAR

CLAY CROCKETT,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE [DE 58] TO
DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PRIOR INCIDENTS [DE 36]**

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this reply to Plaintiff's response [DE 58] to Defendant's motion *in limine* to preclude evidence of prior incidents [DE 36], and in support thereof states as follows:

## I.    BRIEF SUMMARY OF ARGUMENT

CLAY CROCKETT ("Plaintiff") alleges he sustained injuries when a wooden kickplate fell from an outdoor staircase on the *Carnival Vista* and struck Plaintiff on the head.

Plaintiff argues in his Response [DE 58] that any prior incidents of securing "a panel" in any location, on any of Carnival's vessels should be admissible to prove notice of this wooden kickplate falling from an outdoor staircase on the *Vista*. However, even in the Response, Plaintiff has not set forth any facts from any of the alleged similar incidents and simply argues that "it is possible that a proper predicate may be laid to introduce such evidence." Even in Plaintiff's Response Motion, he has no idea what these prior incidents involve or how they could potentially be similar: "If any of the prior incidents alleged in the Complaint involve a situation where a crewmember failed to secure a panel after removing said panel, such prior incident should be

1

admissible to prove notice here." Discovery has closed in this matter, and Plaintiff as the proponent of the evidence has failed <u>his</u> burden of demonstrating substantial similarity.

## II.  ARGUMENT

### a.  Plaintiff Fails to Meet His Burden of Demonstrating Substantial Similarity by Failing to Set Forth Any Sufficient Facts

Instead of setting forth evidence to show any of these incidents referenced in the Complaint are substantially similar to the Plaintiff's incident, Plaintiff continues to argue that it is "possible" that the incidents are similar. Plaintiff's mere argument without any factual support is insufficient to meet his burden of demonstrating substantial similarity. *Bahr v. NCL (Bahamas) Ltd.*, No. 19-CV-22973, 2021 WL 4898218, at *6 (S.D. Fla. Oct. 20, 2021), *clarified on denial of reconsideration*, No. 19-CV-22973, 2022 WL 19258 (S.D. Fla. Jan. 3, 2022)("Given Plaintiff's failure to provide any further details to determine whether the fall was substantially similar to Plaintiff's fall or whether the gangway was the same or similar gangway, the Court again finds that Plaintiff has failed to meet the burden of demonstrating substantial similarity.")

Plaintiff cites to *Ramirez v. Carnival Corp.*, No. 22-CV-21202, 2023 WL 3318723 (S.D. Fla. May 9, 2023) to support his argument that a proper predicate may be laid to introduce evidence at trial. However, in *Ramirez*, discovery revealed that two of the alleged prior incidents occurred on the same staircase and ten of the alleged prior incidents happened on similar staircases in the same class of ships. *Ramirez*, 2023 WL 3318723, at *4. These incidents all occurred within three years of the plaintiff's fall and were not too remote in time. *Id*. Given the facts disclosed about the prior incidents in *Ramirez*, the court determined a proper predicate may be laid as to the specific issue of "whether the nosing was the same" on the class of ships for these prior incidents. *Id*.

The *Ramirez* case does not support the argument that all alleged prior incidents should be admissible where there is no factual support provided as to substantial similarity, as Plaintiff claims

here. Plaintiff here, does not even come close to offering the same factual support as to "substantially similar" prior incidents as the plaintiff in *Ramirez*. Notably, as provided in Defendant's motion in *limine*, the *Ramirez* court addressed the same scope of prior incidents as Defendant has disclosed in the instant case: three years prior to the subject incident for the subject staircase and substantially similar staircases on the *Vista*-class of ships. [DE 36]. However, in the instant case, there are no prior incidents within this scope, which Plaintiff does not dispute. Thus, *Ramirez* does not support denial of Defendant's motion in *limine*.

        b.      <u>Plaintiff Fails to Set Forth Sufficient Evidence to Show Any Similarity of Prior Incidents</u>

Plaintiff further argues that the "substantial similarity" doctrine does not require identical circumstances, which Defendant does not dispute. Plaintiff cites to *Bunch v. Carnival Corp.*, 825 F. App'x 713 (11th Cir. 2020), where the Eleventh Circuit determined prior incidents were substantially similar where not identical. However, in *Bunch*, and as included in Plaintiff's Response, the Eleventh Circuit concluded that although the thresholds were in different locations and of different heights, the plaintiff <u>put forth sufficient evidence</u> that the conditions were substantially similar as the thresholds were all "reflective." *Bunch* 825 F. App'x at 718. Plaintiff also chose to not cite to the Southern District case of *Tuite v. Carnival Corp.*, which is distinguished from *Brunch*, and found prior alleged incidents to be not substantially similar as the plaintiff "fails to supply any details from which the Court could possibly infer substantial similarity." *Tuite v. Carnival Corp.*, 713 F. Supp. 3d 1338, 1345 (S.D. Fla. 2024), *appeal dismissed*, No. 24-10665-FF, 2024 WL 3964617 (11th Cir. Aug. 13, 2024)(citing *Roberts v. Carnival Corp.*, 21-11792, 2022 WL 2188010 at *5 (11th Cir. June 17, 2022)("[The plaintiff] offers no details as to the circumstances of those other incidents, so we cannot determine whether they were substantially similar.")).

