**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-21185-RAR**

CLAY CROCKETT,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE [DE 57] TO DEFENDANT'S MOTION TO STRIKE AND/OR PRECLUDE PLAINTIFF'S UNTIMELY AND IMPROPERLY DISCLOSED WITNESSES FROM TRIAL [DE 35]

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this Reply to Plaintiff's Response [DE 57] to Defendant's Motion to Strike and/or Preclude Plaintiff's Untimely and Improperly Disclosed Witnesses from Trial [DE 35], and in support thereof states as follows:

### I.      BRIEF SUMMARY OF ARGUMENT

CLAY CROCKETT ("Plaintiff") alleges he sustained injuries when a wooden kickplate fell from an outdoor staircase on the *Carnival Vista* and struck Plaintiff on the head.

Plaintiff argues that the "minor deficiencies" with Plaintiff's hybrid expert disclosures served on March 4, 2024 are harmless and that the deficiencies were cured[1] by the amended hybrid disclosure on March 27, 2024, after the deadline to disclose experts had long expired. Plaintiff argues there is no prejudice to Defendant as the two *true* hybrid witnesses were timely disclosed in the case, though fails to mention how they were intermixed with the other fifty-five *placeholder*

---

[1] Defendant does not agree the final third amended hybrid disclosures "cured" any deficiencies, as the true hybrid witnesses were not identified before the expert deadlines expired, and thus are untimely.

witnesses. Instead of disclosing the true witnesses that Plaintiff knowingly intended to use at trial, Plaintiff moved witnesses from one pleading to another, in hopes to avoid actual compliance with the Rules of Civil Procedure. Upon Defendant's objection to the fifty-five experts disclosed in Plaintiff's hybrid disclosures, Plaintiff refused to withdraw any of the names, yet could not provide an explanation of how he intended to call all fifty-five experts at trial. Plaintiff's gamesmanship and intentional "hiding of the ball" unfairly prejudiced Defendant by withholding the true witnesses until well after the expert deadlines in this case had expired. Plaintiff attempts to shield its actions under the guise of "being thorough," while violating the Federal Rules of Civil Procedure and obviating the overarching purpose of the Rules "to allow both sides in a case to prepare their cases adequately and to prevent surprise."

## II.     ARGUMENT

    a.     <u>Plaintiff's Production of Medical Records on January 31, 2025 and Improper "Hybrid Expert Witness" Disclosure on March 4, 2025 Both Do Not Constitute Proper Disclosure Under Rule 26</u>

Plaintiff argues there was no failure to disclose Dr. Jose Pizarro and Dr. Jason Siegel, the two hybrid expert witnesses which were included in hybrid expert disclosures on March 27, 2024. Plaintiff argues these two hybrid experts were "disclosed" on January 31, 2025 when medical records of each were produced in discovery responses to Defendant. [DE 57, ¶¶9,11]. Plaintiff does not elaborate how providing medical records of these doctors, along with numerous other documents produced, is somehow "disclosing of a hybrid expert witness" as it fails to meet the standard under Rule 26(a)(2)(c) including that the "disclosure must state the subject matter on which the witness is expected to present evidence…and a summary of the facts and opinions to which the witness is expected to testify." *FRCP* 26(a)(2)(c). Defendant contends this was not a disclosure.

Plaintiff argues next that Dr. Pizarro and Dr. Siegel were properly disclosed on March 4, 2025 as Hybrid Expert Witnesses. Dr. Pizarro is listed as Hybrid Witness #51 and Dr. Siegel as #53. The disclosure provides that both Dr. Pizarro and Dr. Siegel:

> …will testify about:
> a. Permanent injury to Clay Crockett
> b. Causation of injury to Clay Crockett
> c. Pain and suffering of Clay Crockett
> d. The interpretation of the x-rays, MRIs, CT scans and other diagnostic studies;
> e. His care and treatment of Clay Crockett;
> f. His opinions referenced in his medical records;
> g. Opinions referenced in the deposition of this witness, if any;
> h. Diagnosis;
> i. Prognosis;
> j. Disabilities and disability ratings;
> k. Past medical expenses;
> l. Present value of future medical expenses;
> m. The reasonableness and necessity of the medical expenses (past and future);
> n. Medical Illustrations;
> o. Relationship of the injuries, disabilities, medical expenses and physical condition to the subject incident; and
> p. All other opinions which have been disclosed previously or will be disclosed in correspondence, medical records, office notes, reports, Interrogatory Answers, depositions, and/or trial testimony of this witness in this case.
> q. Medical illustrations.
>
> The dates for depositions of this medical provider will be provided if necessary, or counsel for Defendant can contact this medical provider directly in regard to their schedule.

