**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-21185-RAR**

CLAY CROCKETT,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND**
**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, files its Reply to Plaintiff's Response [ECF No. 49] to Defendant's Statement of Material Facts in Support of its Motion for Summary Judgment [ECF No. 33], and its Response to Plaintiff's Additional Material Facts [ECF No. 49, pgs. 2-11].

**REPLY TO PLAINTIFF'S RESPONSE TO STATEMENT OF MATERIAL FACTS**

8.      Plaintiff does not dispute that Carnival maintains a work order procedure.

9.      Plaintiff does not dispute this fact with record evidence.

**RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF MATERIAL FACTS**

10.      Undisputed that these are photographs taken of the subject staircase, though unknown at what point in time.

11.      Undisputed for purposes of summary judgment.

12.      Undisputed for purposes of summary judgment.

13.     Undisputed.

14.     Undisputed Carnival acknowledges now, in response to Plaintiff's lawsuit, that an unsecured wooden board on an outdoor staircase could be a dangerous condition. Disputed Carnival had prior notice of Plaintiff's alleged risk-creating condition here. ECF No. 50-1 (Corp. Rep. Depo) at 47:3 – 13; 64:19 – 65:9; 66:4 – 67:16.

15.     Undisputed Carnival acknowledges now, in response to Plaintiff's lawsuit, that an unsecured wooden board on an outdoor staircase could be a dangerous condition. Disputed Carnival had prior notice of Plaintiff's alleged risk-creating condition here. ECF No. 50-1 (Corp. Rep. Depo) at 47:3 – 13; 64:19 – 65:9; 66:4 – 67:16.

16.     Undisputed Carnival inspects the steps of the staircase multiple times per day, and undisputed that maintenance issues observed need to be reported.

17.     Undisputed.

18.     Undisputed Carnival cleans the subject staircase.

19.     Undisputed that anti-skid strips are replaced on the treads of the staircase every two weeks or once per month, depending on wear.

20.     Undisputed Carnival maintains and repairs the staircase as needed.

21.     Objection. This is not a material fact, it is attorney-argument proposing an improper legal conclusion. And there is no explanation regarding how Carnival failed to comply with these purported standards.

22.     Undisputed Carnival removes wooden boards from the staircase to be varnished.

23.     Undisputed that the wooden boards of the staircase can be varnished every three (3) to four (4) months.

24.     Objection. This is not a material fact, it is attorney-argument proposing an improper and inaccurate legal conclusion. See Defendant's Reply to MSJ.

25.     Objection. This is not a material fact, it is attorney-argument proposing an improper and inaccurate legal conclusion. See Defendant's Reply to MSJ. Additionally, whether or not there was sufficient space for a passenger to walk between a deck chair and a metal barrier is irrelevant to Carnival's notice of Plaintiff's pled risk-creating condition here. Moreover, disputed that the purpose of the metal barrier was to protect passengers from getting hit in the head – the (complete) cited testimony does not support this proposed material fact. ECF No. 54-1 (Wilcor Sta Ana Depo.) at  74:1 – 76:12.

26.     Objection. This is not a material fact, it is attorney-argument proposing an improper and inaccurate legal conclusion. See Defendant's Reply to MSJ. Additionally, whether or not there was sufficient space for a passenger to walk between a deck chair and a metal barrier is irrelevant to Carnival's notice of Plaintiff's pled risk-creating condition here. Moreover, disputed that the purpose of the metal barrier was to protect passengers from getting hit in the head – the (complete) cited testimony does not support this proposed material fact. ECF No. 54-1 (Wilcor Sta Ana Depo.) at  74:1 – 76:12.

27.     Undisputed for purposes of summary judgment, however, the force of impact to Plaintiff is not relevant to whether Carnival had notice of Plaintiff's pled risk-creating condition.

28.     Disputed that Plaintiff's expert's inspection completed five (5) months following Plaintiff's incident, and/or his opinions, are relevant to Carnival's notice. See Defendant's Reply to MSJ.

29.     Undisputed Carnival closed the subject staircase following Plaintiff's reported incident. Disputed this is relevant to Carnival's notice.

30.     Undisputed a work order request was generated following Plaintiff's reported incident. Disputed this is relevant to Carnival's notice.

31.     Undisputed the subject staircase was changed five months following Plaintiff's incident during a planned drydock in January 2024. ECF No. 50-1 (Corp. Rep. Depo) at 165:12 – 166:4. The changes were not made as a result of Plaintiff's incident. *Id*. at 166:5 – 12. Plaintiff cites no record evidence for his suggestion that changes were made to eliminate "the possibility that a crewmember fails to properly secure the wooden boards[.]"

32.     Undisputed.

Dated: May 20, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com