UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:24-cv-21185-RAR

AT LAW AND IN ADMIRALTY

CLAY CROCKETT,

      Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

      Defendant.

_____/

## PLAINTIFF'S OMNIBUS MOTION *IN LIMINE*

Plaintiff, CLAY CROCKETT, by and through undersigned counsel, and pursuant to DE 14 and DE 48 hereby files his Omnibus Motion *in Limine* and in support thereof states as follows:

1.     **INTRODUCTION AND BACKGROUND**. The Plaintiff files this Omnibus Motion *in Limine* to exclude and/or preclude the following evidence and/or testimony:

    a. THE LACK OF PRIOR SIMILAR INCIDENTS

    b. CARNIVAL'S SALE AND SIGN STATEMENTS FOR THE PLAINTIFF AND PLAINTIFF'S WIFE AND TESTIMONY ABOUT CARNIVAL'S SALE AND SIGN STATEMENTS

    c. SURVEILLANCE MATERIALS

    d. REFERENCE TO DEFENDANT'S EXPERT AS "INDEPENDENT" OR THE EXAMINATION AS AN "IME" (*the Defendant agrees to this Motion in Limine*)

    e. CORPORATE REPRESENTATIVE FROM CHANGING TESTIMONY GIVEN AT DEPOSITION

    f. THE TIME AND CIRCUMSTANCES UNDER WHICH PLAINTIFF HIRED AN ATTORNEY

1

g. SECONDARY GAIN, SYMPTOM MAGNIFICATION, SOMATOFORM DISORDER AND MALINGERING

h. DEFENDANT AND ITS COUNSEL FROM IMPLYING OR CLAIMING THAT THE PLAINTIFF IS SUFFERING FROM "LAWSUIT PAIN" AND/OR IS A MALINGERER COMMITTING A FRAUD UPON THE COURT AND/OR ATTEMPTING TO CASH IN A LOTTERY TICKET

2. This case arises from an incident on board the *Carnival Vista* in which a heavy wooden riser board (kickplate) from one of the steps on the outdoor staircase that Carnival failed to properly secure and fell directly on the Plaintiff's head on July 14, 2023 causing the Plaintiff to sustain severe and permanent injuries, including but not limited to a head laceration, a concussion, a traumatic brain injury and experiences the following constant headaches, dizziness, nausea, vomiting, brain fog, confusion, memory loss, and sensitivity to lights and sounds.

## I. MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE ABOUT THE LACK OF PRIOR SIMILAR INCIDENTS

3. The Defendant has testified that this has never happened before. The fact that this has not happened before does not make the Defendant's actions any less dangerous or negligent. As such, the Plaintiff moves to exclude testimony and evidence about the lack of prior similar incidents.

4. **THE DEFENDANT SHOULD NOT BE ABLE TO ARGUE A LACK OF PRIOR INCIDENTS**. "Evidence on the lack of similar incidents is admissible if the offering party lays the proper foundation." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017) (citation omitted). "Evidence of the absence of prior accidents is admissible, but the party seeking to rely on it must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." *Holderbaum v. Carnival Corp.*, No. 13-CV-24216, 2015 U.S. Dist. LEXIS 180974, 2015 WL 12085846, at *3 (S.D. Fla. Mar. 4, 2015) (quotations and citation omitted); *see also , Pandit v. American Honda Motor Co.,*

2

*Inc.*, 82 F.3d 3176 (10th Cir. 1996) (stating that in order to use the non-occurrence of an event as evidence of lack of notice, the defendant must establish that substantially similar circumstances existed and that there were no incidents during that time); *Baptista v. Carnival Corporation*, 2018 WL 1226041 (S.D. Fla. 2018 (excluding evidence of the absence of prior incidents where the defendant failed to establish substantial similarity).

5.      Federal Courts also have held that such evidence is inadmissible and can require a new trial.  *Forrest v. Beloit Corp.*, 424 F.3d 344 (3d Cir. 2005).  In *Forrest*, the trial Court allowed evidence of no prior accidents on a machine which pressed wood pulp into dry paper.  After a verdict for the Defendant, the Third Circuit Court of Appeals reversed and remanded for new trial. The court said that there is always a first victim and so a lack of prior accidents does not necessarily prove that the product is not defective.

