UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-21185-RAR

AT LAW AND IN ADMIRALTY

CLAY CROCKETT,
     Plaintiff,
v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,
     Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM [DE 85]
IN SUPPORT OF ATTORNEY'S FEES AND COSTS
PURSUANT TO THE ORDER [DE 80] GRANTING
DEFENDANT'S MOTION TO STRIKE AND/OR PRECLUDE PLAINTIFF'S
UNTIMELY AND IMPROPERLY
DISCLOSED WITNESSES FROM TRIAL [DE 35]**

The Plaintiff, Clay Crockett by and through his undersigned counsel hereby files this response to the Defendant's Memorandum [DE 85] in Support of Attorney's Fees and Costs pursuant to the Order [DE 80] granting the Defendant's Motion to Strike [DE 35] and states as follows:

1.     **INTRODUCTION AND BACKGROUND.** Plaintiff respectfully requests that this Court re-consider [DE 80] and not sanction the Plaintiff twice by award of attorney fees and costs in addition to precluding Plaintiff's treating physicians from testifying as hybrid experts at trial. If this double sanction stands, Plaintiff seeks to reduce Defendant's attorney's fees from 23.8 hours to 5.8 hours for a total of $1,363.00 (5.8 hours x $235.00= $1,363.00) and to reduce the attorney's costs from $65.70 to $10.00, for the reasons stated herein.

2.     This case arises from an incident on board the *Carnival Vista* in which a heavy wooden riser board (kickplate) from one of the steps on the outdoor staircase that Carnival failed

1

to properly secure and fell directly on the Plaintiff's head on July 14, 2023. As a result of Carnival's negligence, the Plaintiff sustained a head laceration, a concussion, and a traumatic brain injury ("TBI") with the following symptoms: constant headaches, dizziness, nausea, vomiting, brain fog, confusion, memory loss, and sensitivity to lights and sounds.

3. **AWARDING ATTORNEY FEES AND COSTS _IN ADDITION TO_ STRIKING RULE 26 INITIAL DISCLOSURES AND RULE 26 HYBRID DISCLOSURES IS HARSH, EXTREME AND UNWARRANTED**. The Plaintiff is being sanctioned twice here. Other Courts that have granted motions to strike hybrid expert disclosures have **_not also_** awarded attorneys fees and costs in addition to the drastic remedy of striking a hybrid witness. See _Toa Trading LLC & Munshibari LLC v. Mullen Auto., Inc._, 2023 U.S. Dist. LEXIS 220383 (S.D. Fla. Nov. 27, 2023) (The Court granted plaintiff's Motion to Strike under Fed. R. Civ. P. 37 but did not award fees in addition.); See also _Chappell v. Carnival Corp._, 2023 U.S. Dist. LEXIS 67845, at *14 (S.D. Fla. Apr. 18, 2023) (The Court held that treating physicians "hybrid experts" Dr. Cahill and Dr. Florschutz "were permitted to testify at trial as Plaintiff's treating physicians and may offer testimony concerning Plaintiff's course of treatment for her injuries, observations made during her treatment, and her medical records. Dr. Cahill and Dr. Florschutz are precluded from offering expert opinions or testimony regarding the other areas identified in Plaintiff's Amended Disclosures, including the mechanics of Plaintiff's injury, causation, disability, permanency of injuries, prognosis, the reasonableness of past medical costs, and the need/cost of future medical care." However, notwithstanding the fact that the Court granted the defendant's Motion to Strike, the Court did **_not_** also award attorneys fees or costs.); See also  _Worley v. Carnival Corp._, No. 21-CIV-23501, 2023 U.S. Dist. LEXIS 14327 (S.D. Fla. Jan. 27, 2023), _report and recommendation adopted_, No. 21-23501-CIV, 2023 U.S. Dist. LEXIS 69460 (S.D. Fla. Apr. 20, 2023)) (The Court held that plaintiff will not be permitted to elicit opinion testimony from treating physicians "hybrid

2

experts" Dr. Lang, Dr. Apraku and Dr. Felmly. "Because striking a witness is a drastic remedy, the recommendation here is that they be permitted to testify as lay witnesses about their treatment and their observations about Plaintiff's condition and her course of treatment." Notwithstanding the fact that the Court granted the defendant's motion to strike, the Court did not also award attorneys fees and costs in addition.)  *See* also *Jones v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 188097,*3 (S.D. Fla. Apr. 4, 2013 (The Court held that treating physicians "hybrid experts" Drs. Valiente and Gebauer were precluded from offering testimony as hybrid experts but were permitted to testify as lay witness and were subject to being crossed examined  on their inability to tie the pain they were treating to the fall, or to discount the effect of other degenerative factors relevant to pain that may have nothing to do with the fall. Notwithstanding that, attorneys fees and costs were not awarded for the granting of the motion to strike.)  As such, the Plaintiff respectfully requests that this Court re-consider [DE 80] and not award of attorney fees in addition to the other sanctions already awarded.

