## Lisa Goodman

| | |
|---|---|
| **From:** | Ashley Genoese <Ashley.Genoese@gray-robinson.com> |
| **Sent:** | Friday, March 28, 2025 1:59 PM |
| **To:** | Lisa Goodman |
| **Cc:** | Katherine Porras; Michael Drahos; Cooper Jarnagin; Lilia R. Parker |
| **Subject:** | RE: Clay Crockett v. Carnival Corporation |

Sure, please call my cell number. I will have to jump off at 3pm for another meeting.

**T**   561.268.5727
**F**   561.268.5745

**Ashley Genoese**
Associate



GrayRobinson, P.A. · Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401



**From:** Lisa Goodman <lgoodman@hickeylawfirm.com>
**Sent:** Friday, March 28, 2025 1:48 PM
**To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Cc:** Katherine Porras <kporras@hickeylawfirm.com>; Michael Drahos <Michael.Drahos@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>
**Subject:** RE: Clay Crockett v. Carnival Corporation

**This message originated outside of GrayRobinson.**

I am still in a deposition. Can we move our call to 2:30pm?

## *Lisa C. Goodman, Esq.*

Partner/ Trial Lawyer



### *CORAL GABLES*

Douglas Entrance Office Parc
Executive Tower
804 South Douglas Road
Suite 373
Coral Gables, FL 33134

### *MIAMI*

Kendallwood Office Park
12150 S.W. 128th Court
Suite 225

Miami, FL 33186
E: lgoodman@hickeylawfirm.com
T: 305.371.8000
F: 305.371.3542
Toll Free: 1.800.215.7117
**Email** | **profile** | **website** | **map** | **vCard**
**Follow Us:** Facebook * Twitter * Maritime and Personal Injury Blog

---

**From:** Lisa Goodman
**Sent:** Friday, March 28, 2025 11:34 AM
**To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Cc:** Katherine Porras <kporras@hickeylawfirm.com>; Michael Drahos <Michael.Drahos@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>
**Subject:** RE: Clay Crockett v. Carnival Corporation

2pm.

Thanks.

# Lisa C. Goodman, Esq.
Partner/ Trial Lawyer



***CORAL GABLES***
Douglas Entrance Office Parc
Executive Tower
804 South Douglas Road
Suite 373
Coral Gables, FL 33134

***MIAMI***
Kendallwood Office Park
12150 S.W. 128th Court
Suite 225
Miami, FL 33186
E: lgoodman@hickeylawfirm.com
T: 305.371.8000
F: 305.371.3542
Toll Free: 1.800.215.7117
**Email** | **profile** | **website** | **map** | **vCard**
**Follow Us:** Facebook * Twitter * Maritime and Personal Injury Blog

---

**From:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Sent:** Friday, March 28, 2025 11:28 AM
**To:** Lisa Goodman <lgoodman@hickeylawfirm.com>
**Cc:** Katherine Porras <kporras@hickeylawfirm.com>; Michael Drahos <Michael.Drahos@gray-robinson.com>; Cooper

Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>
**Subject:** RE: Clay Crockett v. Carnival Corporation

Lisa, I responded to your email earlier today. I am available to discuss the finalization of discovery issues at either 1 or 2pm. Please advise.

Ashley

| | **T**  561.268.5727 |
| | **F**  561.268.5745 |

**Ashley Genoese**
Associate

GrayRobinson, P.A. ▪ Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401

**From:** Lisa Goodman <lgoodman@hickeylawfirm.com>
**Sent:** Friday, March 28, 2025 11:26 AM
**To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Cc:** Katherine Porras <kporras@hickeylawfirm.com>; Michael Drahos <Michael.Drahos@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>
**Subject:** RE: Clay Crockett v. Carnival Corporation

**This message originated outside of GrayRobinson.**

Ashley:

As you know, we need to submit material today to the Judge for our discovery hearing on Tuesday, April 1, 2025.

I will be amending the notice of hearing today.

I need to know if I need to amend the notice of hearing to include the discovery requested in the email below which was sent after the deposition of the Pool and Deck Supervisor on March 27, 2025 during which we the documents were discussed.

