**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-21185-RAR**

CLAY CROCKETT,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
CLARIFICATION TO CONFIRM THAT DR. JOSE PIZARRO AND DR. JASON
SIEGEL CAN TESTIFY AT TRIAL AS FACT WITNESSES [DE 89]**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files its response in opposition to Plaintiff's Motion for Clarification to Confirm that Dr. Jose Pizarro and Dr. Jason Siegel Can Testify at Trial as Fact Witnesses [DE 89], and states as follows:

**I.**      **BRIEF PROCEDURAL BACKGROUND**

On May 22, 2025, this Court held a hearing on Defendant's Motion to Strike and/or Preclude Plaintiff's Untimely and Improperly Disclosed Witnesses from Trial [DE 35] addressing also Plaintiff's Response [DE 57], Defendant's Reply [DE 66], and the argument advanced by the parties. The Court ultimately granted Defendant's Motion to Strike, striking the new witnesses from trial and awarding Defendant reasonable attorney's fees and costs. [DE 80]. Shortly thereafter, Plaintiff filed an "Objection" to the Court's Order, seeking reconsideration of the ruling. [DE 83]. Subsequently, the Court overruled Plaintiff's objection, noting: "Indeed, it seems that what Plaintiff really wants is a *de novo* review of the Discovery Order, with the Objection rehashing arguments that Plaintiff previously advanced in his Response to the Motion to Strike,

1

[ECF No. 57], and that the Discovery Order considered and rejected." [DE 87]. Now again, Plaintiff files the subject Motion for Clarification, which is in actuality yet another attempt to rehash arguments previously advanced and expressly rejected by this Court. [DE 84]. As such, Defendant responds in opposition to Plaintiff's Motion to the extent Plaintiff continues to seek for Dr. Pizarro and Dr. Siegel to testify at trial, after expressly being stricken.

## II.       ARGUMENT IN OPPOSITION

### A. **Plaintiff Abandoned Proceeding Under the March 26, 2025 Disclosure Via Admission Made in Open Court, and Reconsideration of this Disclosure Should Be Denied**

Plaintiff clings to the misconception that the Court did not "specifically" strike Plaintiff's Updated Rule 26 Disclosure dated March 26, 2025 and *only* struck the March 19th and April 1st disclosures. [DE 89, ¶¶8, 9(a)]. This argument is not found in good faith and contrary to the admissions made by Plaintiff's counsel in open court. At the hearing on May 22, 2025, in attempting to navigate the Plaintiff's multiple disclosures, the Court expressly asked Plaintiff which of the three (3) supplemental Rule 26 Disclosures Plaintiff would be proceeding under. Plaintiff advised in open Court that he was proceeding under the last updated disclosure – April 1st. As such, the Court heard all argument and analysis **based upon Plaintiff's counsel's advisement that Plaintiff was abandoning his March 26, 2025 disclosure**, and proceeding under the amended supplemental April 1, 2025 disclosure. Notably, this is why the March 26, 2025 disclosure is not referenced in the Court's Order. [DE 80]. It is further undisputed that the March 26th disclosure is *identical* to the March 19th disclosure, aside from dropping a lost income and earning capacity claim (which is not at issue).[1] Again, this fact, combined with the decision by Plaintiff that it would be proceeding under the April 1st disclosure, is why the Court did not

---

[1] "On March 26th, Plaintiff disclosed a revised Rule 26 Disclosure (hereinafter 'Updated Rule 26 Disclosure B') that was identical to Updated Rule 26 Disclosure A, with the exception that it removed a purported lost income and earning capacity claim." [DE 35, ¶7].

reference it in its Order. [DE 80]. This was not mistakenly or intentionally left out of the Court's ruling – rather it became a moot non-issue by way of Plaintiff's own concession. <u>It is shocking and inexcusably misleading that Plaintiff's counsel now attempts to contradict her own statements made in open court, in an attempt to escape an unfavorable ruling</u>.