The instant case here is not similar to *Bunch* as, again, the Plaintiff has failed to set forth any sufficient evidence to show the conditions were substantially similar. Notably in *Bunch*, the plaintiff set forth evidence that the prior incidents involved the same reflective stainless steel thresholds which was an alleged dangerous condition. *Bunch*, 825 F. App'x at 715. Here, Plaintiff has failed to set forth <u>any</u> sufficient facts that would show the prior incidents involved the same type of dangerous condition, as argued in *Bunch*. Notably, each of the alleged prior incidents occurred on various ships, not within the *Vista*-class, in unknown locations aboard the various vessels, and involved a "falling panel" or "ceiling panel" which is not similar to the subject incident involving a wooden kickplate (i.e. a portion of a stair) falling from a staircase. [DE 1]. Thus, the instant case is distinguished from *Bunch* where facts were disclosed to show that the prior incidents involved the same reflective stainless steel type of threshold, and as such *Bunch* does not support denial of Defendant's motion in *limine*.

c.      <u>Plaintiff Has the Burden of Demonstrating Substantial Similarity</u>

Plaintiff further alleges he has "attempted to obtain evidence from Carnival" and Carnival has "decided that the prior incidents are not similar." [DE 58]. Plaintiff fails to appreciate or understand that the burden is on him to demonstrate substantial similarity and prove his allegations. *Cole v. Carnival Corp.*, No. 23-60532-CIV, 2024 WL 2229991, at *6 (S.D. Fla. May 17, 2024)("Ultimately, the proponent of the evidence bears the burden of demonstrating substantial similarity."); *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015); *Tuite*, 713 F. Supp. 3d at 1345 (S.D. Fla. 2024); *Bahr*, 2021 WL 4898218, at *6 (S.D. Fla. Oct. 20, 2021).

Plaintiff takes issue with Defendant's objections yet made no effort to address any of the objections within the discovery period in this matter, which has since elapsed. Notably, during a

discovery hearing in this matter, this Court already explained the pitfalls of Plaintiff's decision to not pursue discovery:

> The deadline to raise a discovery dispute is triggered in this instance by service of the objections, not by Plaintiff's ability to articulate his basis for challenging Defendant's objection. Plaintiff counsel's attempt revive the request on the basis that she now knows *why* she would seek these documents does not constitute good cause to excuse the delay in raising the dispute.

[DE 30 at pg. 3]. Further, the allegations of prior incidents arises from Plaintiff's own Complaint, and were never disclosed by Defendant in discovery. Based on the limited information provided in the deficient allegations, Defendant contends these are not substantially similar prior incidents, and it is not Defendant's burden to show that they somehow are similar. Thus, Plaintiff has failed to meet his burden and Defendant's Motion in *Limine* should be granted.

> d.      Plaintiff's Response Improperly Includes a Motion in *Limine* Argument that Should be Stricken

Plaintiff's Response [DE 58] further attempts to introduce an argument that "Defendant should not be able to argue a lack of prior incidents" which is akin to a motion in *limine*, and not responsive to any of the arguments set forth in Defendant's motion in *limine* [DE 36]. The Response does not actually set forth any relief or argument, aside from a dump of case law, however to the extent paragraphs 14 and 15 of the Response [DE 58] are construed to present a new argument in *limine*, Defendant moves to strike as improperly pled and further violative of this Court's Order [DE 14] setting forth limitations on motions in *limine*. *Storm Damage Sols., LLC v. RLI Ins. Co.*, No. 23-CV-23681, 2023 WL 8004314, at *2 (S.D. Fla. Nov. 17, 2023); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for [affirmative relief] simply is imbedded within an opposition memorandum, the issue has not been raised properly."). To the extent Plaintiff seeks to raise the new argument akin to a motion in *limine* in his Response, this Court should strike the improper assertions.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully request the Court enter an order granting Defendant's Motion in *Limine*, [DE 36] precluding any evidence of the alleged prior incidents referenced in Plaintiff's Complaint, and strike and/or deny Plaintiff's argument in *limine* at paragraphs 14-15 of DE 58, and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
lgoodman@hickeylawfirm.com
kporras@hickeylawfirm.com

*Attorneys for Plaintiff*

7