[DE 35-2]. Defendant raised issue with the "hybrid" disclosures expressly stating to Plaintiff: "Plaintiff's disclosure does not put Defendant on notice of which of the 50+ witnesses Plaintiff actually intends to call during trial. Further, as to any experts rendering causation opinions, Plaintiff needs to provide reports of the opinions." (See correspondence dated March 13, 2025, attached hereto as **Exhibit 1**). Plaintiff's hybrid expert disclosure of Dr. Pizarro and Dr. Siegel, among many of the other fifty-five hybrid experts constituted improper Rule 26(a)(2)(B) expert

disclosures, thus were not properly disclosed on March 4, 2025.[2] *Chappell v. Carnival Corp.*, No. 21-CV-23787, 2023 WL 3003806, at *12 (S.D. Fla. Apr. 18, 2023)("when a treating physician goes beyond the observations and opinions obtained by treating the individual and expresses opinions acquired or developed in anticipation of trial, then the treating physician steps into the shoes of an expert who may need to provide a Rule 26(a)(2)(B) report.")(*citing Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)). Neither the medical record production on January 31, 2025 nor the "hybrid expert witness disclosure" which violated Rule 26(a)(2)(B) on March 4, 2025, can be found to be a proper disclosure of Dr. Pizarro and Dr. Siegel. Thus, Plaintiff's disclosure of hybrid expert witnesses is untimely, and should be stricken.

b.   Plaintiff Has Not Met His Burden of Establishing His Failure to Disclose was Substantially Justified or Harmless to Defendant

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Simmons v. Ford Motor Co.*, No. 18-CV-81558-RAR, 2021 WL 6062633, at *2 (S.D. Fla. Dec. 22, 2021)(Ruiz, J.); *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). "Factors relevant to the determination of whether a failure to disclose is substantially justified or harmless under Rule 37(c)(1) are: '(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify.' " *Simmons*, 2021 WL 6062633, at *2.

Plaintiff's Response is almost entirely comprised of arguing why Defendant is not prejudiced and why striking the Plaintiff's witnesses would be severe and unjustified.[3] However, Plaintiff wholly disregards his own burden to establish that the disclosure was substantially justified or harmless. Notably, Plaintiff provides no explanation of how his improper disclosure

---

[2] Plaintiff's assertion that "Dr. Pizarro is undisputedly a fact witness in the case" did not actually become "clear" until March 27, 2025. [DE 57 at ¶10].
[3] Defendant disputes these contentions.

was substantially justified, and merely argues that he was "being thorough" by including every single name of every medical provider and facility into a "hybrid witness disclosure." [DE 57, ¶5]. To the extent Plaintiff argues the improper disclosure was "harmless" to Defendant because Defendant had the medical records, this again fails. In fact, Defendant expressly addressed these issues during a conferral meeting with Plaintiff's counsel, and Plaintiff refused to withdraw any of the hybrid witnesses. [DE 35, ¶4].

Plaintiff's reliance on *Torres v. Wal-Mart Stores East, L.P.*, for the proposition that his nondisclosure is "harmless" is misplaced. *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276 (S.D. Fla. 2021). Ultimately the *Torres* court allowed the deficient hybrid expert disclosures to not be stricken, as harmless. *Torres*, 555 F. Supp 3d at 1299. However, the facts here differentiate the instant case from *Torres*. The first and most telling factor that the *Torres* court addresses is "purposeful strategy to deceive" as opposed to a simple mistake. *Id* at 1299-1300; *citing Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 607–08 (11th Cir. 2019) (Tjoflat, J., dissenting)(noting that, to avoid exclusion, "the nondisclosure must be a mistake"). If Plaintiff here, truly made a simple "mistake" Plaintiff would have immediately amended to cure the deficiencies after the parties met and conferred. Instead, Plaintiff declined to withdraw its hybrid expert disclosures, and doubled down on its tactics under the guise of "being thorough." [DE 57, at ¶5]. The second factor addressed in *Torres* is whether the testimony is "crucial to this litigation." *Torres*, 555 F. Supp 3d at 1300. Defendant contend the testimony of Dr. Pizarro and Dr. Siegel are not "crucial" as Dr. Pizarro "is undisputably a fact witness", and both witnesses "will testify as to the testing performed on Clay Crockett and the findings from those tests which are contained in the medical records." [DE 57, at ¶¶9-11]. Therefore, as the medical records and generated medical reports of Dr. Pizarro and Dr. Siegel are already contained within materials produced in discovery,