6.      **LACK OF PRIOR INCIDENTS NOT NECESSARY FOR DEFENDANT'S LIABILITY.**   The lack of evidence of prior similar incidents does <u>not</u> relieve the defendant of liability.  See *See Selfridge v. Carnival Corp.*, 2022 U.S. Dist. LEXIS 46960 (S.D. Fla. Mar. 16, 2022) (work orders and violation of industry standards demonstrate constructive notice and the Court denied Carnival's Motion for Summary Judgment.); *See also Hager v. Royal Caribbean Cruises, Ltd.*, 2022 U.S. Dist. LEXIS 94102 (S.D. Fla. May 25, 2022) (the Court held that through both the description of the staircase in Dr. Lederer's expert report and work orders Hager presented evidence suggesting that Royal Caribbean knew or should have known that the subject staircase presented a dangerous condition. The Court did not consider any of the prior incidents as there was a pending motion in Limine to exclude the prior incidents. The Court held that Hager presents sufficient evidence of notice independent of the prior incidents.)

7.      **<u>EVIDENCE IS MISLEADING AND NOT ADMISSIBLE</u>**.  Even if there are no prior incidents in which an unsecured wooden board of a staircase fell and hit someone, to allow such testimony is misleading to the jury as to the standard of care required of the Defendant and the burden of proof required of the Plaintiff.  By putting on testimony that there are no prior incidents, the Defendant is in essence arguing that the Plaintiff is required to prove that someone else was injured.  That is not the standard and that is not required of the Plaintiff.  The law is that the Defendant is required to exercise reasonable care for the safety of people like the Plaintiff in this case.  The question is: did the Defendant do this, not whether there were other incidents.

II.     **MOTION IN LIMINE TO EXCLUDE CARNIVAL'S SALE AND SIGN STATEMENTS FOR THE PLAINTIFF AND PLAINTIFF'S WIFE AND TESTIMONY ABOUT CARNIVAL'S SALE AND SIGN STATEMENTS**

8.      Plaintiff's seek to exclude Carnival's Sale and Sign Statements for the Plaintiff and his wife as well as testimony about Carnival's Sale and Sign Statements. Carnival's Sale and Sign Statements are misleading and confusion and there is better evidence to demonstrate the purchases made by the Plaintiff and his wife on board the ship.

9.      For example, here is Carnival's Sale and Sign Statement for Plaintiff's Wife Brittany Crockett (DE 50-1, pg. 219).

# Carnival

MRS BRITTANY CROCKETT
Ship: CARNIVAL VISTA
Cabin: 6383
Booking Number: N3Z3V8

Cabin Section: 27
Sail Date: 07/08/2023
Printed On: 07/27/2023 03:37:01 PM
Page: 3 of 4