4. **THERE WERE NUMEROUS ISSUES AND EVENTS BETWEEN MARCH 4, 2025 AND MARCH 27, 2025 THAT JUSTIFY THE MINOR DELAY IN AMENDING THE HYBRID EXPERT DISCLOSURES TO MAKE THE DISCLOSURE COMPLY WITH RULE 26**. Counsel for the Plaintiff is not making excuses for the minor delay in amending the Hybrid Expert Disclosures in this case. However, there were numerous issues and events in this case and in other cases that caused the minor delay in amending Plaintiff's Hybrid Expert Disclosures to make the disclosure comply with Rule 26.

   a. Plaintiff timely served his Hybrid Expert Disclosures on March 4, 2025. DE 35-2.

   b. Counsel for the Plaintiff was responding to in the weeks before and then filing responses to two major Motions for Summary Judgement on March 5, 2025 in another case *LAYREN D. RODRIGUEZ Individually and as Personal Representative of THE*

3

*ESTATE OF YUNIESKY ARMENTERO MORENO v. FLORIDA POWER AND LIGHT COMPANY, LEWIS TREE SERVICE, INC., and ACRT, INC*, IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA, CASE NO. 2022-022103 CA01. Counsel for the Plaintiff was also attending a Plaintiff's deposition on March 5, 2025 in another case against Carnival.

c. Counsel for the Plaintiff conducted the deposition of Carnival's Corporate Representative on Friday, March 7, 2025 in another case- *Vivian Ruiz Rondon v. Carnival Corporation,* Case No. 1:24-cv-20228-RKA (Filing number in that case: DE 72-1).

d. Counsel for the Plaintiff attended a plaintiff's deposition on March 11, 2025 in another case- *Carolyn Aryes v. Carnival Corporation*, CASE NO.: 1:24-cv-23123.

e. Counsel for the Plaintiff conducted the deposition of Carnival's Facility Maintenance Manager Carmine Palomba, in this case on March 12, 2025. Also on March 12, 2025, Counsel for Carnival requested a 7.1 conference regarding the Hybrid Expert Disclosures and proposed the conference occur on either March 17, 2025 or March 18, 2025. The 7.1 conference was held on March 17, 2025. See paragraph "i" below.

f. Mediation in this case was held on March 13, 2025. DE 16 and DE 23.

g. Counsel for the Plaintiff attended the updated deposition of the plaintiff on Friday, March 14, 2025 in another case- *Vivian Ruiz Rondon v. Carnival Corporation,* Case No. 1:24-cv-20228-RKA.

h. Counsel for the Plaintiff attended the deposition of an expert on Monday, March 17, 2025 in another case- *Vivian Ruiz Rondon v. Carnival Corporation,* Case No. 1:24-cv-20228-RKA.

i.  Also on March 17, 2025, a 7.1 conference in this case was held. There were many issues discussed during this 7.1 conference. See paragraph 9(a) below.

j.  Counsel for the Plaintiff attended a deposition of a plaintiff on March 18, 2025 in another case against Royal Caribbean.

k.  Counsel for the Plaintiff attended the deposition of Brittany Crockett on March 19, 2025. Carnival had also planned to take the deposition of John Whybrew on March 19, 2025. However, Mr. Whybrew's attorney objected, and the deposition did not go forward. See DE 35-6, pg. 1. Mr. Whybrew's deposition became a major issue which the Defendant noticed for hearing at one point seeking sanctions and then ultimately withdrew completely. See DE 24 compared to DE 27. There were numerous emails and phone calls about issues surrounding Mr. Whybrew's deposition.

l.  The Plaintiff also served "Hybrid Disclosure B" om March 19, 2025 (DE 35-3) and Plaintiff's "Updated Rule 26 Disclosure A" on March 19, 2025 (DE 35-4).

m.  Counsel for the Plaintiff emailed Counsel for the Defendant following up on the issues discussed during the March 17th 7.1 conference on March 20, 2025. See DE 35-6, pg. 3-4. Counsel for Carnival advised on March 20, 2025 that it was Carnival's position that the amended Hybrid Expert Disclosures were still deficient. See DE 35-6, pg. 2. Counsel for the Plaintiff inquired what the Defendant alleged was deficient. See DE 35-6, pg. 1.

n.  The Parties engaged in a 7. 1 conference in this case on Friday, March 21, 2025. There were numerous topics/issues discussed during this conference. See DE 35-6, pg. 1.

o.  Counsel for Plaintiff had mediation in another case against Royal Caribbean on Monday, March 24, 2025.

p.  Counsel for the Plaintiff had hearing on the two major Motions for Summary Judgement on March 26, 2025 in another case *LAYREN D. RODRIGUEZ Individually and as Personal Representative of THE ESTATE OF YUNIESKY ARMENTERO MORENO v. FLORIDA POWER AND LIGHT COMPANY, LEWIS TREE SERVICE, INC., and ACRT, INC*, IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA, CASE NO. 2022-022103 CA01. Counsel for the Plaintiff spent March 25, 2025 preparing for the hearing and March 26, 2025 attending the hearing.