I also need to know if the Defendant is still pursuing sanctions for the John Whybrew deposition or if the Parties are both withdrawing their motions of sanctions regarding the Deposition of John Whybrew.

Regarding the scope of the vista class, we know have conflicting testimony from two Carnival crewmembers about whether the Venezia is part of the Vista Class. The Pool and Deck supervisor deposed yesterday was not on board the Firenze so that ship was not discussed with him. The Facilities Maintenance Manger testified that both the Venezia and the Firenze are part of the Vista Class. Is there a Carnival Document that identifies which ships are in which class?

Regarding the changes to the staircase during the January 2024 dry dock, it appears that the photos taken by Carnival's expert show that there is still a riser board. Given that, I can withdraw this issue.

Please let me know about the above as soon as possible.

Thanks.

## *Lisa C. Goodman, Esq.*
Partner/ Trial Lawyer



***CORAL GABLES***
Douglas Entrance Office Parc
Executive Tower
804 South Douglas Road
Suite 373
Coral Gables, FL 33134

***MIAMI***
Kendallwood Office Park
12150 S.W. 128th Court
Suite 225
Miami, FL 33186
E: lgoodman@hickeylawfirm.com
T: 305.371.8000
F: 305.371.3542
Toll Free: 1.800.215.7117
**Email** | **profile** | **website** | **map** | **vCard**
**Follow Us:** Facebook * Twitter * Maritime and Personal Injury Blog

**From:** Lisa Goodman
**Sent:** Thursday, March 27, 2025 5:20 PM
**To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Cc:** Katherine Porras <kporras@hickeylawfirm.com>; Michael Drahos <Michael.Drahos@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>
**Subject:** RE: Clay Crockett v. Carnival Corporation

Ashley:

The Plaintiff learned about responsive documents today (3-27-2025) during the Pool and Deck Supervisor deposition.

Based on what we learned today, I am requesting that the Defendant supplement its discovery responses and produce the documents which were discussed by the Pool and Deck Supervisor during his deposition.

As always, I am happy to have a call to discuss.

Given the fact that we already have a discovery hearing set, I need to know by tomorrow (3-28-2025) if I need to amend the notice to include the documents requested below.

Thank you.

## *Lisa C. Goodman, Esq.*
Partner/ Trial Lawyer



***CORAL GABLES***
Douglas Entrance Office Parc
Executive Tower
804 South Douglas Road
Suite 373
Coral Gables, FL 33134

***MIAMI***
Kendallwood Office Park
12150 S.W. 128th Court
Suite 225
Miami, FL 33186
E: lgoodman@hickeylawfirm.com
T: 305.371.8000
F: 305.371.3542
Toll Free: 1.800.215.7117
**Email | profile | website | map | vCard**
**Follow Us:** Facebook * Twitter * Maritime and Personal Injury Blog

---

**From:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Sent:** Thursday, March 27, 2025 4:57 PM
**To:** Lisa Goodman <lgoodman@hickeylawfirm.com>
**Cc:** Katherine Porras <kporras@hickeylawfirm.com>; Michael Drahos <Michael.Drahos@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>
**Subject:** RE: Clay Crockett v. Carnival Corporation

Lisa,

As to the below, Plaintiff's requests/issues below come far too removed in time from Defendant's discovery responses, the parties' multiple 7.1 conferences, and agreements made as to the scope of discovery. See Local Rule 26.1(g).

As to Defendant's response to Plaintiff's Second RFP No. 1 was served on December 23, 2024. Agreements were made at our 7.1 discovery conference, and you presented no issues as to this scope. Further, we served the supplemental responses on February 20, 2025 well over a month ago, and again you raised no issues. Of note, I believe this would be a non-issue. (See Def's Supplemental Response to Initial RFP No. 35 served 11/20/24.)

As to Defendant's response to RFP No. 13, you dropped any issue with this response per your email dated 11/8/24, wherein you cancelled a discovery hearing that initially included this request, with your direct quote from that email being: "The parties have resolved the issues regarding Plaintiff's discovery requests to the Defendant. Thanks." Again, the supplemental responses from those 7.1 agreements were served on 11/20/24.