   B. <u>**Plaintiff's Motion Improperly Sets Forth Additional Arguments for Reconsideration of an Issue That Has Been Denied Multiple Times**</u>

A motion for clarification is a mechanism used to clarify the scope of the Court's prior order. *Charr v. King*, No. 21-CV-61654-WPD, 2023 WL 4763099, at *4 (S.D. Fla. July 5, 2023). By contrast, the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *MG Prods. of S. Fla., Inc. v. Hartman & Tyner, Inc.*, No. 18-60380-CIV, 2018 WL 4208226, at *1 (S.D. Fla. July 13, 2018). "A motion for reconsideration is not an opportunity to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it could have done it better the first time." *Kendall Crane Serv. v. Wellington Specialty Ins. Co.*, No. 09-22961-CIV, 2010 WL 11505824, at *2 (S.D. Fla. June 21, 2010); *N.A.S. v. MORADA-Haute Furniture Boutique, LLC*, No. 1:20-CV-24676, 2022 WL 17583629, at *2 (S.D. Fla. July 26, 2022) ("Indeed, Plaintiff's Motion essentially regurgitates the arguments contained in her prior Objections with little to no variation and no explanation as to why she should be permitted a second bite at the apple.  In short, Plaintiff merely seeks to relitigate matters adversely decided.").

Here, although entitled as a Motion for "Clarification," Plaintiff's Motion serves as yet another attempt to rehash arguments that have been expressly considered and denied, in hopes that this Court overturn the Discovery Order [DE 80] ***and*** the Order denying Reconsideration of the Discovery Order [DE 87]. The majority of Plaintiff's Motion is used to regurgitate prior arguments which have been adversely decided, as contained in paragraphs: 9(c-e), 12, 13, 14, 15(a-g), 16, 17,

3

18, 19, 20, 21, 22, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38(a-s), 39, 40, 41. [DE 89]. In fact, many of these paragraphs in Plaintiff's 23-page Motion set forth additional analysis of case law, authority, and argument, going well beyond merely seeking "clarification" of the Court's ruling.[2]

Notwithstanding, as to whether Dr. Pizarro and Dr. Siegel should be permitted to testify, Defendant believes the Order is quite clear:

> The question remaining, however, is whether Plaintiff adequately disclosed the witnesses under Rule 26(a)(2)(A), adequately supplemented his disclosures under Rule 26(e), or the failure to do so was substantially justified and harmless. **If not, then Plaintiff may not use these witnesses at all**.

[DE 80, pg. 14, emphasis added]. As explained in extensive detail, this Court found that Plaintiff did not adequately disclose the witnesses under Rule 26(a)(2)(A) [DE 80, pg. 14-15], did not adequately supplement his disclosures under Rule (e) [DE 80, pg. 15], and the failure to do so was not substantially justified and harmless [DE 80, pg. 16]. As such, the Court has found that Plaintiff "may not use these witnesses at all." [DE 80, pg. 14].

Plaintiff does not seek "clarification" of this Court's Order – Plaintiff seeks *reconsideration* of this Court's ruling by rehashing the same arguments, based on the same information, in hopes for a different result. The instant Motion serves as Plaintiff's *__fourth__* attempt to re-raise the same arguments as to why Dr. Pizarro and Dr. Siegel were timely and properly disclosed as hybrid expert witnesses and should not be stricken. [*See* DE 57, DE 83, DE 89, DE 92[3]]. Plaintiff here has unreasonably and vexatiously multiplied the proceedings to reassert his prior stricken witnesses, in bad faith. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230,

---

[2] Should this Court allow Plaintiff's request for reconsideration of arguments, Defendant requests the meaningful opportunity to fully brief and respond to each of Plaintiff's arguments.

[3] On the same day as the instant Motion, Plaintiff filed a separate Response to Defendant's Memorandum in Support of Attorney's Fees and Costs [DE 92], which similarly advances and attempts to reargue the same points denied in Court Orders DE 80, and DE 87.