5

their testimony is not "crucial." Plaintiff further has two disclosed expert witnesses pursuant to Rule 26(a)(2)(B), which are not the basis of this Motion. As to the third and final factor of harm, despite Plaintiff's Response arguing that any deficiencies have been cured and thus there is no harm to Defendant, Defendant <u>does</u> contend deficiency in Plaintiff's Hybrid Expert Disclosures served on March 27, 2025. Specifically, the deficiency is that the disclosure is untimely, and precluded Defendant from the meaningful opportunity to perform discovery and depositions related to the witnesses in question, including the opportunity to retain rebuttal expert witnesses if necessary. Further, the Defendant has been precluded from asserting a *Daubert* challenge if Defendant deemed was warranted. These trial deadlines have all since elapsed. [DE 14].

Further, the Southern District expressly noted in reaching the conclusion in *Torres* that: "Courts also routinely decline to exclude expert testimony when the defendant 'had the opportunity to seek the intervention of the Court for [the plaintiff's] purported non-compliance before the discovery cut-off but failed to do so.' " *Id* (citing *Torres*, 2018 WL 3729553, at *2.). In the instant case, Defendant did attempt to resolve the issue with Plaintiff and seek Court intervention all well before the discovery cutoff and at the earliest opportunity after Plaintiff's multiple amended hybrid and Rule 26 disclosures. See **Exhibit 1**; see also DE 30 at fn 1 ("Defendant also filed an Amended Notice of Hearing (ECF No. 27) seeking to strike Plaintiff's updated Rule 26 Disclosures adding new fact and hybrid expert witnesses as untimely. This dispute was not heard at the hearing, for the reasons explained in open court. Specifically, my informal discovery hearing protocol may not be used to resolve motions seeking sanctions, including exclusion of witnesses, even if the basis for sanctions arises from discovery misconduct."). As such, this should not be a basis for denial of Defendant's Motion to Strike.

c.      Plaintiff's Argument that Obtaining Medical Records from Facilities and Providers Somehow Relives Him of Proper Witness Disclosures, Has No Merit

Courts in this District have regularly held that medical records cannot be used in lieu of proper witness disclosure pursuant to the Federal Rules of Procedure. *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at \*4 (S.D. Fla. Apr. 4, 2013)("Allowing medical records to be submitted 'in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a 'summary.' ")(*citing Kondragunta v. Ace Doran Hauling & Rigging Co.,* 2013 WL 1189493, No. 1:11–cv–01094–JEC, at \*6 (N.D.Ga. Mar. 21, 2013)); *Worley v. Carnival Corp.*, No. 21-CIV-23501, 2023 WL 1840107, at \*9 (S.D. Fla. Jan. 27, 2023), *report and recommendation adopted,* No. 21-23501-CIV, 2023 WL 3016914 (S.D. Fla. Apr. 20, 2023)("…because a party cannot circumvent the Rule 26 expert witness disclosure requirement by providing only medical records, Plaintiff cannot successfully rely on the argument that the records are a sufficient disclosure") "In *O'Brien v. NCL (Bahamas) Ltd.*, 2017 WL 8315925, at \*2 (S.D. Fla. Aug. 25, 2017) (Lenard, J.), for instance, the district court found insufficient a written summary that—like Torres's—disclosed the subject matter of the treating physician's testimony but only generally referred the defendant to the plaintiff's medical records." *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1299 (S.D. Fla. 2021).

Plaintiff argues within his Response that Plaintiff's witnesses should not be stricken as "Defendant has not only known about and has had records from those providers for months before the discovery deadline." [DE 57, at ¶25, sic]. This position is a common theme in Plaintiff's Response that somehow obtaining medical records equates to proper fact and hybrid expert witness disclosure. However, this cannot relieve Plaintiff of his burden to comply with the Federal Rules

of Civil Procedure and properly disclose witnesses for trial. Thus, Plaintiff's argument that medical records would give Defendant notice, does nothing to further support his arguments.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully request the Court grant Defendant's Motion to Strike [DE 35] and enter an order striking the Plaintiff's witnesses from trial, and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

8

authorized manner for those counsel or parties who are not authorized to received electronically

Notices of Electronic Filing.

/s/ Ashley Genoese

**SERVICE LIST**
**CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
lgoodman@hickeylawfirm.com
kporras@hickeylawfirm.com

*Attorneys for Plaintiff*