| Date | Time | Location/Description | Folio | Charges | Credits |
|---|---|---|---|---|---|
| 07/12/2023 | 05:46 PM | ADDITIONAL OCEAN PLAZA BAR GRATUITIES | 77229 | $1.00 | |
| 07/12/2023 | 06:23 PM | CHEERS! - SOUTHRN LS STBD SVC | 77229 | $0.00 | |
| 07/12/2023 | 07:17 PM | COFFEE SHOP | 77229 | $0.00 | |
| 07/12/2023 | 07:17 PM | ADDITIONAL COFFEE SHOP GRATUITIES | 77229 | $1.00 | |
| 07/12/2023 | 08:10 PM | COFFEE SHOP | 77229 | $0.00 | |
| 07/13/2023 | 09:19 AM | OCEAN PLAZA BAR | 77229 | $0.00 | |
| 07/13/2023 | 09:19 AM | ADDITIONAL OCEAN PLAZA BAR GRATUITIES | 77229 | $1.00 | |
| 07/13/2023 | 02:54 PM | OCEAN PLAZA BAR | 77229 | $0.00 | |
| 07/13/2023 | 02:54 PM | ADDITIONAL OCEAN PLAZA BAR GRATUITIES | 77229 | $1.00 | |
| 07/13/2023 | 03:46 PM | INTERNET | 77229 | $22.00 | |
| 07/13/2023 | 05:06 PM | CAMP OCEAN | 77229 | $50.00 | |
| 07/13/2023 | 05:51 PM | CHEERS! - SOUTHRN LS STBD SVC | 77229 | $0.00 | |
| 07/13/2023 | 08:17 PM | CHEERS! - RED FROG PUB&BREWERY | 77229 | $0.00 | |
| 07/13/2023 | 08:17 PM | ADDITIONAL RED FROG PUB&BREWERY GRATUITIES | 77229 | $1.00 | |
| 07/13/2023 | 09:00 PM | OCEAN PLAZA BAR | 77229 | $0.00 | |
| 07/13/2023 | 09:00 PM | ADDITIONAL OCEAN PLAZA BAR GRATUITIES | 77229 | $2.00 | |
| 07/13/2023 | 10:23 PM | CHEERS! - OCEAN PLAZA BAR | 77229 | $0.00 | |
| 07/14/2023 | 09:32 AM | OCEAN PLAZA BAR | 77229 | $0.00 | |
| 07/14/2023 | 09:32 AM | ADDITIONAL OCEAN PLAZA BAR GRATUITIES | 77229 | $2.00 | |
| 07/14/2023 | 10:47 AM | CHEERS! - BLUE IGUANA BAR | 77229 | $0.00 | |
| 07/14/2023 | 10:47 AM | ADDITIONAL BLUE IGUANA BAR GRATUITIES | 77229 | $1.00 | |
| 07/14/2023 | 11:53 AM | CHEERS! - BLUE IGUANA BAR | 77229 | $0.00 | |
| 07/14/2023 | 11:53 AM | ADDITIONAL BLUE IGUANA BAR GRATUITIES | 77229 | $1.00 | |
| 07/14/2023 | 12:15 PM | CHEERS! - BLUE IGUANA BAR | 77229 | $0.00 | |
| 07/14/2023 | 12:15 PM | ADDITIONAL BLUE IGUANA BAR GRATUITIES | 77229 | $1.00 | |
| 07/14/2023 | 01:25 PM | BLUE IGUANA BAR | 77229 | $0.00 | |
| 07/14/2023 | 01:25 PM | ADDITIONAL BLUE IGUANA BAR GRATUITIES | 77229 | $1.00 | |
| 07/14/2023 | 06:18 PM | SOUTHRN LS STBD SVC | 77229 | $0.00 | |
| 07/14/2023 | 06:18 PM | ADDITIONAL SOUTHRN LS STBD SVC GRATUITIES | 77229 | $2.00 | |
| 07/14/2023 | 07:51 PM | IN CABIN BEVERAGE | 77229 | $0.00 | |
| 07/14/2023 | 08:18 PM | PIXELS GALLERY | 77229 | $234.48 | |
| 07/14/2023 | 08:21 PM | PIXELS GALLERY | 77229 | $0.00 | |
| 07/14/2023 | 08:21 PM | PIXELS GALLERY | 77229 | $0.00 | |
| 07/14/2023 | 08:21 PM | PIXELS GALLERY | 77229 | $0.00 | |
| 07/14/2023 | 08:21 PM | PIXELS GALLERY | 77229 | $0.00 | |
| 07/14/2023 | 08:22 PM | PIXELS GALLERY | 77229 | $0.00 | |
| 07/14/2023 | 08:22 PM | PIXELS GALLERY | 77229 | $0.00 | |
| 07/14/2023 | 08:22 PM | PIXELS GALLERY | 77229 | $0.00 | |
| 07/14/2023 | 08:22 PM | PIXELS GALLERY | 77229 | $0.00 | |
| 07/14/2023 | 08:23 PM | PIXELS GALLERY | 77229 | $0.00 | |
| 07/14/2023 | 08:23 PM | PIXELS GALLERY | 77229 | $0.00 | |

**Page 219**

GR000045

Despite the fact that Carnival had the actual receipts for each of those purchases since July 2023, Carnival did ***not*** produce the actual receipts[1] ***until April 16, 2025***, ***fifteen days*** ***after*** the close of discovery (DE 14) and the day of Carnival Coprorate Representative's Deposition. See DE 50-1, pg. 3 of the filing , pg. 7 of the filing/pg. 14-16 of the deposition.  Plaintiff's Wife Brittany Crockett was taken on March 19, 2025.