q.  Also on March 26, 2025, Counsel for the Plaintiff had a 7.1 conference with Counsel for the Defendant in this case discussing multiple issues including the issues about the deposition of John Whybrew. See paragraph 9(e) below. The issues about the deposition of John Whybrew were distracting and consuming. The Parties ultimately resolved the issue amongst themselves as demonstrated by the fact that the Defendant withdrew the issue from its notice of hearing. See DE 24 compared to DE 27.

r.  The Plaintiff conducted the deposition of Carnival Pool and Deck Supervisor Wilcor Sta Ana in this case on March 27, 2025. See DE 54-1. The Plaintiff also amended and served his Hybrid Expert Disclosures on March 27, 2025 (DE 35-9). Carnival agreed that any alleged deficiencies have been cured by the current version of the Hybrid Expert Disclosures. See DE 35 pg. 8 ("It was not until March 27, 2025 wherein Plaintiff served "Hybrid Disclosure C" ***properly identifying*** the two (2) "actual" witnesses Plaintiff intended to use at trial.") (emphasis added).

5.  Counsel for the Plaintiff has worked diligently in this matter and took immediate actions to correct any deficiencies regarding the Hybrid Expert Disclosures anytime the Defendant brought deficiencies to the Plaintiff's attention. Any delay is substantially justified given the

6

numerous issues and events that were occurring during this period. The Plaintiff would not intentionally serve non-compliant Hybrid Expert Disclosures. Notwithstanding that, the Plaintiff is being sanctioned twice. Awarding monetary sanctions on top of precluding Plaintiff's treating physicians from testifying as hybrid experts are harsh and extreme sanctions.

6.      As such, the Plaintiff respectfully requests that this Court re-consider [DE 80] and not award of attorney fees in addition to the other sanctions already awarded.

7.      **LODESTAR.**  In order to determine a "lodestar amount of fees" to be awarded, courts multiply the reasonable hourly rate by the reasonable hours expended. The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). Once the lodestar is determined, the court must then consider whether an adjustment of the lodestar for the results obtained is appropriate. See *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 552, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). Hours that are "redundant, excessive, or otherwise unnecessary" are not to be included in the determination of hours reasonably expended. See *Perez v. Carey International, Inc.,* 373 Fed. Appx. 907, 910-11 (11th Cir. 2010).

8.      The Plaintiff does not challenge Counsel for Defendant's hourly rate of $235.00. However, the Plaintiff does challenge the hours billed. Counsel for the Defendant seeks attorneys fees of $5,569.00 (Sic- Counsel for the Defendant billed 23.8 hours x $235.00 = $5,593.00).  The Plaintiff seeks to have the hours reduced to 5.8 hours for a total of $1,363.00.

9.      **BILLING FOR THE 7.1 CONFERENCES**. The Defendant billed 3 hours for 7.1 conferences. See the entries highlighted in yellow on DE 85-1, attached hereto as **Exhibit 1**. The Defendant over billed for these conferences. Additionally, there were multiple topics discussed during these conferences. Therefore, while the Plaintiff disputes that the Defendant should be

entitled to attorney fees and costs, Counsel for the Defendant's billing of 3 hours should be reduced to .3 hours for the reasons stated below.

    a. **7.1 CONFERENCE ON 3-17-2025**. Counsel for the Defendant billed .8 hours for the 7.1 conference on 3-17-2025. DE 85-1. Pg. 5. However, the call only lasted for **26 minutes**. See screenshot from Counsel for the Plaintiff's call log of the call with Counsel for the Defendant attached hereto as **Exhibit 2**. This call should have been billed at .5, not .8. To the extent that the Defendant argues that the .3 which was over billed was for preparation time, there is a separate entry billed at .8 for the review and analysis of Plaintiff's Expert Witness and hybrid Witness disclosures to prepare for 7.1 conference. DE 85-1, pg. 5. Further, during the 7. 1 conference, there were **6 different subjects discussed**. See DE 35-5, pg. 3:

> **From:** Lisa Goodman
> **Sent:** Tuesday, March 18, 2025 3:27 PM
> **To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>; Katherine Porras <kporras@hickeylawfirm.com>
> **Cc:** Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Michael Drahos <Michael.Drahos@gray-robinson.com>
> **Subject:** Crockett v. Carnival
>
> Ashley:
>
> This email is to confirm our call yesterday (3-17-2025):
>
> 1. Plaintiff will Amend the Exhibit Disclosure Hybrid
> 2. The Defendant will get dates for the Joiner's deposition
> 3. The Defendant will confirm whether the search for documents included "screws" and whether the Firenze and Venezia were included as part of the Carnival Vista Class.
> 4. The Defendant will look into whether there are other outdoor staircases made of the same material as the subject staircase at the time of incident and in a similar design (spiral) on other Carnival ships outside of the Vista Class
> 5. The Defendant will look into Plaintiff's requests for documents regarding the changes made to the subject staircase during the dry dock.
> 6. The Defendant will produce the photos taken by its liability expert on board the ship, some of which were included in the expert's report.
>
> *Lisa C. Goodman. Esa.*

    b. As such, Counsel for Defendant's billing must be reduced to reflect not only the actual time the call was for but also to account for the fact that there were other issues discussed during the call.  In this block billing situation, the entire entry should be removed. If this entry is not removed in its entirety, then the Plaintiff proposes that this entry be reduced to .1.