As to Defendant's response to RFP No. 56, you can follow the above mentioned 7.1 chain and see that Plaintiff never raised any issue to any of Defendant's objections to RFP No. 56, at any time. Defendant maintains its objections to this request, served on 10/7/24, including that it stands as nothing more than an improper fishing expedition.

As to your informal discovery request for internal notes of the crewmember, based on a document produced in response to Initial RFP No. 35 on 10/7/24, Defendant maintains its objections and further notes that this is another one we came to agreement on during our 7.1 conference on 10/25/24.

We will otherwise review Plaintiff's supplemental Initial Disclosures and Second amended Expert Disclosures (Hybrid).

Regards,

Ashley


**Ashley Genoese**
Associate

T   561.268.5727
F   561.268.5745

GrayRobinson, P.A. · Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

**From:** Lisa Goodman <lgoodman@hickeylawfirm.com>
**Sent:** Thursday, March 27, 2025 2:21 PM
**To:** Michael Drahos <Michael.Drahos@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Ashley Genoese <Ashley.Genoese@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>

**Cc:** Katherine Porras <kporras@hickeylawfirm.com>
**Subject:** Clay Crockett v. Carnival Corporation

**This message originated outside of GrayRobinson.**

Ashley:

This email is a follow up after today's (3-27-2025) deposition of the Pool and Deck Supervisor. Please produce the documents requested below by March 31, 2025.

## Work Orders re: Anti-slip/skid Strips

The Pool and Deck Supervisor testified that if the anti-slip/skid strips needed to be replaced more often there would be a work order created by the pool and deck supervisor which would be sent to the maintenance team.

These work orders would be responsive to Plaintiff's Second RFP No. 1. See below. Please supplement Carnival's response indicating whether there are any work order for anti-slip/skid strips for the subject staircase during the time frame we previously agreed to.

> **DEFENDANT'S RESPONSES TO**
> **PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**
>
> 1.     Any and all documents demonstrating how often the anti-skid strips on the subject staircase were replaced in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19.
>
> **RESPONSE**: Objection. Defendant objects to this request as an improper fishing expedition, overly broad in time and scope, vague, ambiguous, not relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff's request for materials related to "anti-skid strips" on the subject staircase have no relevancy to any of Plaintiff's claims and can only be viewed as a fishing expedition. There are no allegations that Plaintiff was somehow damaged by the existence of anti-skid strips, as this is not a slip/trip and fall case. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").

## Emails re: varnishing the boards of the outdoor staircases

The Pool and Deck Supervisor testified during his deposition that he would receive an email from the maintenance department that the outdoor staircase would be varnished and that the staircases needed to be closed. The Pool and Deck supervisor testified that the boards of the staircase (the boards of the tread of the steps and the riser boards) would be unscrewed and removed and taken to be varnished. Once varnished the boards of the staircase  (the boards of the tread of the steps and the riser boards) would be put back and screwed onto the staircase.

These emails would be responsive to Plaintiff's RFP No. 13. See below. As well as RFP No. 35 and 38.  Please produce the emails from the maintenance department to the Housekeeping Department that the outdoor staircase was going to be varnished and thus needed to be closed.

13.  Any and all emails, texts, and/or other electronic communications (including those made over or using any shipboard communication system such as the one provided by Cisco Systems or any other provider for the same purpose) made at any time in the three (3) years before the subject incident, excluding March 13, 2020 through July 2021 when Carnival paused its operation due to COVID-19, by any shipboard medical personnel and/or officers and/or other crew in regard to any problems, complaints, maintenance, and/or safety of the staircase/area where subject incident happened. This request includes but is not limited to the electronic data and printouts of such communications. These communications include but are not limited to communications as follow:

(a) Shipboard medical personnel to each other;
(b) Shipboard medical personnel to the bridge or to officers of the ship;
(c) Shipboard medical personnel to the cruise line's land based physician(s) who is(are) on call for medical consultations;
(d) Captain or other officers of the ship to Coast Guard and other authorities about the incident or about rerouting or transportation off the ship as a result of the incident;
(e) Safety officer or other officer to shoreside headquarters about the incident;
(f) Safety officer, facilities personnel, deck department personnel, or others to the manufacturer, distributor, or installer of the flooring involved about the incident;
(g) Housekeeping personnel;
(h) Sound tech and audio tech;
(i) Guest Services.