1239 (11th Cir. 2007). Incredulously, as provided below, Plaintiff's Motion boldly proposes testimony Drs. Pizarro and Siegel should be able to provide opinion on, beyond the medical records, *and effectively attempts to set forth yet another supplemental "hybrid expert" disclosure*!

**C. <u>Plaintiff's Continued Efforts to Sneak in Dr. Pizarro and Dr. Siegel's Previously Stricken Testimony at Trial Should Not be Allowed</u>**

Plaintiff argues Drs. Pizarro and Siegel should be allowed to testify as records custodians, while also arguing that they should be allowed to testify as treating doctors. Defendant does not dispute that it does not seek to strike records custodians and entities, including Stand-Up MRI and Ethos Health. However, Defendant expressly opposes Plaintiff's position that *Drs. Pizarro and Siegel* can testify as records custodians and/or fact witnesses, providing opinions beyond their medical records. "[D]istinguishing between lay and expert testimony is an important one; arriving at an appropriate conclusion **<u>requires that trial courts be vigilant in ensuring that the reliability requirements set forth in Rule 702 not 'be evaded through the simple expedient of proffering an expert in lay witness clothing</u>**.' " *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011)(emphasis added); *Louissaint v. Miami-Dade Cnty.*, No. 21-24141-CIV, 2024 WL 3617458, at *9 (S.D. Fla. Aug. 1, 2024), *appeal dismissed,* No. 24-12501-CC, 2025 WL 464561 (11th Cir. Jan. 2, 2025)("To the extent Plaintiff sought to have Johnson testify based on his specialized knowledge about the MDPD's policies more generally, that is precisely the 'circumvent[ion]' of Rule 702 that Rule 701 was 'designed to prevent[.]' ").

As shown by Plaintiff's intentional gamesmanship and continued efforts to sneak in stricken expert testimony at trial through Drs. Pizarro and Siegel, Defendant is concerned that by allowing these specific individuals to testify, Plaintiff will attempt to elicit expert opinions from these witnesses at trial. Defendant's concern is not unfounded, as even in the subject Motion, Plaintiff *again* requests this Court to allow Drs. Pizarro and Siegel to testify beyond their medical

records. Specifically, Plaintiff argues in the instant Motion that Dr. Pizarro should be able to testify

as follows:

> "Dr. Pizarro as a treating neuroradiologist would be able to testify about what would typically be seen in imaging of alcohol-related brain damage versus other medical issues such as traumatic brain injury and what he observed here when reviewing the diagnostic imaging." [DE 89, ¶29].

> "Further a treating physician should be able to explain without it being 'expert opinion' how the DTI MRI and NeuroQuant Analysis are used to diagnose traumatic brain injuries and the significance of these tests." [DE 89, ¶35].

This Court's order already addressed, *nearly verbatim*, Plaintiff's argument and denied it for being

an improperly and untimely disclosed expert opinion beyond the medical records:

> "**Yet absent from Dr. Pizarro's report, but present in Plaintiff's final disclosure**, is the opinion that Plaintiff 'sustained a traumatic brain injury as a result of the subject incident,' or that the abnormal findings observed 'are not due to a history of depression and/or alcohol abuse.' (ECF No. 35-9 at 3). **Nor does the report include any opinion regarding** 'how the DTI MRI and NeuroQuant Analysis are used to diagnose traumatic brain injuries and the significance of those tests,' or a finding that the 'testing conducted…was reasonably and medically necessary,' as represented by the disclosure." [DE 80, pg. 11, emphasis added.]

Similarly, as to Dr. Siegel, Plaintiff argues that he should be able to testify as follows:

> "A treating physician, Dr. Siegel will testify per his records (DE 57-7) that the EEG testing was being performed 'due to injuries sustained on 7/14/23' (see History section) and that 'within a reasonable degree of medical certainty [the findings of the test] are consistent with symptoms of traumatic brain injury (TBI)'." [DE 89, ¶36].