---

[1] Exhibit 25 to Carnival's Corporate Representative is Carnival's entire production, bate stamp 1-353. DE 50-1, pg. 2, pg. 4; DE 52-1; DE 53-1, pg. 1 to 202.



Notwithstanding the fact that Carnival had the actual receipts for the purchases listed on Carnival's Sale and Sign Statement for Plaintiff's wife Brittany Crockett, Carnival intentionally deceived Brittany Crockett into testifying that she purchased alcohol on July 14, 2023 at 7:51pm.



She did not and Carnival knew that. The actual receipt that Carnival had the whole-time, states that Brittany Crockett purchased a ***bottle of water*** on July 14, 2023 at 7:51pm.

6



**Carnival**

Sail & Sign POS

Voyage   VS20230708007

Receipt#   19401114

| Date/Time | Location/Description | Receipt | Folio | Total Charges |
|---|---|---|---|---|
| 7/14/2023 7:51:07 PM | IN-CABIN BEVERAGE | 19401114 | 77229K | $0.00 |

| Qty | Items | Total Charges | |
|---|---|---|---|
| 1 | BOTTLED WATER 1.5ltr | $4.25 | |
| 1 | Courtesy of VIFP Prog-Wtr | $-4.25 | |
| | Gratuity | | $0.00 |
| | Extra Tip | | $0.00 |
| | Tax | | $0.00 |
| | Grand Total | | $0.00 |

*N/A*

Guest Name                                    BRITTANY CROCKETT

Approval Code

Card holders Name

Guest Signature

**Page 764**

10.    The testimony elicited by Carnival while using only the Sale and Sign Statements notwithstanding the fact that Carnival had the actual receipts all along is unfair, prejudicial, misleading, and confusing. Clearly, Carnival's Sale and Sign Statements are prejudicial and are not the best evidence of the purchases made by the Plaintiff and the Plaintiff's wife. The actual receipts (DE 53-1 pg. 212-284)[2] would be the best evidence and would be the only way to prevent prejudicial inaccurate testimony. As such, Plaintiff seeks to exclude Carnival's Sale and Sign Statements as well as the testimony about the Sail and Sign Statements.  There will be no prejudice by excluding Carnival's Sale and Sign Statements because both sides can rely on the actual

---

[2] Some receipts were produced more than once. Duplicative receipts should also be removed. For example, see DE 53-1, pg. 273, 274 and DE 50-1, pg. 46, 47 of filing/ pg. 173, 174 of deposition.

7

receipts. The Plaintiff, however, will be prejudiced if Carnival's Sale and Sign Statements and the testimony about the Sail and Sign Statements are not excluded.  A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Accordingly, Carnival's Sale and Sign Statements as well as the testimony about the Sail and Sign Statements must be excluded.

### III.   MOTION IN LIMINE TO EXCLUDE TESTIMONY AND SURVEILLANCE MATERIALS

11.      An essential component of the Plaintiff's claims is the damages suffered by the Plaintiff which include physical and mental pain and suffering and loss of enjoyment of life, amongst others.  Even though surveillance materials may also be used for impeachment purposes, testimony and video or photograph evidence of the Plaintiff is **substantive evidence** of his injuries and damages.  Fed. R. Civ. P. 26 does not require pre-trial disclosure of evidence that may be offered at trial **<u>solely for impeachment</u>**.  However, "evidence withheld as *solely for impeachment* evidence must be produced: (1) whenever the evidence also has a substantive purpose, and (2) if it would be responsive to a specific discovery request."  *Orris v. Metals USA*, 2011 WL 94559 (D.S.C. (Jan 11, 2011).