c.  **7.1 CONFERENCE ON 3-21-2025.** Counsel for the Defendant billed .6 for the 7.1 conference on 3-21-2025. DE 85-1, pg. 6. Again, during this 7.1 conference there were **5 different subjects discussed**. See DE 35-6, pg. 1:

d.  In this block billing situation, the entire entry should be removed. If this entry is not removed in its entirety, then the Plaintiff proposes that this entry be reduced to .1.

e.  **7.1 CONFERENCE ON 3-26-2025.** This 7. 1 conference was about the deposition of John Whybrew, not about the disclosures or the Motion (DE 35). See email thread attached hereto as **Exhibit 3**, see pgs. 3, 2 and 1. Therefore, this entry should be removed entirely.

f.  Further, Counsel for the Defendant billed .6 for the 7.1 conference on 3-26-2025. DE 85-1, pg. 7. However, the call only lasted for **26 minutes**. See screenshot from Counsel for the Plaintiff's call log of the call with Counsel for the Defendant (the

9

phone number is Gray Robinson's main phone number- see service list below) attached hereto as **Exhibit 4**. This call should have been billed at .5, not .6. Given the fact that this 7.1 conference was not about the subject disclosures and the fact that the Defendant overbilled for this, this entry should be eliminated entirely.

g.  **7.1 CONFERENCE ON 3-28-2025**. This 7. 1 conference was not about the Rule 26 disclosures.  See email thread attached hereto as **Exhibit 5**, pgs. 7, 6, 5, 4, 3, 2, 1. There was no reason to discuss Plaintiff's Rule 26 disclosures during the 7.1 conference on 3-28-2025 given that Carnival agreed that any alleged deficiencies have been cured by the current version of the Hybrid Expert Disclosures. See DE 35 pg. 8 ("It was not until March 27, 2025 wherein Plaintiff served "Hybrid Disclosure C" ***properly identifying*** the two (2) "actual" witnesses Plaintiff intended to use at trial.") (emphasis added). Therefore, this entry should be removed entirely.

h.  Further, Counsel for the Defendant billed .8 hours for the 7.1 conference on 3-28-2025. DE 85-1. Pg. 7. However, the call only lasted for **20 minutes.** See screenshot from Counsel for the Plaintiff's call log of the call with Counsel for the Defendant attached hereto as **Exhibit 6**. This call should have been billed at .4, not .8. To the extent that the Defendant argues that the .4 which was over billed was for preparation time, there is a separate entry billed at .2 for the review and analysis of Plaintiff's Second Amended Hybrid Expert Disclosures. DE 85-1, pg. 7. Given the fact that this 7.1 conference was not about the subject disclosures and the fact that the Defendant overbilled for this, this entry should be eliminated entirely.

i.  **7.1 CONFERENCE ON 4-15-2025.** Counsel for the Defendant billed .2 hours for the 7.1 conference on 4-15-2025. DE 85-1. Pg. 13. However, the call only lasted **3 minutes.** Counsel for the Plaintiff's call log of the call with Counsel for the Defendant

10

attached hereto as **Exhibit 7**. Therefore, the call should have been billed at .1, not .2. Therefore, this entry must be reduced to .1.

**Topic: 7.1 Conferences (highlighted <mark>Yellow</mark> on Exhibit 1)**

| Date | Entry | Time | Reduction |
|------|-------|------|-----------|
| 3-17-2025 | Attended 7.1 discovery conference with Plaintiff's counsel regarding Plaintiff's insufficient expert disclosures and additional discovery disputes Plaintiff will raise | .8 | .7 → .1 |
| 3-21-2025 | Attended 7.1 discovery conference with Plaintiff's counsel. | .6 | .5 → .1 |
| 3-26-2025 | Attended 7.1 Discovery Conference with Plaintiff's counsel regarding upcoming discovery hearing | .5 | .5 → 0 |
| 3-28-2025 | Attended 7.1 discovery conference with Plaintiff's counsel to finalize discovery disputes | .8 | .8 → 0 |
| 4-15-2025 | Attended 7.1 conference with Plaintiff's counsel to comply with conferral requirement before filing pre-trial motions | .2 | .1 → .1 |
| | **Total:** | 3 | .3 |

10.     **BILLING FOR THE DISCOVERY HEARING HELD ON 4-1-2025.** This Court ordered that the Defendant was entitled to fees and costs associated in bringing the instant motion (DE 35) filed on April 15, 2025. See DE 80, pg. 16-17. Notwithstanding that, the Defendant included attorney's fees associated with the April 1st discovery hearing. See the entries highlighted in <mark>blue</mark> on Exhibit 1.  Billing associated with the April 1st hearing should not be included. This dispute was **not** heard at the April 1st hearing for the reasons explained in open Court. See DE 30, Footnote 1.  The Plaintiff should not be forced to pay attorney fees for billing created by Defendant failing to utilize the appropriate method to strike Plaintiff's disclosures. Further, there were other issues that were heard during the hearing. See DE 24; See DE 27; See DE 25; See DE 36; See DE 30; See DE 35-6, pg. 1; Ex. 3 & Ex. 5. These entries are also block billing entries. Counsel for Defendant's time on the issue relevant here cannot be determined. As such, the Plaintiff seeks to completely remove 8.6 hours for the billing for associated with the April 1st discovery hearing.