## **Photos of the brush used to clean the step**
The Pool and Deck Supervisor testified during his deposition that a brush is used to clean the debris that collects in the corners of the steps of the outdoor staircase. This would be response to RFP No. 56. Please produce a photo of the brush the Pool and Deck Supervisor was testifying about.

## **The Notes from the work order**
The Notes from the work order is cut off in the document Carnival previously produced. Please produce the notes so that we can read the full description.



Thank you.

## *Lisa C. Goodman, Esq.*
Partner/ Trial Lawyer

8



***CORAL GABLES***
Douglas Entrance Office Parc
Executive Tower
804 South Douglas Road
Suite 373
Coral Gables, FL 33134

***MIAMI***
Kendallwood Office Park
12150 S.W. 128th Court
Suite 225
Miami, FL 33186
E: lgoodman@hickeylawfirm.com
T: 305.371.8000
F: 305.371.3542
Toll Free: 1.800.215.7117
**Email | profile | website | map | vCard**
**Follow Us:** Facebook * Twitter * Maritime and Personal Injury Blog

---

**From:** Lisa Goodman
**Sent:** Thursday, March 27, 2025 1:58 PM
**To:** michael.drahos@gray-robinson.com; cooper.jarnagin@gray-robinson.com; ashley.genoese@gray-robinson.com; lilia.parker@gray-robinson.com
**Cc:** Katherine Porras <kporras@hickeylawfirm.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT - 1:24-cv-21185-RAR | Clay Crockett v. Carnival Corporation

Ashley:

We have now served supplemental Initial Disclosures and Second amended Expert Disclosures (Hybrid).

Please review and let me know if the Defendant still takes issue with the documents and requires a hearing.

Thank you.

*Lisa C. Goodman, Esq.*
Partner/ Trial Lawyer



***CORAL GABLES***
Douglas Entrance Office Parc
Executive Tower
804 South Douglas Road
Suite 373
Coral Gables, FL 33134

***MIAMI***
Kendallwood Office Park
12150 S.W. 128th Court
Suite 225
Miami, FL 33186
E: lgoodman@hickeylawfirm.com
T: 305.371.8000
F: 305.371.3542
Toll Free: 1.800.215.7117
**Email | profile | website | map | vCard**
**Follow Us:** Facebook * Twitter * Maritime and Personal Injury Blog

---

**From:** Lisa Goodman
**Sent:** Thursday, March 27, 2025 1:57 PM
**To:** Katherine Porras <kporras@hickeylawfirm.com>; michael.drahos@gray-robinson.com; cooper.jarnagin@gray-robinson.com; ashley.genoese@gray-robinson.com; lilia.parker@gray-robinson.com
**Cc:** John Hickey <hickey@hickeylawfirm.com>; federalcourtfilings <federalcourtfilings@hickeylawfirm.com>
**Subject:** SERVICE OF COURT DOCUMENT - 1:24-cv-21185-RAR | Clay Crockett v. Carnival Corporation

| | |
|---|---|
| COURT | U.S. District Court, Southern District of Florida - Miami |
| CASE NO. | 1:24-cv-21185-RAR |
| CASE NAME | Clay Crockett v. Carnival Corporation |
| DOCUMENT(S) | (1) Second Amended Expert Disclosures Hybrid |
| SENDER | Lisa C. Goodman, Esq.<br>P: 305.371.8000<br>F: 305.371.3542 |

## *Lisa C. Goodman, Esq.*
Partner/ Trial Lawyer



**CORAL GABLES**
Douglas Entrance Office Parc
Executive Tower
804 South Douglas Road
Suite 373
Coral Gables, FL 33134

**MIAMI**
Kendallwood Office Park
12150 S.W. 128th Court
Suite 225
Miami, FL 33186
E: lgoodman@hickeylawfirm.com
T: 305.371.8000
F: 305.371.3542
Toll Free: 1.800.215.7117
**Email | profile | website | map | vCard**
**Follow Us:** Facebook * Twitter * Maritime and Personal Injury Blog