Again, this Court's order already addressed, *nearly verbatim*, Plaintiff's argument and denied it

for the same reason as Dr. Pizarro:

> "**But Dr. Siegel's WAVi Electrencephalogram (EEG) Testing Report does not include an opinion that**, Plaintiff 'sustained a traumatic brain injury as a result of the subject incident on July 14, 2023'." [DE 80, pg. 12, emphasis added.]

Plaintiff's Motion does not seek to clarify scope of the Order – he seeks a different outcome to the

same arguments regurgitated in a different Motion. This deliberate and calculated effort of Plaintiff

to continuously challenge this Court's multiple rulings as to Drs. Pizarro and Siegel's testimony constitutes further violations of the Federal Rules of Civil Procedure, and yet another abuse of the discovery process. "Rule 26, which governs the discovery process, exists to 'promote fairness both in the discovery process and at trial' and 'for Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse." *See* DE 87, Ruiz, J. (internal citations omitted).

### D. **Plaintiff's Continued Efforts to Sneak in Dr. Pizarro and Dr. Siegel's Previously Stricken Testimony at Trial Should Not be Allowed**

Plaintiff otherwise argues that as authors of the medical records and thus records custodians, Dr. Pizarro and Dr. Siegel "must be allowed to testify." [DE 89, pg. 11]. This is inaccurate. "If the party offers the testimony of a records custodian to lay the foundation, it is not necessary that the testifying witness be the person who created the business records." *Jackson v. Household Fin. Corp. III*, 298 So. 3d 531, 535 (Fla. 2020); *see also* Charles W. Ehrhardt, *Florida Evidence* § 803.6, at 1109-10 (2019 ed.) (A witness must be able to "show that each of the foundation requirements is present," but "[i]t is not necessary to call the person who observed the matter recorded or actually made the entry.").

Notwithstanding, **Defendant hereby stipulates to the authenticity of the Stand-Up MRI of Miami and Ethos Health Specialists records, to moot altogether the issue of whether Drs. Pizarro and Siegel can testify as records custodians**.

### III.      CONCLUSION

Defendant finds this Court's Order clear as to striking Dr. Jose Pizarro and Dr. Jason Siegel as witnesses, in any capacity. [DE 80, pg. 14]. Further, as Defendant stipulates to the authenticity of the Stand-Up MRI of Miami and Ethos Health Specialists records, the issue of whether Drs. Pizarro and Siegel can testify as records custodians is moot altogether. As it is abundantly clear

7

that Plaintiff will seek to elicit previously stricken expert testimony from Dr. Pizarro and Dr. Siegel, if allowed to testify at trial, to the extent clarification is needed, this Court should clarify its prior order to confirm that Dr. Jose Pizarro and Dr. Jason Siegel have been stricken entirely as witnesses at trial.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully request that this Court deny Plaintiff's Motion for Clarification to the extent that Dr. Jose Pizarro and Dr. Jason Siegel are not permitted to testify at trial as witnesses in any capacity, and for any further relief this Court deems just and proper.

### Local Rule 7.1 Certification

I hereby certify counsel for the movant has conferred with Plaintiff's counsel via telephone conference on July 7, 2025, regarding the relief sought, and Plaintiff opposes Defendant's position.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
W. Cooper Jarnagin
Florida Bar No. 117767
cooper.jarnagin@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

*Attorneys for Defendant*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST
CASE NO. 1:24-cv-21185-RAR**

John H. Hickey, Esq.
Lisa C. Goodman, Esq.
Hickey Law Firm, P.A.
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel. (305) 371-8000
Fax: (305) 371-3542
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
lgoodman@hickeylawfirm.com
kporras@hickeylawfirm.com

*Attorneys for Plaintiff*