12.      Here, the Plaintiff requested copies of any surveillance videos and photographs in a request for production.  To date, Carnival has not disclosed or produced any surveillance materials to the Plaintiff, nor has the Defendant listed such materials on a privilege log as required. Accordingly, the Defendant should be precluded from offering any undisclosed videos or photographs of the Plaintiff at trial.  *See Betterman v. MSC Cruises (USA) Inc.*, 2014 WL 12579756 (S.D. Fla. Apr. 9, 2016) (requiring the defendant "to decide whether it intends to introduce at trial

8

any of the surveillance footage disclosed in its privilege log" and if it decides to use same, to "produce the surveillance evidence to the Plaintiff").

13.     Furthermore, any surveillance videos or photographs of the Plaintiff constitutes substantive evidence of the Plaintiff's injuries and therefore evidence of the damages being alleged.  Any videos and photographs would be substantive evidence which show the extent of the Plaintiff's injuries and what he looked like or was physically capable of doing at different dates and times.  Any undisclosed surveillance videos and photographs would be untimely disclosed evidence in direct violation of Fed. R. Civ. P. 26.  The Plaintiff has the right to know what substantive evidence is in the Defendant's possession before he decides to take her case to trial.  Without this evidence the Plaintiff is severely prejudiced in analyzing his case.

14.     Any argument from the Defendant that the Plaintiff will conform his trial testimony to the surveillance video should be rejected.  *Jacquelyn v. Macy's Retail Holdings Inc.*,  2016 WL 6246798, at *6 (S.D. Gea. Oct. 24, 2016) (citing *Ward v. CSX Transp., Inc.*, 161 F.R.D. 38, 40 (E.D.N.C. 1995).  The Defendant already deposed the Plaintiff at length and therefore the Defendant has protected the impeachment value of any surveillance video or photographs of the Plaintiff.  At trial the Defendant may carefully examine the Plaintiff about her injuries and disabilities.  Any inconsistencies between the surveillance materials and the Plaintiff's deposition are fodder for impeachment at trial.

15.     Any and all testimony and surveillance materials should be precluded as untimely disclosed substantive evidence in violation of Fed. R. Civ. P. 26.

## IV.   MOTION IN LIMINE TO EXCLUDE REFERENCE TO DEFENDANT'S EXPERT AS "INDEPENDENT" OR THE EXAMINATION AS AN "IME"

16.     The Plaintiff seeks to preclude Carnival and its expert from representing to the jury or making comments or statements implying that Carnival's expert is "independent" or previously

9

testified as a "court appointed" expert. Such statements are improper and are a clear misrepresentation of the neutrality or lack thereof of any hired defense expert witness. *See Erneta v. J.P. Morgan Chase & Co.*, 2013 WL 4428563, at *1 (S.D. Fla. 2013).

17. Defendant agrees to this Motion in Limine.

**V. MOTION IN LIMINE TO PRECLUDE CARNIVAL'S CORPORATE REPRESENTATIVE FROM CHANGING TESTIMONY GIVEN AT DEPOSITION**

18. Carnival should not be permitted to produce a Corporate Representative witness at trial that suddenly has knowledge about any matters which the corporate representative claimed to have no knowledge during deposition. Carnival must be bound by the testimony of its corporate representative on all topics, which naturally includes the absence of information that witness could have provided in response to Plaintiff's questions at the corporate representative deposition. It would be fundamentally unfair if Carnival were permitted to surprise the Plaintiff at trial with facts or evidence it previously failed to disclose. *See Kartagener*, 380 F. Supp.3d at 1298 (citing *QBE Insurance Corporation v. Jorda Enterprises, Inc.*, 277 F.R.D. 676 (S.D. Fla. 2012)); *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. M.D. 2005) (stating that the non-responsive testimony given by the corporate representative deposition, such as "I don't know" or "we don't know" may be deemed binding on the corporation so as to prohibit it from offering contrary evidence at trial) (citing *Rainey v. Am. Forest and Paper Assoc.*, 26 F.Supp.2d 82, 94-95 (D.D.C. 1998)).