11

**Topic: Discovery Hearing on April 1, 2025 (highlighted in Blue on Exhibit 1)**

| Date | Entry | Time | Reduction |
|---|---|---|---|
| 3-21-2025 | Correspondence with Plaintiff's counsel regarding availability for discovery hearing | .1 | .1 → 0 |
| 3-21-2025 | Correspondence with Chambers for Magistrate Judge Lauren Louis, requesting hearing on discovery dispute | .1 | .1 → 0 |
| 3-21-2025 | Prepared Defendant's Notice of Discovery Hearing | .4 | .4 → 0 |
| 3-26-2025 | Review of communications with Plaintiff's counsel and Notice of Discovery Hearing to prepare for 7.1 Discovery Conference with Plaintiff's counsel regarding upcoming discovery hearing | .3 | .3 → 0 |
| 3-28-2025 | Correspondence with Plaintiff's counsel regarding additional 7.1 discovery disputes to be addressed at hearing | .1 | .1 → 0 |
| 3-28-2025 | Review and analysis of Plaintiff's Notice of Discovery hearing and Defendant's responses and supplemental responses to discovery to prepare for 7.1 conference with Plaintiff's counsel | .5 | .5 → 0 |
| 3-28-2025 | Prepared all source materials to be sent to Chambers of Magistrate Judge Louis for review prior to hearing. (168 total pages) | 1.2 | 1.2 → 0 |
| 3-28-2025 | Prepared and filed Amended Notice of Discovery Hearing | .3 | .3 → 0 |
| 3-28-2025 | Prepared proposed order on Defendant's discovery disputes to provide to the Court | .3 | .3 → 0 |
| 3-31-2025 | Continued preparing argument for discovery hearing tomorrow as to Plaintiff's insufficient expert disclosures and defenses to Plaintiff's arguments for Defendant to produce more materials. | 1.4 | 1.4 → 0 |
| 3-31-2025 | Review and analysis of all of Plaintiff's Updated and Second Updated Rule 26 Disclosures, to prepare for discovery hearing tomorrow. (61 total pages) | .7 | .7 → 0 |
| 3-31-2025 | Review and analysis of all of Plaintiff's Hybrid Expert Witness Disclosures, amended and second amended Hybrid Expert Witness Disclosures, to prepare for discovery hearing tomorrow. (70 total pages) | .8 | .8 → 0 |
| 4-1-2025 | Attended Discovery Hearing before Magistrate Judge Lauren Louis. | 1.0 | 1.0 → 0 |
| 4-1-2025 | Prepared materials for hearing and additional arguments to be addressed at Discovery Hearing before Magistrate Judge Lauren Louis | 1.1 | 1.1 → 0 |
| 4-2-2025 | Initial review and analysis of Court's Order Following Discovery Hearing. (6 pages) | .3 | .3 → 0 |
| | **Total:** | 8.6 | 0 |

12

11. **<u>BILLING FOR EXPERT DISCLOSURES WHICH ARE NOT AT ISSUE</u>**

**<u>HERE</u>.** Plaintiff's Expert Disclosures are not at issue here. Notwithstanding that, Counsel for the Defendant included billing for: Review and analysis of **Plaintiff's Expert Witness** and Hybrid Witness Disclosures to prepare for 7.1 conference with Plaintiff's counsel on 3-17-2025 billed at .8 hours. DE 85-1, pg. 5; See the entry highlighted in <mark>pink</mark> on Exhibit 1. Because this entry is blocked billed, Plaintiff cannot differentiate what time was spent on the hybrid Expert Disclosures versus the Expert Disclosures. Therefore, this billing entry for .8 should be excluded entirely.

**<u>Topic: Review of Plaintiff's Expert Witness (highlighted <mark>pink</mark> on Exhibit 1)</u>**

| Date | Entry | Time | Reduction |
|---|---|---|---|
| 3-17-2025 | Review and analysis of Plaintiff's Expert Witness and Hybrid Witness Disclosures to prepare for 7.1 conference with Plaintiff's counsel (48 total pages) | .8 | .8 → 0 |
| | **Total:** | .8 | 0 |

12. **<u>BILLING FOR REVIEWING THE RULE 26 DISCLOSURES AND THE</u>**

**<u>HYBRID EXPERT DISCLOSURES.</u>** Counsel for the Defendant billed .6 hours for the review and analysis of Plaintiff's Second Amended Hybrid Expert Disclosures on 3-27-2025 (.2 see DE 85-1, pg. 7) and for the initial review and analysis of Plaintiff's Updated rule 26 disclosures on 4-2-2025 (.4 see DE 85-1, pg. 12). See entries highlighted in <mark>red</mark> on Exhibit 1. These entries are cumulative and duplicative. This billing should be reduced by 50% to account for the fact that reviewing these documents are covered by other entries.  While the Plaintiff disputes that the Defendant is entitled to Attorney fees, the billing for these entries should be reduced  to .3 hours.