19. Carnival should be bound by all answers in the Corporate Representative's depositions, including those answers where Carnival claimed no knowledge.

**VI. MOTION IN LIMINE TO EXCLUDE THE TIME AND CIRCUMSTANCES UNDER WHICH PLAINTIFF HIRED AN ATTORNEY**

20. Evidence concerning the time period and circumstances under which, and when, Plaintiff first sought an attorney should be excluded. *See Worley v. Central Florida Young Men's*

*Christian Ass'n, Inc.,* 2017 WL 1366126 (Fla. 2017)*; see also Watson v. Builder Square,* 563 So.2d 721 (Fla. 4th DCA 1990); *Howard v. Palmer,* 123 So.3d 1171 (Fla. 4th DCA 2013); *Esparza v. Cloonan,* 2002 WL 34364149 (W.D. Tex. 2002). Defendants frequently pursue this line of questioning or argument to show or imply that the plaintiff had "litigation on the mind" soon after they were injured. These lines of questioning or argument by the defense are improper and prejudicial.

21.     The Preamble to the Rules of Professional Conduct discusses a lawyer's responsibilities, including the goal of encouraging people to seek legal advice. Moreover, the Comment to Rules of Professional Conduct, Rule 4-1.6, Confidentiality of Information, states that a lawyer's obligation to hold inviolate confidential information of the client not only facilitates the full development of facts essential to proper representation of the client, but also encourages people to seek early legal assistance so that he/she can quickly determine whether there has been a compensable injury and so that immediate steps can be taken to protect the client's rights under the law. *See Worley*, 2017 WL 1366126. In this case, while there is no direct communication to a lawyer at stake, the mere argument that the plaintiff's motives should be considered suspect simply because he sought early legal advice is contrary to the Rules' goal of encouraging people to seek early legal assistance.

22.     Additionally, the Court should preclude such questioning or argument because it is irrelevant. This is a completely collateral matter intended to shift jurors' attention away from the relevant facts in evidence and toward the jurors' possible misconceptions that Plaintiff is trying to "capitalize" on his injury rather than attempting to obtain proper compensation for a wrong done to him/her. It is an implied argument focused on public prejudices: that plaintiffs are feigning injuries in an attempt to win the verdict lottery and that frivolous lawsuits are rampant. It also

implies that everyone is "looking for someone to blame" for their injuries and that lawyers will help them find someone with a deep pocket. To the extent seeking early counsel does imply an improper motivation, its meager relevance is greatly outweighed by the danger of unfair prejudice (not only to the plaintiff, but to the legal system at large), confusion of issues, and misleading of the jury.

## VII.  MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY OF SECONDARY GAIN, SYMPTOM MAGNIFICATION, SOMATOFORM DISORDER AND MALINGERING

23.     The Plaintiff seeks to preclude Carnival from eliciting testimony from any expert regarding secondary gain, symptom magnification, somatoform disorder and malingering.  Experts **may not** comment on a plaintiff's "**credibility**, veracity, capacity for truthful testimony or whether the events described by [the plaintiff], in fact, transpired." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1302 (11th Cir. 2001) (emphasis added). "**Any** expert *may not* testimony to **bolster** or **attack witness credibility**." *Graham v. Noeuy*, 2016 WL 6467028, at *3 (W.D. Mo. Oct. 27, 2016) (emphasis added) (citing *Westcott v. Crinklaw*, 68 F.3d 1073, 1076-77 (8th Cir. 1994).  For example:

> In *Nichols v. American Nat'l Ins. Co.*, 154 F. 3d 875, 822-83 (8th Cir. 1998) a sexual harassment case, the Court of Appeals explained that **expert psychiatric testimony impugning the plaintiff's psychiatric credibility** and suggesting that **recall bias, a motivation of secondary gain and malingering had influenced her story were not a proper subject of expert testimony under FRE 702**. The expert should not have been permitted 'to answer the very question at the head of the jury's task – could [the plaintiff] be believed?' *Id.* **Such an opinion could 'create a serious danger of confusing or misleading the jury, … causing it to substitute the expert's credibility assessment for its own common-sense determination**.' *Id.*

*Graham v. Noeuy*, 2016 WL 6467028 at *3; *Kyles v. Celadon Trucking Services, Inc.*, 2017 WL 321630 at *2-3 (W.D. Mo. Sept. 28, 2017); *Rodriguez v. Wal-Mart Stores, Inc.*, 159 A. 3d 914 (N.J. Super. Ct. App. Div 2017).