**<u>Topic: Review and analysis of Rule 26 disclosures (highlighted <mark>red</mark> on Exhibit 1)</u>**

| Date | Entry | Time | Reduction |
|---|---|---|---|
| 3-27-2025 | Review and analysis of Plaintiff's Second Amended Hybrid Expert Disclosures | .2 | .1 → .1 |
| 4-2-2025 | Initial review and analysis of Plaintiff's Updated rule 26 disclosures (52 pages). | .4 | .2 → .2 |
| | **Total:** | .6 | .3 |

13.      **<u>BILLING  FOR  MOTION,  REPLY,  AND  HEARING.</u>**   Counsel  for  the Defendant billed 10.7 hours for the Motion, Reply and Hearing. See the entries highlighted in <mark>green</mark> on Exhibit 1.  While the Plaintiff disputes that the Defendant is entitled to Attorney fees, the billing for these entries should be reduced to 5.1 hours for the reasons stated below.

a. **THE MOTION.**  Counsel for the Defendant billed .9 hours on 4-15-2025 for the Motion. DE 85-1, pg. 13. While the Plaintiff disputes that the Defendant is entitled to Attorney fees, the Plaintiff does not object to the time billed for this entry.

b. **THE REPLY.** Counsel for the Defendant over billed for the Reply. The Reply is 7 pages. See DE 66. Notwithstanding that, Counsel for the Defendant billed a total of 6.6 hours. The billing for the Reply should be reduced to 2 hours.

   i. Counsel for the Defendant billed for: Review and analysis of Plaintiff's Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly disclosed experts to prepare Reply Motion on 5-19-2025 billed at .6 hours. DE 85-1, pg. 19. This entry should be reduced at least by 50% given that there has been over billing and given that this entry could be duplicative and encompassed within Counsel for the Defendant's billing of drafting the Reply. Therefore, this entry should be .3 hours.

   ii. Counsel for the Defendant also billed for: Prepared Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial on 5-20-2025 at 2.70 hours. DE 85-1, pg. 19. Billing 2.7 hours (not including time for research) is unreasonable and excessive for a 7 page reply. Therefore, this entry should also be reduced by at

14

least 50% and given the fact that there has been other over billing. Therefore, this entry should be reduced to 1.3 hours.

iii. The Defendant did not include any arguments about the Rule 26 Disclosures in its Reply. See DE 66. Notwithstanding that, Counsel for the Defendant billed for: Review and analysis of all of Plaintiff's Hybrid Expert Disclosures *and* **Rule 26 Disclosures** (190 total pages) to prepare Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial on 5-20-2025 billed at 1.10 hours. DE 85-1, pg. 20. Because this entry is blocked billed, Plaintiff cannot differentiate what time was spent on the hybrid Expert Disclosures versus the Rule 26 Disclosures. Therefore, this entire entry should be excluded entirely.

iv. There are separate entries for research, which Counsel for the Defendant also over billed for. The Defendant's Reply about "harm" (DE 66 pg. 4-6) consisted of copying and pasting language from *Simmons v. Ford Motor Co.,* 2021 WL 6062633, at *2 (S.D. Fla. Dec. 22, 2021) which the Defendant relied on in DE 35. The Defendant then distinguished *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276 (S.D. Fla. 2021). Notwithstanding that, Counsel for the Defendant billed for: Review and consideration of case law referenced in Plaintiff's Response, to differentiate cases and incorporate within and continue preparing Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial on 5-20-2025 billed at .7. DE 85-1, pg. 20. Counsel for the Defendant also billed for: Review and consideration of case law regarding standard for addressing factors of harm as a result of untimely expert disclosures, to incorporate reference within and continue

preparing Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial on 5-20-2025 billed at .8. DE 85-1, pg. 20. Billing 1.5 hours for this research is unreasonable, excessive, and unnecessary. Therefore, these two entries should be excluded.

    v.    Counsel for the Defendant also billed for: Review and consideration of case law supporting argument that medical records are not sufficient disclosures of experts, to incorporate reference within and continue preparing Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial on 5-20-2025 billed at .7. DE 85-1, pg. 20. This entry for research should also be reduced by at least 50%. Therefore, this entry should be reduced to .3 hours.

c.  **PREPARING FOR THE HEARING**. The day after filing the Reply, the Defendant billed 1.7 hours for preparing for the hearing on May 22, 2025. Counsel for the Defendant billed for: Case meeting with M. Drahos to discuss strategy at upcoming hearing on defendant's motion to strike plaintiffs hybrid experts on 5-21-2025 billed at .6. DE 85-1, pg. 20. Counsel for the Defendant also billed for: Prepared additional arguments and review of pleadings to prepare for hearing on defendant's motion to strike plaintiffs hybrid experts on 5-21-2025 billed at 1.10. DE 85-1, pg. 20. Billing an additional 1.7 hours after billing 6 hours in the two days immediately before is unreasonable, excessive, and unnecessary. These entries should be reduced to .8 hours.

d.  **THE HEARING.**  Counsel for the Defendant billed 1.5 hours for the hearing.  While the Plaintiff disputes that the Defendant is entitled to Attorney fees, the Plaintiff does not object to the time billed for this entry.