24.     The Plaintiff also seeks to preclude any accusations or questioning as to financial incentivization, symptom magnification, somatoform disorder, and malingering which is wholly improper.  *See Acevedo v. NCL (Bahamas) Ltd.*, 317 F.Supp.3d 1188, 1196 (S.D. Fla. Oct. 12, 2017); *Pearson v Illinois Cent. Railroad*, 2008 WL 878202 at *1 (S.D. Ill. March 28, 2008). This type of implication, suggestion, argument, or testimony making these baseless suggestions is reversible error. *See, e.g., George v. Mann*, 622 So. 2d 151 (Fla. 3d DCA 1993); *Wasden v. Seaboard Coast Line Railroad Co.*, 474 So.2d 825 (Fla. 2dDCA 1985), rev. den. 484 So.2d 9 (Fla. 1986); *Moore v. Taylor Concrete & Supply Co., Inc.*, 553 So.2d 787 (Fla. 1ˢᵗ DCA 1989), *Blue Grass Shows, Inc. v. Collins*, 614 So.2d 626 (Fla. 1st DCA 1993); rev. den. 624 So.2d 264 (Fla. 1993); *Nelson v. Reliance Insurance Co.*, 368 So.2d 361 (Fla. 4th DCA 1978); *Riley v. Willis*, 585 So.2d 676 (Fla.1st DCA 1995). Questions, comments, statements or arguments as to symptom magnification and malingering are inadmissible. *See Prasol v. Cattron-Theimeg, Inc.*, 2011 WL 3897794, at *1 (E.D. Mich. Sept. 6, 2011). Evidence of symptom magnification or somatoform disorder, even from experts with the requisite expertise, are inadmissible as "[s]uch testimony far too easily invades the province of the jury or comments on the credibility of the plaintiff." *Kidd v. Wal-Mart Stores, Inc.*, 2009 WL 3805584 at *3 (E.D. Va. Nov. 12, 2009); *Wagoner v. Lewis Gale Medical Center, LLC*, 2016 WL 718162 at *5-6 (W.D. Va. Dec. 8, 2016). Evidence of secondary gain is unduly prejudicial to the plaintiff and outweighs any probative value. *See Spencer v. AJP Crestlinger, LLC*, 2015 WL 7769239 at *1 (S.D. Fla. Aug. 31, 2015).

13

## VIII. MOTION IN LIMINE TO PRECLUDE DEFENDANT AND ITS COUNSEL FROM IMPLYING OR CLAIMING THAT THE PLAINTIFF IS SUFFERING FROM "LAWSUIT PAIN" AND/OR IS A MALINGERER COMMITTING A FRAUD UPON THE COURT AND/OR ATTEMPTING TO CASH IN A LOTTERY TICKET

25.    It is anticipated that the Defendant may make reference to, or comment on, the Plaintiff's "lawsuit pain" or imply that the Plaintiff is malingering or exaggerating his symptoms as a result of his lawsuit. Any such reference, comment, or implication by Defendant or Defendant's counsel is improper. *See Murphy v. International Robotics Systems, Inc.*, 710 So. 2d 587 (Fla. 4th DCA 1998) (defense counsel's reference to plaintiff's attempt to "cash in a lottery ticket in this litigation" was improper); *George v. Mann*, 622 So. 2d 151 (Fla. 3d DCA 1993) (defense counsel's repeated references to bicyclist's "lawsuit pain" and implication that the plaintiff was perpetrating fraud on the court was reversible error and "fatally compromised [the plaintiffs'] basic right to a fair and legitimate trial") *CEC Entertainment, Inc. v. Zaldivar*, 2019 WL 1781300 (Fla. 3d DCA 2019)(improper for defense counsel to call plaintiff "magician" and "manipulator.")