**Topic: Motion, Reply, and Hearing (highlighted in <mark>green</mark> on Exhibit 1)**

| Date | Entry | Time | Reduction |
|---|---|---|---|
| 4-15-2025 | Continued preparing, finalizing, and filing of Defendant's Motion to Strike and/or Preclude Plaintiff's Untimely and Improperly Disclosed Witnesses From Trial, and all exhibits. (221 total pages) | .9 | 0 → .9 |
| 5-19-2025 | Review and analysis of Plaintiff's Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly disclosed experts to prepare Reply Motion | .6 | .3 → .3 |
| 5-20-2025 | Prepared Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial. | 2.7 | 1.4 → 1.3 |
| 5-20-2025 | Review and analysis of all of Plaintiff's Hybrid Expert Disclosures and Rule 26 Disclosures (190 total pages) to prepare Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial. | 1.1 | 1.1 → 0 |
| 5-20-2025 | Review and consideration of case law referenced in Plaintiff's Response, to differentiate cases and incorporate within and continue preparing Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial. | .7 | .7 → 0 |
| 5-20-2025 | Review and consideration of case law supporting argument that medical records are not sufficient disclosures of experts, to incorporate reference within and continue preparing Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial. | .7 | .4 → .3 |
| 5-20-2025 | Review and consideration of case law regarding standard for addressing factors of harm as a result of untimely expert disclosures, to incorporate reference within and continue preparing Defendant's Reply to Response to Defendant's Motion to Strike and/or Preclude Untimely and Improperly Disclosed Witnesses from Trial | .8 | .8 → 0 |
| 5-21-2025 | Case meeting with M. Drahos to discuss strategy at upcoming hearing on defendant's motion to strike plaintiffs hybrid experts. | .6 | .3 → .3 |
| 5-21-2025 | Prepared additional arguments and review of pleadings to prepare for hearing on defendant's motion to strike plaintiffs hybrid experts | 1.10 | .6 → .5 |
| 5-22-2025 | Attended hearing on Defendant's Motion to Strike and/or Preclude Plaintiff's Untimely and Improperly Disclosed Witnesses from Trial, before Magistrate Judge Louis | 1.5 | 0 → 1.5 |
| | **Total:** | 10.7 | 5.1 |

17

14.     **BLOCK BILLING**. "'Block billing' occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, 2013 U.S. Dist. LEXIS 101556, at *4 (M.D. Ga. July 22, 2013). The practice of block billing is disfavored because it prevents the Court from accurately ascertaining the amount of time spent on each discrete task. *See Lil' Joe Wein Music, Inc. v. Jackson*, 2008 U.S. Dist. LEXIS 50276, at *11 (S.D. Fla. July 1, 2008) (noting that block billing "makes it difficult to establish whether the amount of time spent on any one task was reasonable"). There are numerous examples of Counsel for the Defendant block billing. See Paragraphs 9(a), 9 (b), 9 (c), 9 (d), 10, 11, 13(b)(iii) above. All of these block billing entries should be removed entirely.

15.     **REDUCING FEES AS MUCH AS 85 % IS WARRANTED.** Counsel for the Defendant over billed for telephone calls where there is an actual record of the time spent on the call. If Counsel for the Defendant over billed for work that could be easily verified, it is entirely likely that the other work that cannot be so easily verified is also overbilled. Given the tendency to over bill and the fact that there are numerous entries which are unreasonable, excessive, unnecessary and inappropriately included, a reduction from 23.8 hours to 5.8 hours is justified and warranted. See *Bivins v. Wrap It Up, Inc.,* 380 Fed. Appx. 888, 891 (11th Cir. 2010) (although "troublesome," district court did not abuse discretion by applying 85% reduction); *Asbun v. Resende*, 2016 U.S. Dist. LEXIS 132534, at *9 (S.D. Fla. Sept. 26, 2016), report and recommendation adopted,  2017 U.S. Dist. LEXIS 1960 (S.D. Fla. Jan. 3, 2017) (finding a 50% reduction appropriate because the hours billed "were, in numerous circumstances, unreasonable, excessive, and unnecessary"); *Maciejczyk v. You Fit, Inc*., 2014 U.S. Dist. LEXIS 17763, at *n.6 (M.D. Fla. Feb. 12, 2014) ("While I adopt the Magistrate Judge's recommendation of a 50%

18

reduction, considering the lack of billing judgment demonstrated in this case, a more substantial reduction could be justified, in the range of 65% to 75%."); *Martinez v. Hernando County Sheriff's Office*, 579 Fed. Appx. 710, 715 (11th Cir. 2014) (an FLSA case, the court held that attorneys' fees properly were reduced by 75% based on limited results.)