WHEREFORE, the Plaintiff respectfully requests that this Court grant Plaintiff's Motion *in Limine* to exclude and/or preclude the following evidence and/or testimony:

a.   THE LACK OF PRIOR SIMILAR INCIDENTS

b.   CARNIVAL'S SALE AND SIGN STATEMENTS FOR THE PLAINTIFF AND PLAINTIFF'S WIFE AND TESTIMONY ABOUT CARNIVAL'S SALE AND SIGN STATEMENTS

c.   SURVEILLANCE MATERIALS

d.   REFERENCE TO DEFENDANT'S EXPERT AS "INDEPENDENT" OR THE EXAMINATION AS AN "IME" (***the Defendant agrees to this Motion in Limine***)

e.   CORPORATE REPRESENTATIVE FROM CHANGING TESTIMONY GIVEN AT DEPOSITION

f.   THE TIME AND CIRCUMSTANCES UNDER WHICH PLAINTIFF HIRED AN ATTORNEY

14

g. SECONDARY GAIN, SYMPTOM MAGNIFICATION, SOMATOFORM DISORDER AND MALINGERING

h. DEFENDANT AND ITS COUNSEL FROM IMPLYING OR CLAIMING THAT THE PLAINTIFF IS SUFFERING FROM "LAWSUIT PAIN" AND/OR IS A MALINGERER COMMITTING A FRAUD UPON THE COURT AND/OR ATTEMPTING TO CASH IN A LOTTERY TICKET

## REQUEST FOR HEARING PURSUANT TO LOCAL RULE 7.1(b)(2)

The Plaintiff requests oral argument in order to fully explore and explain the legal and factual issues including whatever arises. This will afford the Court a meaningful and a complete account of the matters for which this Court must decide. The Plaintiff requests a 30-min hearing.

By: *s/ Lisa C. Goodman*
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**LISA C. GOODMAN, ESQ**. (FBN118698)
lgoodman@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Counsel for the Plaintiff*

## LOCAL RULE 7.1 CERTIFICATE OF GOOD-FAITH CONFERENCE

Plaintiff has conferred with Carnival regarding the relief sought herein. Carnival opposes all of the Motions in Limine except for d) reference to defendant's expert as independent or the examination as an "IME".

By: *s/ Lisa C. Goodman*
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**LISA C. GOODMAN, ESQ**. (FBN118698)
lgoodman@hickeylawfirm.com

15

**HICKEY LAW FIRM, P.A.**
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on 23rd day of May 2025.  We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: _s/ *Lisa C. Goodman*_____
   Lisa C. Goodman, Esq. (FBN 118698)
   E: lgoodman@hickeylawfirm.com

17

<u>**SERVICE LIST**</u>

**CLAY CROCKETT v. CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE**

**CASE NO. 1:24-cv-21185-RAR**

| | |
|---|---|
| **John H. Hickey, Esq.** (FBN 305081)<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>**Lisa C. Goodman, Esq.** (FBN 118698)<br>lgoodman@hickeylawfirm.com<br>kporras@hickeylawfirm.com<br>**Hickey Law Firm, P.A.**<br>12150 S.W. 128th Court, Suite 225<br>Miami, FL 33186<br>Tel. (305) 371-8000<br>Fax: (305) 371-3542<br>*Counsel for Plaintiff* | **Michael J. Drahos, Esq.** (FBN: 1019357)<br>michael.drahos@gray-robinson.com,<br>lilia.parker@gray-robinson.com<br>**Ashley N. Genoese, Esq.** (FBN: 0617059)<br>ashley.genoese@gray-robinson.com<br>**Walter Cooper Jarnagin** (FBN: 117767)<br>Cooper.Jarnagin@gray-robinson.com<br>**Gray Robinson, P.A.**<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, FL 33401<br>Tel.: (561) 268-5727<br>Fax: (561) 268-5745<br>*Counsel for Defendant* |