16.     **COSTS.** Counsel for the Defendant asserts costs in the amount of $65.70 for parking at the Brightline train, taking the Brightline train from West Palm Beach to Miami on May 22, 2025, and then taking the Brightline train from Miami back to West Palm Beach on May 22, 2025.  As stated in Carnival's Cruise Ticket Contract, Carnival required the Plaintiff to file this lawsuit in the Southern District of Florida in Miami. Notwithstanding that, Carnival hired attorneys based in West Palm Beach, notwithstanding the fact that Gray Robinson also has a Miami, Florida office.  The Plaintiff should not be forced to pay for Carnival's Counsel taking the Brightline train from and to West Palm Beach. These costs should be eliminated entirely. If not, Plaintiff proposes reducing the costs to $10.00- what it would cost to park in the garage for the May 22nd hearing on.

17.     **RELIEF.** The Plaintiff respectfully requests that this Court re-consider [DE 80] and not award of attorney fees and costs but if attorneys fees and costs are still awarded, Plaintiff respectfully requests that the fees be reduced as follows:

- billing for the 7.1 conferences (highlighted yellow on Exhibit 1) should be reduced from 3 hours to .3 hours;
- billing for the discovery hearing held on 4-1-2025 (highlighted blue on Exhibit 1) for 8.6 hours should be removed entirely;
- billing for expert disclosures (highlighted pink on Exhibit 1) for .8 hours should be removed entirely;
- billing for reviewing Rule 26 Initial Disclosures and the Hybrid Expert Disclosures (highlighted red on Exhibit 1) should be reduced from .6 hours to .3 hours; and
- billing for the Motion, Reply and Hearing (highlighted green on Exhibit 1) should be reduced from 10.7 hours to 5.1 hours.

18.     Therefore, Plaintiff respectfully requests that this Court reduce Counsel for the Defendant's billing of 23.7 hours down to 5.8 [1] hours for a total of $1,363.00 (5.8 hours x $235.00= $1,363.00). Plaintiff also respectfully requests that if the costs are not eliminated entirely, that the costs be reduced to $10.00.

19.     **<u>CONFERRAL.</u>** Upon receipt of the Court's Order (DE 87) overruling the Objection (DE 83) and denying as moot the Motion to defer (DE 84), Counsel for the Plaintiff emailed Counsel for the Defendant with a proposed reduction on June 25, 2025. After not hearing back from Counsel for the Defendant, on June 27, 2025, Counsel for the Plaintiff sent a follow-up email. Counsel for the Defendant responded on June 27, 2025 advising that Carnival did not agree to the proposed reduction. Counsel for the Plaintiff then inquired whether Counsel for the Defendant had a counter proposal. Counsel for the Defendant has not responded.

WHEREFORE, the Plaintiff respectfully requests that this Court re-consider [DE 80] and not award of attorney fees and costs but if Attorney's fees and costs are still awarded, Plaintiff respectfully requests that the fees be reduced as follows:

- billing for the 7.1 conferences reduced to .3 hours;
- billing for the discovery hearing held on 4-1-2025 removed entirely;
- billing for expert disclosures removed entirely;
- billing for reviewing Rule 26 Initial Disclosures and the Hybrid Expert Disclosures reduced to .3 hours; and
- billing for the Motion, Reply and Hearing reduced to 5.1 hours.

Therefore, Plaintiff respectfully requests that this Court reduce Counsel for the Defendant's billing of 23.8 hours down to 5.8 hours for a total of $1,363.00. Plaintiff also respectfully requests that if the costs are not eliminated entirely, that the costs be reduced to $10.00.

---

[1] While the Plaintiff disputes that the Defendant is entitled to Attorney fees, the Plaintiff does not object to the time billed of .1 on March 12, 2025 (Exhibit 1, pg. 4).

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 2nd day of July, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By:   *s/  Lisa C. Goodman*
**LISA C. GOODMAN, ESQ**. (FBN118698)
lgoodman@hickeylawfirm.com

CLAY CROCKETT v. CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE

CASE NO. 1:24-cv-21185-RAR

**SERVICE LIST**

| | |
|---|---|
| **John H. Hickey, Esq. (FBN 305081)**<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>**Lisa C. Goodman, Esq. (FBN 118698)**<br>lgoodman@hickeylawfirm.com<br>kporras@hickeylawfirm.com<br>**Hickey Law Firm, P.A.**<br>12150 S.W. 128th Court, Suite 225<br>Miami, FL 33186<br>Tel. (305) 371-8000<br>Fax: (305) 371-3542<br>*Counsel for Plaintiff* | **Michael J. Drahos, Esq. (FBN: 1019357)**<br>michael.drahos@gray-robinson.com,<br>lilia.parker@gray-robinson.com<br>**Ashley Nicole Genoese, Esq. (FBN: 0617059)**<br>ashley.genoese@gray-robinson.com<br>**Gray Robinson, P.A.**<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, FL 33401<br>Tel.: (561) 268-5727<br>Fax: (561) 268-5745<br>*Counsel for Defendant* |

22